**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,<br><br>          Plaintiff,<br><br>   v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>          Defendants. | Civil. Action No. 11-CV-4948-LTS<br><br>DEMAND FOR JURY TRIAL |

**VERIZON'S ANSWER AND COUNTERCLAIMS**

Defendants Verizon Communications Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, and Verizon New York Inc. (collectively, "Verizon") through their undersigned counsel, responds to the allegations in the Complaint of Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust ("Plaintiff") as follows. Every allegation not expressly admitted is denied. In addition, to the extent any headings set forth in Plaintiff's Complaint constitute allegations, they are denied.

**NATURE OF THE SUIT**

1.      Verizon admits that Plaintiff purports to bring a civil action based upon and arising under the Patent Laws of the United States for the alleged infringement of United States Patent Nos. 6,370,571 ("the '571 Patent"), 7,225,275 ("the '275 Patent"), 7,529,856 ("the '856 Patent"), and 7,873,749 ("the '749 Patent") (collectively, the "Patents-in-Suit") but denies any infringement by Verizon.  Verizon admits that Exhibits 1, 2, 3, and 4 purport to be copies of the '571 Patent, the '275 Patent, the '856 Patent, and the '749 Patent, respectively, but denies that the Patents-in-Suit duly and legally issued.  Verizon lacks information sufficient to admit or deny the remaining allegations set forth in Paragraph 1, which are therefore denied.

2.      The Patents-in-Suit are documents which speak for themselves, and no response to Plaintiff's characterization of those documents is necessary.  Further answering, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, which are therefore denied.

3.      Verizon denies the allegations in Paragraph 3 to the extent they are directed at Verizon.   Verizon lacks information sufficient to admit or deny the remaining allegations set forth in Paragraph 3, which are not directed at Verizon.

## THE PARTIES

4.      Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, which are therefore denied.

5.      Verizon admits that Verizon Communications Inc. is a Delaware corporation with a principal place of business at 140 West Street, New York, New York 10007. Verizon denies the remaining allegations set forth in Paragraph 5.

6.      Verizon admits that Verizon Services Corp. is a Delaware corporation qualified to do business in the State of New York and that Verizon Services Corp. is a wholly

owned subsidiary of Verizon Communications Inc.  Verizon denies the remaining allegations set forth in Paragraph 6.

7.     Verizon admits that Verizon Corporate Resources Group LLC is a Delaware limited liability company qualified to do business in the State of New York and that Verizon Corporate Resources Group LLC is a wholly owned indirect subsidiary of Verizon Communications Inc.  Verizon denies the remaining allegations set forth in Paragraph 7.

8.     Verizon admits that Verizon Data Services LLC is a Delaware limited liability company qualified to do business in the State of New York and that Verizon Data Services LLC is a wholly owned indirect subsidiary of Verizon Communications Inc.  Verizon denies the remaining allegations set forth in Paragraph 8.

9.     Verizon admits that Verizon New York Inc. is a New York corporation with a principal place of business at 140 West Street, New York, New York 10007, and that Verizon New York Inc. is a wholly owned indirect subsidiary of Verizon Communications Inc. Verizon denies the remaining allegations set forth in Paragraph 9.

10.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 10, which are not directed at Verizon.

11.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 11, which are not directed at Verizon.

12.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 12, which are not directed at Verizon.

## JURISDICTION AND VENUE

13.     Verizon admits that Plaintiff purports to bring an action for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*,

including 35 U.S.C. § 271(a)-(c).  The remainder of Paragraph 13 contains legal conclusions to which no answer is required.

14.     Paragraph 14 contains legal conclusions to which no answer is required. Verizon further denies that it has committed any acts of patent infringement.

15.     Paragraph 15 contains legal conclusions to which no answer is required.

16.     Verizon admits that Verizon New York Inc. currently offers for sale and/or sells FiOS TV services to customers in New York State.  Verizon denies the remaining allegations set forth in Paragraph 16.

17.     Verizon admits that a "Verizon"-branded website lists 15 Verizon Retail Store locations in New York State, including locations in this judicial district, which may offer services or products relating to FiOS TV products and services.  Verizon denies the remaining allegations set forth in Paragraph 17.

18.     Verizon admits that one or more entities having "Verizon" in its name spent more than $1.4 billion in landline-based network enhancements and improvements in New York in 2010.  Verizon denies the remaining allegations set forth in Paragraph 18.

19.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 19, which are not directed at Verizon.

20.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 20, which are not directed at Verizon.

21.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 21, which are not directed at Verizon.

22.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 22, which are not directed at Verizon.

23.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 23, which are not directed at Verizon.

24.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 24, which are not directed at Verizon.

25.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 25, which are not directed at Verizon.

26.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 26, which are not directed at Verizon.

27.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 27, which are not directed at Verizon.

28.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 28, which are not directed at Verizon.

29.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 29, which are not directed at Verizon.

## **FACTUAL BACKGROUND**

30.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, which are therefore denied.

31.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, which are therefore denied.

32.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, which are therefore denied.

33.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, which are therefore denied.

34.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, which are therefore denied.

35.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, which are therefore denied.

36.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, which are therefore denied.

37.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, which are therefore denied.

38.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, which are therefore denied.

39.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, which are therefore denied.

40.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, which are therefore denied.

41.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, which are therefore denied.

42.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, which are therefore denied.

43.     Denied.

44.     Verizon denies the allegations in Paragraph 44 to the extent they are directed at Verizon.   Verizon lacks information sufficient to admit or deny the remaining allegations set forth in Paragraph 44, which are not directed at Verizon.

## COUNT I – INFRINGEMENT OF THE '571 PATENT BY VERIZON

45.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

46.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, which are therefore denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT II – INFRINGEMENT OF THE '275 PATENT BY VERIZON

52.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

53.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, which are therefore denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

## COUNT III – INFRINGEMENT OF THE '856 PATENT BY VERIZON

59.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

60.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, which are therefore denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

**COUNT IV – INFRINGEMENT OF THE '749 PATENT BY VERIZON**

66.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

67.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, which are therefore denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

**COUNT V – INFRINGEMENT OF THE '571 PATENT BY AT&T**

73.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

74.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, which are therefore denied.

75.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 75, which are not directed at Verizon.

76.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 76, which are not directed at Verizon.

77.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 77, which are not directed at Verizon.

78.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 78, which are not directed at Verizon.

79.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 79, which are not directed at Verizon.

## COUNT VI – INFRINGEMENT OF THE '275 PATENT BY AT&T

80.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

81.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, which are therefore denied.

82.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 82, which are not directed at Verizon.

83.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 83, which are not directed at Verizon.

84.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 84, which are not directed at Verizon.

85.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 85, which are not directed at Verizon.

86.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 86, which are not directed at Verizon.

## COUNT VII – INFRINGEMENT OF THE '856 PATENT BY AT&T

87.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

88.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, which are therefore denied.

89.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 89, which are not directed at Verizon.

90.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 90, which are not directed at Verizon.

91.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 91, which are not directed at Verizon.

92.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 92, which are not directed at Verizon.

93.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 93, which are not directed at Verizon.

## COUNT VIII – INFRINGEMENT OF THE '749 PATENT BY AT&T

94.     Verizon repeats its answers to each of the foregoing paragraphs as if fully set forth herein.

95.     Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95, which are therefore denied.

96.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 96, which are not directed at Verizon.

97.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 97, which are not directed at Verizon.

98.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 98, which are not directed at Verizon.

99.     Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 99, which are not directed at Verizon.

100.    Verizon lacks information sufficient to admit or deny the allegations set forth in Paragraph 100, which are not directed at Verizon.

## PRAYER FOR RELIEF

101.    Plaintiff's Prayer for Relief does not state any factual allegations, and thus no response is required.  To the extent a response is required, Verizon denies that Plaintiff is entitled to the relief sought against Verizon, and denies each and every allegation against Verizon contained therein.

## JURY DEMAND

102.    No response is required to Plaintiff's Jury Demand, which merely characterizes Plaintiff's request for a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Verizon, for its defenses, pleads:

## FIRST AFFIRMATIVE DEFENSE

**(OWNERSHIP OF THE PATENTS-IN-SUIT)**

Plaintiff has failed to provide adequate evidence of ownership of the Patents-in-Suit.

**SECOND AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

On information and belief, Plaintiff lacks standing to bring suit for the alleged infringement of the Patents-in-Suit.

**THIRD AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

The Complaint fails to state a claim for which relief can be granted against Verizon.

**FOURTH AFFIRMATIVE DEFENSE**

**(NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)**

Verizon has not directly infringed, either literally or under the doctrine of equivalents, and has not indirectly infringed, by contributing to infringement or inducing infringement of, any valid and enforceable claim of the Patents-in-Suit.

**FIFTH AFFIRMATIVE DEFENSE**

**(INVALIDITY OF THE PATENTS-IN-SUIT)**

The claims of the Patents-in-Suit are invalid and/or void for failure to comply with one or more requirements of Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

**SIXTH AFFIRMATIVE DEFENSE**

**(CLAIMS BARRED)**

Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

- 12 -

## SEVENTH AFFIRMATIVE DEFENSE

### (LIMITATION ON DAMAGES AND COSTS)

Plaintiff failed to provide adequate notice to Verizon of alleged infringement and thus is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.  Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## EIGHTH AFFIRMATIVE DEFENSE

### (PLAINTIFF CANNOT PROVE EXCEPTIONAL CASE)

Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Verizon pursuant to 35 U.S.C. § 285.

## NINTH AFFIRMATIVE DEFENSE

### (EQUITABLE DEFENSES)

Plaintiff's claims are barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (ADEQUATE REMEDY AT LAW)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (RESERVATION OF ADDITIONAL DEFENSES)

Verizon reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may become available in the future.

## VERIZON'S COUNTERCLAIMS

Counterclaimants Verizon Communications Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, and Verizon New York Inc. ("Verizon") through their undersigned counsel, hereby state their Counterclaims as follows.

## PARTIES

1.　　Counterclaimant Verizon Communications Inc. is a Delaware corporation with a place of business at 140 West Street, New York, New York 10007.

2.　　Counterclaimant Verizon Services Corp. is a Delaware corporation with a place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147.

3.　　Counterclaimant Verizon Corporate Resources Group LLC is a Delaware limited liability company with a place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

4.　　Counterclaimant Verizon Data Services LLC is a Delaware limited liability company with a place of business at 7701 E. Telecom Parkway, Mail Code B3E, Temple Terrace, FL 33637.

5.　　Counterclaimant Verizon New York Inc. is a New York corporation with a place of business at 140 West Street, New York, New York 10007.

6.　　On information and belief, and based upon its pleadings in this action, Plaintiff purports to be Trustee of a liquidating trust formed under the confirmed plan of reorganization for At Home Corporation and its affiliates in connection with its bankruptcy filing on September 28, 2001, Case No. 01-32495-TC, in the United States Bankruptcy Court for the Northern District of California, San Francisco Division.  Plaintiff also purports to be a partner

with Flemming Zulack Williamson Zauderer LLP, One Liberty Plaza, New York, New York 10006-1404.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      This Court has personal jurisdiction over Plaintiff at least because Plaintiff does business in this District.

9.      To the extent that venue is proper for Plaintiff's claims in this District pursuant to 28 U.S.C. § 1391, venue for these counterclaims is proper in this District as well.

10.     Plaintiff has sued Verizon for infringement of United States Patent Nos. 6,370,571 ("the '571 Patent"), 7,225,275 ("the '275 Patent"), 7,529,856 ("the '856 Patent"), and 7,873,749 ("the '749 Patent") (collectively, the "Patents-in-Suit").  Verizon denies infringement and denies that the Patents-in-Suit are valid.  There is therefore a substantial, actual, and continuing controversy between Plaintiff and Verizon as to the validity and infringement of the Patents-in-Suit.

## FIRST COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '571 PATENT)

11.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

12.     Verizon has not infringed and does not infringe any valid and/or enforceable claim of the '571 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

13.     Verizon is entitled to a declaratory judgment that it does not infringe the '571 Patent.

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '571 PATENT)

14.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

15.     Each and every claim of the '571 Patent is invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

16.     Verizon is entitled to a declaratory judgment that the '571 Patent is invalid.

## THIRD COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '275 PATENT)

17.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

18.     Verizon has not infringed and does not infringe any valid and/or enforceable claim of the '275 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

19.     Verizon is entitled to a declaratory judgment that it does not infringe the '275 Patent.

## FOURTH COUNTERCLAIM

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '275 PATENT)**

20.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

21.     Each and every claim of the '275 Patent is invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

22.     Verizon is entitled to a declaratory judgment that the '275 Patent is invalid.

## FIFTH COUNTERCLAIM

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '856 PATENT)**

23.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

24.     Verizon has not infringed and does not infringe any valid and/or enforceable claim of the '856 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

25.     Verizon is entitled to a declaratory judgment that it does not infringe the '856 Patent.

## SIXTH COUNTERCLAIM

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '856 PATENT)**

26.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

27.     Each and every claim of the '856 Patent is invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

28.     Verizon is entitled to a declaratory judgment that the '856 Patent is invalid.

## SEVENTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '749 PATENT)

29.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

30.     Verizon has not infringed and does not infringe any valid and/or enforceable claim of the '749 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

31.     Verizon is entitled to a declaratory judgment that it does not infringe the '749 Patent.

## EIGHTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '749 PATENT)

32.     Verizon repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

33.     Each and every claim of the '749 Patent is invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

34.     Verizon is entitled to a declaratory judgment that the '749 Patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Verizon respectfully requests that this Court:

A.      Enter judgment against Plaintiff and dismiss the claims filed by Plaintiff against Verizon with prejudice;

B.      Determine and declare that the claims of the '571 Patent are not infringed by Verizon;

C.      Determine and declare that the claims of the '571 Patent are invalid;

D.      Determine and declare that the claims of the '275 Patent are not infringed by Verizon;

E.      Determine and declare that the claims of the '275 Patent are invalid;

F.      Determine and declare that the claims of the '856 Patent are not infringed by Verizon;

G.      Determine and declare that the claims of the '856 Patent are invalid;

H.      Determine and declare that the claims of the '749 Patent are not infringed by Verizon;

I.      Determine and declare that the claims of the '749 Patent are invalid;

J.      Award to Verizon its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

K.      Grant such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Counterclaimant Verizon hereby demands trial by jury in this action on all issues so triable.

- 19 -

Respectfully Submitted,

DATED: September 9, 2011

/s/ David B. Bassett
David B.Bassett (DB8727)
david.bassett@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800 (tel.)
(212) 230-8888 (fax)

William F. Lee (pro hac vice application to be
submitted)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6556 (tel.)
(617) 526-5000 (fax)

Christine E. Duh (pro hac vice application to
be submitted)
christine.duh@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000 (tel.)
(650) 858-6100 (fax)

Leonard Charles Suchyta (pro hac vice
application to be submitted)
leonard.suchyta@verizon.com
Caren K. Khoo (CK2972)
caren.khoo@verizon.com
VERIZON CORPORATE RESOURCES
   GROUP LLC
One Verizon Way
Basking Ridge, New Jersey 07920
(908) 559-5623 (tel.)
(908) 766-6974 (fax)

- 20 -

Attorneys for Defendants Verizon
Communications Inc., Verizon Services Corp.,
Verizon Corporate Resources Group LLC,
Verizon Data Services LLC, and Verizon New
York Inc.