# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Case No. 1:11-cv-04948 (LTS)<br><br>**DEFENDANTS AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |

## DEFENDANTS AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants AT&T Operations, Inc. and AT&T Services, Inc. (collectively, "the AT&T Defendants"), through their undersigned counsel, file this Answer, Defenses, Counterclaims, and Jury Demand ("Answer and Counterclaims") to the Complaint for Patent Infringement ("Complaint") of Plaintiff Richard A. Williamson ("Williamson") and state as follows:

## NATURE OF THE SUIT

1.     The AT&T Defendants admit that the Complaint purports to state an action for patent infringement arising under Title 35 of the United States Code.  The AT&T Defendants deny that United States Patent Nos. 6,370,571, 7,225,275, 7,529,856, and 7,873,749 were duly and legally issued.  The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 1 of the Complaint and therefore deny them.

2.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint and therefore deny them.

3.      The AT&T Defendants deny the allegations in this paragraph as they relate to AT&T Operations, Inc. and AT&T Services, Inc.  The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 3 of the Complaint.

## THE PARTIES

4.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint.

5.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint.

6.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint.

7.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint.

8.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint.

9.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint.

10.     Defendant AT&T Operations, Inc. admits that it is a Delaware corporation registered to do business in the State of New York.  Defendant AT&T Operations, Inc. admits that it is a wholly owned subsidiary of AT&T, Inc.  Defendant AT&T Services, Inc. is without

sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint. The AT&T Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11.     Defendant AT&T Services, Inc. admits that it is a Delaware corporation registered to do business in the State of New York. Defendant AT&T Services, Inc. admits that it is a partially owned subsidiary of AT&T Inc. Defendant AT&T Operations, Inc. is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint. The AT&T Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12.     The AT&T Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.     The AT&T Defendants admit that Plaintiff's present action purports to arise under the patent laws of the United States under 35 U.S.C. §§ 1 *et seq*., including § 271. The AT&T Defendants admit that this Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     AT&T Services, Inc. admits that it has conducted limited business in this judicial district. The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint as they relate to the other defendants. The AT&T Defendants deny the remaining allegations set forth in paragraph 14 of the Complaint.

15.     The AT&T Defendants deny the allegations set forth in paragraph 15 of the Complaint as they relate to the AT&T Defendants. The AT&T Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 15 of the Complaint.

16.     The AT&T Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore deny them.

17.     The AT&T Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore deny them.

18.     The AT&T Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore deny them.

19.     Defendant AT&T Operations, Inc. admits that it is registered to do business in the State of New York and that is subject to personal jurisdiction in this state.   Defendant AT&T Services, Inc. admits that it is registered to do business in the State of New York and that is subject to personal jurisdiction in this state.   The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 19 of the Complaint and therefore deny them.

20.     AT&T Operations, Inc. admits that it is a wholly owned subsidiary of AT&T Inc. AT&T Services, Inc. admits that it is a partially owned subsidiary of AT&T Inc.  The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint as they relate to other defendants and therefore deny them.  The AT&T Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     AT&T Operations, Inc. admits that it is a wholly owned subsidiary of AT&T Inc. AT&T Services, Inc. admits that it is a partially owned subsidiary of AT&T Inc.  The AT&T

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 of the Complaint and therefore deny them.

22.     The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and therefore deny them.

23.     The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore deny them.

24.     AT&T Services, Inc. admits that it is a partially owned subsidiary of AT&T Inc. AT&T Operations, Inc. admits that it is a wholly owned subsidiary of AT&T Inc.  The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 24 of the Complaint and therefore deny them.

25.     The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore deny them.

26.     The AT&T Defendants admit that Jim Cicconi is identified as a member of the AT&T Executive Leadership team and as Senior Executive Vice President-External and Legislative Affairs, AT&T Services, Inc. in AT&T's 2010 Annual Report.  The AT&T Defendants admit that John Stankey is identified as a member of the AT&T Executive Leadership team and as President and CEO, AT&T Operations, Inc. in AT&T's 2009 Annual Report.  The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 of the Complaint as they

relate to other defendants and therefore deny them.  The AT&T Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.      The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore deny them.

28.      The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and therefore deny them.

29.      The AT&T Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint and therefore deny them.

## FACTUAL BACKGROUND

30.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Complaint and therefore deny them.

31.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint and therefore deny them.

32.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 of the Complaint and therefore deny them.

33.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint and therefore deny them.

34.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint and therefore deny them.

35.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint and therefore deny them.

36.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint and therefore deny them.

37.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint and therefore deny them.

38.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint and therefore deny them.

39.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint and therefore deny them.

40.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint and therefore deny them.

41.     The AT&T Defendants admit that AT&T Corp. is not a defendant in this action. The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 41 of the Complaint and therefore deny them.

42.     The AT&T Defendants deny all allegations set forth in paragraph 42 as they relate to the AT&T Defendants.  The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 42 of the Complaint and therefore deny them.

43.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the Complaint and therefore deny them.

44.     The AT&T Defendants deny all allegations set forth in paragraph 44 of the Complaint as they relate to the AT&T Defendants.  The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 44 of the Complaint and therefore deny them.

## COUNT I - INFRINGEMENT OF THE '571 PATENT BY VERIZON

45.     The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

46.     The AT&T Defendants admit that, on its face, the '571 Patent states as its title "System and Method for Delivering High-Performance Online Multimedia Services" and that, on

its face, the '571 Patent lists an issuance date of April 9, 2002.  The AT&T Defendants deny that the '571 Patent was duly and legally issued.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 46 of the Complaint and therefore deny them.

47.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of the Complaint and therefore deny them.

48.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the Complaint and therefore deny them.

49.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the Complaint and therefore deny them.

50.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 50 of the Complaint and therefore deny them.

51.      The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Complaint and therefore deny them.

## COUNT II - INFRINGEMENT OF THE '275 PATENT BY VERIZON

52.      The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

53.     The AT&T Defendants admit that the '275 Patent, on its face, states as its title "System and Method for Delivering High-Performance Online Multimedia Services" and that on its face, the '275 Patent list an issuance date of May 29, 2007.  The AT&T Defendants deny that the '275 Patent was duly and legally issued.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 53 of the Complaint and therefore deny them.

54.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 of the Complaint and therefore deny them.

55.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the Complaint and therefore deny them.

56.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint and therefore deny them.

57.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of the Complaint and therefore deny them.

58.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of the Complaint and therefore deny them.

### COUNT III - INFRINGEMENT OF THE '856 PATENT BY VERIZON

59.     The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

60.     The AT&T Defendants admit that, on its face, the '856 Patent states as its title "Delivering Multimedia Services" and that, on its face, the '856 Patent lists an issuance date of May 5, 2009.  The AT&T Defendants deny that the '856 Patent was duly and legally issued.  The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 60 of the Complaint and therefore deny them.

61.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 of the Complaint and therefore deny them.

62.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62 of the Complaint and therefore deny them.

63.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 of the Complaint and therefore deny them.

64.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 of the Complaint and therefore deny them.

65.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 of the Complaint and therefore deny them.

## COUNT IV - INFRINGEMENT OF THE '749 PATENT BY VERIZON

66.     The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

67.     The AT&T Defendants admit that, on its face, the '749 Patent states as its title "Delivering Multimedia Services" and that, on its face, the '749 Patent lists an issuance date of January 18, 2011.  The AT&T Defendants deny that the '749 Patent was duly and legally issued. The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 67 of the Complaint and therefore deny them.

68.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 68 of the Complaint and therefore deny them.

69.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 of the Complaint and therefore deny them.

70.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 of the Complaint and therefore deny them.

71.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 of the Complaint and therefore deny them.

72.     The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 72 of the Complaint and therefore deny them.

### COUNT V - INFRINGEMENT OF THE '571 PATENT BY AT&T

73.     The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

74.     The AT&T Defendants admit that, on its face, the '571 Patent states as its title "System and Method for Delivering High-Performance Online Multimedia Services" and that, on its face, the '571 Patent lists an issuance date of April 9, 2002.  The AT&T Defendants deny that the '571 Patent was duly and legally issued.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 74 of the Complaint and therefore deny them.

75.     The AT&T Defendants deny the allegations set forth in paragraph 75 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 75 of the Complaint and therefore deny them.

76.     The AT&T Defendants deny the allegations set forth in paragraph 76 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 76 of the Complaint and therefore deny them.

77.     The AT&T Defendants deny the allegations set forth in paragraph 77 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 77 of the Complaint and therefore deny them.

78.     The AT&T Defendants deny the allegations set forth in paragraph 78 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 78 of the Complaint and therefore deny them.

79.     The AT&T Defendants deny the allegations set forth in paragraph 79 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 79 of the Complaint and therefore deny them.

## COUNT VI - INFRINGEMENT OF THE '275 PATENT BY AT&T

80.     The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

81.     The AT&T Defendants admit that, on its face, the '275 Patent states as its title "System and Method for Delivering High-Performance Online Multimedia Services" and that, on its face, the '275 Patent lists an issuance date of May 29, 2007.  The AT&T Defendants deny that the '275 Patent was duly and legally issued.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 81 of the Complaint and therefore deny them.

82.     The AT&T Defendants deny the allegations set forth in paragraph 82 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 82 of the Complaint and therefore deny them.

83.     The AT&T Defendants deny the allegations set forth in paragraph 83 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 83 of the Complaint and therefore deny them.

84.     The AT&T Defendants deny the allegations set forth in paragraph 84 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 84 of the Complaint and therefore deny them.

85.     The AT&T Defendants deny the allegations set forth in paragraph 85 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 85 of the Complaint and therefore deny them.

86.     The AT&T Defendants deny the allegations set forth in paragraph 86 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 86 of the Complaint and therefore deny them.

## COUNT VII - INFRINGEMENT OF THE '856 PATENT BY AT&T

87.     The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

88.     The AT&T Defendants admit that, on its face, the '856 Patent states as its title "Delivering Multimedia Services" and that, on its face, the '856 Patent lists an issuance date of May 5, 2009.  The AT&T Defendants deny that the '856 Patent was duly and legally issued.  The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations set forth in paragraph 88 of the Complaint and therefore deny them.

89.     The AT&T Defendants deny the allegations set forth in paragraph 89 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 89 of the Complaint and therefore deny them.

90.     The AT&T Defendants deny the allegations set forth in paragraph 90 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 90 of the Complaint and therefore deny them.

91.     The AT&T Defendants deny the allegations set forth in paragraph 91 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 91 of the Complaint and therefore deny them.

92.     The AT&T Defendants deny the allegations set forth in paragraph 92 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 92 of the Complaint and therefore deny them.

93.     The AT&T Defendants deny the allegations set forth in paragraph 93 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 93 of the Complaint and therefore deny them.

## COUNT VIII - INFRINGEMENT OF THE '749 PATENT BY AT&T

94.     The AT&T Defendants incorporate by reference each of the foregoing paragraphs of their Answer.

95.     The AT&T Defendants admit that, on its face, the '749 Patent states as its title "Delivering Multimedia Services" and that, on its face, the '749 Patent lists an issuance date of January 18, 2011.  The AT&T Defendants deny that the '749 Patent was duly and legally issued. The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 95 of the Complaint and therefore deny them.

96.     The AT&T Defendants deny the allegations set forth in paragraph 96 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 96 of the Complaint and therefore deny them.

97.     The AT&T Defendants deny the allegations set forth in paragraph 97 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 97 of the Complaint and therefore deny them.

98.     The AT&T Defendants deny the allegations set forth in paragraph 98 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 98 of the Complaint and therefore deny them.

99.     The AT&T Defendants deny the allegations set forth in paragraph 99 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 99 of the Complaint and therefore deny them.

100.    The AT&T Defendants deny the allegations set forth in paragraph 100 as they relate to the AT&T Defendants.   The AT&T Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 100 of the Complaint and therefore deny them.

## PRAYER FOR RELIEF

The AT&T Defendants deny the allegations contained in the Prayer for Relief to the extent they relate to the AT&T Defendants, and the AT&T Defendants further deny that Williamson is entitled to any relief whatsoever with regard to the AT&T Defendants, including any of the relief sought in paragraphs A-J of its Prayer For Relief against the AT&T Defendants. Williamson's prayer for relief with regard to the AT&T Defendants should therefore be denied in its entirety and with prejudice, and Williamson should take nothing. With respect to the other defendants, the AT&T Defendants lack knowledge or information sufficient to form a belief as to whether Williamson is entitled to the relief sought or any relief whatsoever, and on that basis deny the same.

## JURY DEMAND

The AT&T Defendants admit the Complaint sets forth a demand for a jury trial.

## AFFIRMATIVE DEFENSES

For its additional defenses to the Complaint, the AT&T Defendants allege as follows:

The AT&T Defendants repeat the responses to the allegations of paragraphs 1-100 of the Complaint as set forth above and incorporate them by reference.   The AT&T Defendants assert the following affirmative defenses listed below.   The AT&T Defendants reserve the right to add

additional defenses, including allegations of inequitable conduct, consistent with facts discovered in the case.

## FIRST DEFENSE

101.    The AT&T Defendants have not willfully or otherwise infringed, directly or indirectly, either literally or under the doctrine of equivalents, either individually or collectively any valid claim of the '571, '275, '856 or '749 Patents.

## SECOND DEFENSE

102.    One or more claims of the '571, '275, '856 and '749 Patents are invalid, *inter alia*, for failure to comply with Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE

103.    Williamson's infringement claims against the AT&T Defendants regarding the '571, '275, '856 and '749 Patents are barred and those patents are unenforceable against the AT&T Defendants under the doctrine of laches, waiver, estoppel, and/or acquiescence.

## FOURTH DEFENSE

104.    Williamson is prohibited from recovering damages for activities alleged to have occurred before Williamson complies with 35 U.S.C. § 287.

## FIFTH DEFENSE

105.    Williamson is prohibited from recovering damages for activities alleged to have occurred before Williamson provides actual notice of the patents in suit and the specific activities alleged to infringe.

## SIXTH DEFENSE

106.     Williamson is not entitled to injunctive relief because any injury to Williamson is not immediate or irreparable, and Williamson has an adequate remedy at law.

## SEVENTH DEFENSE

107.     Pursuant to 35 U.S.C. § 286, Williamson's claims are barred in whole or in part for all events occurring more than six years prior to the filing of this action.

## EIGHTH DEFENSE

108.     Williamson's request for relief is barred or otherwise limited by 35 U.S.C. § 288.

109.     The AT&T Defendants hereby reserve the right to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of this litigation.

WHEREFORE, having answered Williamson's Complaint and asserted their defenses, the AT&T Defendants pray for judgment against Williamson on Williamson's Complaint, as follows:

A.     That Williamson takes nothing by its claims for relief;

B.     That Williamson's claims for relief be dismissed with prejudice;

C.     That the Court enters judgment against Williamson and in favor of the AT&T Defendants in all respects;

D.     That the Court determine that this is an exceptional case under 35 U.S.C. § 285 and award attorneys' fees, costs, expenses, and prejudgment interest to the AT&T Defendants in this action; and

E.     For such other and further general or special relief as the Court deems just and equitable.

## COUNTERCLAIMS

For its counterclaims against Williamson, defendant and counterclaimant the AT&T Defendants allege as follows.

1.      The AT&T Defendants incorporate by reference all of the allegations of the preceding Answer and Counterclaims from paragraphs 1 to 100.

2.      This counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States set forth in Title 35 of the United States Code and in Title 37 of the Code of Federal Regulations.

3.      This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).  Venue is based on 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  This Court has personal jurisdiction over Williamson.  Williamson has consented to venue in this Court by bringing this action against the AT&T Defendants and thus venue for the AT&T Defendants' Counterclaims may be proper in this district, although a different venue may be more convenient to hear the dispute involving the AT&T Defendants.

4.      AT&T Operations, Inc. is a Delaware corporation with its headquarters in Dallas, Texas.  AT&T Services, Inc. is a Delaware corporation with its headquarters in Dallas, Texas.

5.      Upon information and belief, Richard A. Williamson is a trustee of a liquidating trust formed under a confirmed plan of reorganization for At Home Corporation and its affiliates ("At Home").

6.      By its Complaint, Williamson purports to assert a claim against the AT&T Defendants for infringement of United States Patent Nos. 6,370,571 ("the '571 Patent"), 7,225,275 ("the '275 Patent"), 7,529,856 ("the '856 Patent"), and 7,873,749 ("the '749 Patent").

7.      The AT&T Defendants have denied Williamson's claims of infringement of the '571, '275, '856 and '749 Patents.  The AT&T Defendants assert that the claims of the '571, '275, '856 and '749 Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and that the claims of the '571, '275, '856 and '749 Patents are unenforceable against the AT&T Defendants.  Accordingly, an actual justiciable case or controversy exists between Williamson and the AT&T Defendants.

**COUNT ONE:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 6,370,571**

8.      The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-7.

9.      By its Complaint, Williamson claims that At Home is the owner by assignment of all legal rights, title, and interests in the '571 Patent, including the right to enforce the '571 Patent.

10.      Williamson has asserted that the AT&T Defendants are infringing the '571 Patent and Williamson has identified a specific accused instrumentality and asserted claim.

11.      The AT&T Defendants seek and are entitled to a declaration that neither the identified instrumentality nor any other instrumentality of the AT&T Defendants directly infringes the asserted claims of the '571 Patent, and that the AT&T Defendants have not induced infringement of, and have not contributed to the infringement of the asserted claims of the '571 Patent.

**COUNT TWO:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 7,225,275**

12.     The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-11.

13.     By its Complaint, Williamson claims that At Home is the owner by assignment of all legal rights, title, and interests in the '275 Patent, including the right to enforce the '275 Patent.

14.     Williamson has asserted that the AT&T Defendants are infringing the '275 Patent and Williamson has identified a specific accused instrumentality and asserted claim.

15.     The AT&T Defendants seek and are entitled to a declaration that neither the identified instrumentality nor any other instrumentality of the AT&T Defendants directly infringes the asserted claims of the '275 Patent, and that the AT&T Defendants have not induced infringement of, and have not contributed to the infringement of the asserted claims of the '275 Patent.

**COUNT THREE:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 7,529,856**

16.     The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-15.

17.     By its Complaint, Williamson claims that At Home is the owner by assignment of all legal rights, title, and interests in the '856 Patent, including the right to enforce the '856 Patent.

18.     Williamson has asserted that the AT&T Defendants are infringing the '856 Patent and Williamson has identified a specific accused instrumentality and asserted claim.

19.     The AT&T Defendants seek and are entitled to a declaration that neither the identified instrumentality nor any other instrumentality of the AT&T Defendants directly infringes the asserted claims of the '856 Patent, and that the AT&T Defendants have not induced infringement of, and have not contributed to the infringement of the asserted claims of the '856 Patent.

**COUNT FOUR:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 7,873,749**

20.     The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-19.

21.     By its Complaint, Williamson claims that At Home is the owner by assignment of all legal rights, title, and interests in the '749 Patent, including the right to enforce the '749 Patent.

22.     Williamson has asserted that the AT&T Defendants are infringing the '749 Patent and Williamson has identified a specific accused instrumentality and asserted claim.

23.     The AT&T Defendants seek and are entitled to a declaration that neither the identified instrumentality nor any other instrumentality of the AT&T Defendants directly infringes the asserted claims of the '749 Patent, and that the AT&T Defendants have not induced infringement of, and have not contributed to the infringement of the asserted claims of the '749 Patent.

**COUNT FIVE:**
**DECLARATORY RELIEF REGARDING INVALIDITY OF**
**U.S. PATENT NO. 6,370,571**

24.     The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-23.

25.     The AT&T Defendants seek and are entitled to a declaration that the asserted claims of the '571 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

**COUNT SIX:**
**DECLARATORY RELIEF REGARDING INVALIDITY OF**
**U.S. PATENT NO. 7,225,275**

26.     The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-25.

27.     The AT&T Defendants seek and are entitled to a declaration that the asserted claims of the '275 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

**COUNT SEVEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY OF**
**U.S. PATENT NO. 7,529,856**

28.     The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-27.

29.     The AT&T Defendants seek and are entitled to a declaration that the asserted claims of the '856 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

**COUNT EIGHT:**
**DECLARATORY RELIEF REGARDING INVALIDITY OF**
**U.S. PATENT NO. 7,873,749**

30.     The AT&T Defendants restate and incorporate by reference each of the allegations of their Counterclaims paragraphs 1-29.

31.    The AT&T Defendants seek and are entitled to a declaration that the asserted claims of the '749 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## DEMAND FOR JURY TRIAL

The AT&T Defendants request a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and counterclaimed, the AT&T Defendants respectfully pray that this Court:

A.    Dismiss Williamson's Complaint with prejudice and order that Williamson take nothing from the AT&T Defendants;

B.    Enter judgment in the AT&T Defendants' favor on the AT&T Defendants' counterclaims;

C.    Adjudge, declare, and decree that the claims of the '571, '275, '856 and '749 Patents are not infringed by the AT&T Defendants;

D.    Adjudge, declare, and decree that the claims of the '571, '275, '856 and '749 Patents are invalid and unenforceable against the AT&T Defendants;

E.    Permanently enjoin Williamson and At Home, their successors, and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '571, '275, '856 and '749 Patents against the AT&T Defendants or any parent, affiliate, or subsidiary of the AT&T Defendants, or their respective officers, agents, employees, successors, and assigns;

F.    Award all costs of this case to the AT&T Defendants; and

G.    Find this case exceptional and award reasonable attorneys' fees, costs, expenses, and prejudgment interest to the AT&T Defendants pursuant to 35 U.S.C. § 285 or otherwise;

H.      Award to the AT&T Defendants any further general or special relief to which the

AT&T Defendants are entitled.


Dated: October 7, 2011                              Respectfully submitted,

                                                    BAKER BOTTS L.L.P.

                                         By:        /s/ Robert L. Maier
                                                    Robert L. Maier
                                                    30 Rockefeller Plaza
                                                    New York, New York 10112
                                                    Tele:  (212) 408-2538
                                                    Fax:   (212) 259-2538
                                                    robert.maier@bakerbotts.com

                                                    Bryant C. Boren, Jr.,
                                                    (Admitted *pro hac vice*)
                                                    Kevin E. Cadwell
                                                    (Admitted *pro hac vice*)
                                                    **BAKER BOTTS L.L.P.**
                                                    620 Hansen Way
                                                    Palo Alto, California 94304
                                                    Tele:  (650) 739-7501
                                                    Fax:   (650) 739-7601
                                                    kevin.cadwell@bakerbotts.com
                                                    bryant.c.boren@bakerbotts.com

                                                    Kurt M. Pankratz
                                                    (Admitted *pro hac vice*)
                                                    **BAKER BOTTS L.L.P.**
                                                    2001 Ross Avenue
                                                    Dallas, Texas 75201
                                                    Tele:  (214) 953-6500
                                                    Fax:   (214) 953-6503
                                                    kurt.pankratz@bakerbotts.com

                                                    *Attorneys for Defendants*
                                                    *AT&T Services, Inc., and AT&T*
                                                    *Operations, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of October 2011, a copy of the foregoing DEFENDANTS AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT was filed with the clerk of the court of the United States District Court for the Southern District of New York and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/ Robert L. Maier</u>
Robert L. Maier