UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Civil Action No. 1:11-cv-04948 (LTS)<br><br>**DEFENDANT AT&T INC.'s MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |

-i-

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | APPLICABLE LAW | 2 |
| | A. Sufficient Contacts with the Forum State Are Necessary for General or Specific Personal Jurisdiction. | 2 |
| IV. | ARGUMENT | 4 |
| | A. Williamson's Complaint Against AT&T Inc. Must Be Dismissed Because the Court Lacks Personal Jurisdiction Over It. | 4 |
| | 1. Specific jurisdiction over AT&T Inc. is not proper under New York's long arm statute or the Due Process clause of the 14th Amendment | 4 |
| | 2. General jurisdiction over AT&T Inc. is not proper under New York's long arm statute or the Due Process clause of the 14th Amendment. | 5 |
| V. | CONCLUSION | 6 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*3D Sys, Inc. v. Aarotech Labs., Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998) ............................................................................................3

*Autogenomics, Inc. v. Oxford Gene Technology Limited*,
    566 F.3d 1012 (Fed. Cir. 2009) ............................................................................................3

*Beacon Enters., Inc. v. Menzies*,
    715 F.2d 757 (2d Cir. 1983) .................................................................................................3

*Campbell Pet Company v. Miale*,
    542 F.3d 879 (Fed. Cir. 2008) ..............................................................................................3

*Graphic Controls Corp. v. Utah Medical Products*,
    149 F.3d 1382 (Fed. Cir. 1998) ....................................................................................2, 3, 4

*Heidle v. Prospect Reef Resort, Ltd.*,
    264 F. Supp. 2d 312 (W.D.N.Y. 2005) .................................................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) .............................................................................................................3

*Hildebrand v. Steck Mfg. Co.*,
    279 F.3d 1351 (Fed. Cir. 2002) ............................................................................................2

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .............................................................................................................3

*JW Oilfield Equip., LLC v. Commerzbank, AG*,
    764 F. Supp. 2d 587 (S.D.N.Y. 2011) ..................................................................................2

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
    918 F.2d 1039 (2d Cir. 1990) ...............................................................................................3

*LSI Industries Inc. v. Hubbell Lighting, Inc*.
    232 F.3d 1369 (Fed. Cir. 2000) ............................................................................................2

*NTP, Inc. v. Research In Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) ............................................................................................5

*Pieczenik v. Dyax Corp.*,
    265 F.3d 1329 (Fed. Cir. 2001) ........................................................................................2, 4

AT&T INC.'s MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS

Case No. 11-CV-4948

*Silent Drive, Inc. v. Strong Indus.*,
    326 F.3d 1194 (Fed. Cir. 2003)..................................................................................................2

*Simonson v. Int'l Bank*,
    14 N.Y.2d 281 (1964) ..............................................................................................................2

**STATUTES**

28 U.S.C. § 1404.............................................................................................................................1

N.Y. C.P.L.R. § 301........................................................................................................................2

N.Y. C.P.L.R. § 302(a)(1)...............................................................................................................3

**OTHER AUTHORITIES**

14th Amendment to the United States Constitution ...........................................................1, 2, 4, 5

Federal Rule of Civil Procedure 12(b)(2) ...................................................................................1, 4

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 28 U.S.C. § 1404, Defendant AT&T Inc. respectfully submits this memorandum of law in support of its motion to dismiss all claims against AT&T Inc. for lack of personal jurisdiction.

## I.   INTRODUCTION

Williamson's claims against AT&T Inc. must be dismissed under Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over AT&T Inc.  Personal jurisdiction cannot be found unless: (1) the Court has jurisdiction under New York's Long Arm Statute, and (2) exercising personal jurisdiction over AT&T Inc. is consistent with the Due Process clause of the 14th Amendment.  Here, both prongs of the test fail because the Court lacks either specific or general personal jurisdiction over AT&T Inc.  The activities on which Williamson relies to support jurisdiction do not give rise to specific personal jurisdiction because Williamson's cause of action is not related to any AT&T Inc. activity in New York.  The Court also lacks general personal jurisdiction over AT&T Inc. because AT&T Inc. lacks the continuous and systematic contacts with New York necessary to justify the exercise of personal jurisdiction.

## II.   FACTUAL BACKGROUND

On July 19, 2011, Williamson filed a complaint (the "Complaint") against Verizon Communications, Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, Verizon New York Inc. (collectively, the "Verizon Defendants"), AT&T Inc., AT&T Operations, Inc., and AT&T Services, Inc. in the Southern District of New York.  Williamson's Complaint includes allegations regarding United States Patent Numbers 6,370,571 ("the '571 patent"), 7,225,275 ("the '275 patent"), 7,529,856 ("the '856 patent"), and 7,873,749 ("the '749 patent") (collectively, the "patents-in-suit").

AT&T Inc. has no connections to New York at all.  AT&T Inc. is incorporated and organized in the State of Delaware, and its principal place of business is Dallas, Texas.  Decl. of Threlkeld at ¶ 2.  It has no presence in New York.  It does not maintain a place of business in New York, is not licensed to do business in New York, and does not own, lease, manage, or

maintain any real property in New York. *Id.* at ¶ 7. AT&T Inc. does not make, market, use or sell any goods or services in New York. *Id.* at ¶ 10. AT&T Inc. directs none of its activities toward residents of New York. *Id.* at ¶ 4, 6. AT&T Inc. conducts no business directly with the public in New York or anywhere else. *Id.* at ¶ 4, 6.

AT&T Inc. moves the Court to dismiss this action against AT&T Inc. for lack of personal jurisdiction.

### III.   APPLICABLE LAW

**A.   Sufficient Contacts with the Forum State Are Necessary for General or Specific Personal Jurisdiction.**

Federal Circuit law governs personal jurisdiction in patent infringement actions. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003); *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1353 (Fed. Cir. 2002). The plaintiff bears the burden of establishing with reasonable particularity that this court has personal jurisdiction over the defendant, once personal jurisdiction is challenged. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001). Under Federal Circuit law, a plaintiff can meet his burden of proving personal jurisdiction only if: (1) a forum state's long-arm statute permits service of process; and (2) the assertion of personal jurisdiction would not violate due process under 14th Amendment. *Pieczenik* at 1335; *Graphic Controls Corp. v. Utah Medical Products*, 149 F.3d 1382, 1385 (Fed. Cir. 1998). To meet the test under either prong, plaintiffs must show that a defendant is subject to either general jurisdiction or specific jurisdiction. *LSI Industries Inc. v. Hubbell Lighting, Inc.* 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises under New York's long arm statute § 301 when a corporation is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." *See* N.Y. C.P.L.R. § 301 (McKinney 2008); *JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 592 (S.D.N.Y. 2011) (citing *Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285 (1964)). To determine whether general jurisdiction arises, New York courts focus on factors such as "the existence of an office in New

York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *See Heidle v. Prospect Reef Resort, Ltd.*, 264 F. Supp. 2d 312, 314 (W.D.N.Y. 2005).

Similarly, general jurisdiction under the Due Process clause is proper only if the defendant has "continuous and systematic general business contacts" with the forum state. *Campbell Pet Company v. Miale*, 542 F.3d 879, 883 (Fed. Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Mere continuous activity within a state is not enough to support the demand that the corporation be amenable to suits unrelated to the cause of action. *Goodyear Dunlop Tires Operations, S. A., et al., v. Brown, et ux.*, 131 S.Ct. 2846, 2856 (2011) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). Instead, the affiliations with the forum state must be so "continuous and systematic" as to render the defendant essentially at home in the forum state. *Id*. at 2853-4. The burden the plaintiff must bear is "stringent" and requires a "higher threshold showing" than that required for specific jurisdiction. *See Id*. at 2852; *see also Metro. Life v. Robertson-Ceco Corp.*, et al., 84 F.3d 560, 568 (2d Cir. 1996).

Specific jurisdiction under § 302 of the New York long-arm statute arises when (1) the defendant transacted business in New York; and (2) the plaintiff's cause of action arises out of that business activity. *See* N.Y. C.P.L.R. § 302(a)(1) (McKinney 2008); *Graphic Controls* at 1386 (Fed. Cir. 1998); *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 763 (2d Cir. 1983).

Similarly, for specific jurisdiction to arise under the Due Process clause, a nonresident defendant must purposefully establish minimum contacts with the forum state, the cause of action must arise out of those contacts, and jurisdiction must be constitutionally reasonable. *See Autogenomics, Inc. v. Oxford Gene Technology Limited*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *3D Sys, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373 at 1378 (Fed. Cir. 1998).

AT&T INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS

Case No. 11-CV-4948

## IV.   ARGUMENT

**A.   Williamson's Complaint Against AT&T Inc. Must Be Dismissed Because the Court Lacks Personal Jurisdiction Over It.**

Williamson's complaint for patent infringement against AT&T Inc. should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  As discussed above, under Federal Circuit law, personal jurisdiction exists for an out-of-state defendant only if: (1) a forum state's long-arm statute permits service of process; and (2) the assertion of personal jurisdiction would not violate due process.  *Pieczenik* at 1335; *Graphic Controls* at 1385.  Williamson cannot meet its burden to show that either requirement is met for AT&T Inc.  Because the analysis under New York's long arm statute and the analysis for due process considerations are virtually identical,[1] AT&T Inc. discuss both prongs of the jurisdictional test together.

**1.   Specific jurisdiction over AT&T Inc. is not proper under New York's long arm statute or the Due Process clause of the 14th Amendment**

Any attempt to exercise jurisdiction over AT&T Inc. under a theory of specific jurisdiction must fail because Williamson cannot show that its cause of action arises out of any AT&T Inc. contacts with New York.  In the Complaint, Williamson alleges that AT&T Inc. directly and contributorily infringes, and induces others to infringe, the patents-in-suit by using, offering for sale, selling, and/or importing within the Southern District of New York the U-verse products and/or services.  Williamson's allegations are unsupportable.  As noted above, AT&T

---

[1] New York's long arm statute provides for *general* jurisdiction over a defendant if the defendant is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." N.Y. C.P.L.R. § 301 (McKinney 2008); *JW Oilfield Equip., LLC* at 592 (citing *Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285 (New York 1965).  This test is virtually identical to the *general* jurisdiction test under the Due Process clause of the 14th amendment, which requires the defendant to have "continuous and systematic general business contacts" with the forum.  Similarly, New York's long arm statute provides for *specific* jurisdiction if (1) the defendant transacted business in New York; and (2) the plaintiff's cause of action arises out of that business activity.  N.Y. C.P.L.R. § 302(a)(1) (McKinney 2008); *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998); *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 763 (2d Cir. 1983).  Again, this is virtually identical to the test under the Due Process clause of the 14th Amendment for specific jurisdiction, which exists when a nonresident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable.  *See Autogenomics* at 1017 (Fed. Cir. 2009); *3D Sys.* at 1378 (Fed. Cir. 1998).

AT&T INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS

Case No. 11-CV-4948

Inc. does not make, market, use, or sell any goods or services in New York state. Decl. of Threlkeld at ¶10. Indeed, AT&T Inc. has no presence in New York state whatsoever. *Id.* at ¶ 7. Consequently, even if AT&T Inc. infringes the patents-in-suit, which it does not, it does not infringe in this district or anywhere else in New York. *See NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005) ("The use of a claimed system under section 271(a) is the place at which the system as a whole is put into service, i.e., the place where control of the system is exercised and beneficial use of the system obtained."). Thus, AT&T Inc. cannot directly or contributorily infringe, or induce others to infringe, the patents-in-suit in New York. As a result, specific jurisdiction in the Southern District of New York does not exist over AT&T Inc.

### 2. General jurisdiction over AT&T Inc. is not proper under New York's long arm statute or the Due Process clause of the 14th Amendment.

General jurisdiction is also not proper over AT&T Inc. under either New York's long arm statute or the Due Process clause of the 14th Amendment. As discussed above, AT&T Inc. is incorporated and organized in the State of Delaware, and its principal place of business is Dallas, Texas. Decl. of Threlkeld at ¶ 2. AT&T Inc. has no presence in New York. It does not maintain a place of business in New York, is not licensed to do business in New York, and does not own, lease, manage, or maintain any real property in New York. *Id.* at ¶ 7. AT&T Inc. does not make, market, use or sell any goods or services in New York. *Id.* at ¶ 10. AT&T Inc. directs none of its activities toward residents of New York. *Id.* at ¶¶ 4, 6. AT&T Inc. has no employees in the state of New York. *Id.* at ¶ 6. AT&T Inc. conducts no business directly with the public in New York or anywhere else. *Id.* at ¶¶ 4, 6. AT&T Inc. is a holding company that has no employees, sales representatives, or distributors. *Id.* at ¶ 3-4, 6. Thus, AT&T Inc. is not engaged in a continuous and systematic course of doing business pursuant to New York's long arm statute and does not have "continuous and systematic general business contacts" sufficient to give rise to general personal jurisdiction under the Due Process clause of the 14th Amendment. As a result, AT&T Inc. is not subject to personal jurisdiction in New York courts.

-6-

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss the case against AT&T Inc. for lack of personal jurisdiction.

Respectfully submitted,

DATED: October 7, 2011      BAKER BOTTS L.L.P.


By: /s/ Robert L. Maier
 Robert L. Maier
 30 Rockefeller Plaza
 New York, New York 10112
 Tele: (212) 408-2538
 Fax: (212) 259-2538
 robert.maier@bakerbotts.com

 Bryant C. Boren, Jr.
 (Admitted *pro hac vice*)
 Kevin E. Cadwell
 (Admitted *pro hac vice*)
 **BAKER BOTTS L.L.P.**
 620 Hansen Way
 Palo Alto, California 94304
 Tele: (650) 739-7501
 Fax:(650)739-7601
 kevin.cadwell@bakerbotts.com
 bryant.c.boren@bakerbotts.com

 Kurt M. Pankratz
 (Admitted *pro hac vice*)
 **BAKER BOTTS L.L.P.**
 2001 Ross Avenue
 Dallas, Texas 75201
 Tele: (214) 953-6500
 Fax: (214) 953-6503
 kurt.pankratz@bakerbotts.com

 *Attorneys for Defendants*
 *AT&T Inc., AT&T Operations, Inc. and*
 *AT&T Services, Inc.*