UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD A. WILLIAMSON, ON BEHALF
OF AND AS TRUSTEE FOR AT HOME
BONDHOLDERS' LIQUIDATING TRUST,

        Plaintiff,

        v.

VERIZON COMMUNICATIONS INC.,
VERIZON SERVICES CORP.,
VERIZON CORPORATE RESOURCES
GROUP LLC,
VERIZON DATA SERVICES LLC,
VERIZON NEW YORK INC.,
AT&T INC.,
AT&T OPERATIONS, INC.,
AT&T SERVICES, INC.,

        Defendants.

No. 11 Civ. 4948 (LTS) (KNF)

## PRELIMINARY PRE-TRIAL STATEMENT

Pursuant to the Court's July 28, 2011 Initial Conference Order (D.E. # 9), as modified by D.E. # 20, the parties jointly submit the following Preliminary Pre-Trial Statement:

### a.   Nature of the Action

This is a civil action based upon and arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for the alleged infringement of United States Patent Nos. 6,370,571 ("the '571 Patent"), 7,225,275 ("the '275 Patent"), 7,529,856 ("the '856 Patent"), and 7,873,749 ("the '749 Patent") (collectively, the "Patents-in-Suit" or "Asserted Patents").

Plaintiff Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust ("Plaintiff" or "At Home"), alleges that the patented technology generally relates to Internet Protocol television ("IPTV") and, more particularly, to systems and methods for delivering video content from a high-speed network backbone to end users.  Plaintiff further

alleges that Defendants Verizon Communications Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC and Verizon New York Inc. (collectively "Verizon") and AT&T Inc., AT&T Operations, Inc. and AT&T Services, Inc. (collectively, "the AT&T Defendants") (AT&T and Verizon are collectively referred to herein as "Defendants") make, use, offer for sale, and sell products and services in the United States that utilize the patented technology, namely, Verizon's FiOS products and services and AT&T's U-verse products and services.

Verizon filed an Answer and Counterclaims on September 9, 2011 (D.E. # 19), denying Plaintiff's infringement allegations as to Verizon, raising certain Affirmative Defenses, and setting forth counterclaims for declaratory judgment of non-infringement and invalidity of the Patents-in-Suit.

AT&T Services, Inc. ("AT&T Services") and AT&T Operations, Inc. ("AT&T Operations") filed an Answer and Counterclaims on October 7, 2011 (D.E. # 43), denying Plaintiff's infringement allegations as to AT&T Services and AT&T Operations, raising certain Affirmative Defenses, and setting forth counterclaims for declaratory judgment of non-infringement and invalidity of the Patents-in-Suit.  AT&T Services and AT&T Operations further filed a motion to sever and transfer ("AT&T's Transfer Motion") (D.E. # 47) the claims against them to the Northern District of Texas, Dallas Division, for the reasons set forth in the AT&T Defendants' Memorandum In Support Of Their Motion To Sever and Transfer, filed on October 18 2011 (D.E. # 48).

AT&T Inc. filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) on October 7, 2011 (D.E. # 44).

**b.  Jurisdiction**

<u>Plaintiff's Position</u>

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have done business in this judicial district, have continuous and systematic contacts within this district, have committed and continue to commit acts of patent infringement in this judicial district, and/or have harmed and continue to harm plaintiff in this judicial district by, among other things, making, using, offering for sale, and/or selling infringing services, systems and/or methods to deliver video content to customers in this judicial district and others.

Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Defendants are subject to personal jurisdiction and/or have committed acts of patent infringement in this judicial district.

In or about June 2006, Verizon introduced its FiOS TV service in New York State.  The FiOS TV service was launched in this judicial district in or about May 2007.  Verizon continues to use, offer for sale, and/or sell FiOS TV services to customers in New York State, including to customers in this judicial district.   According to Verizon's website, there are at least 15 FiOS TV store locations in New York State, including numerous locations in this judicial district. Verizon invested more than $1.4 billion in New York State landline infrastructure in or around 2010.

AT&T Operations and AT&T Services have each registered to do business within the State of New York and are therefore each subject to personal jurisdiction in the state.

AT&T Operations and AT&T Services are wholly-owned subsidiaries of AT&T Inc.  On information and belief, AT&T Inc. conducts business in this district through its subsidiaries, including through AT&T Services and AT&T Operations.  For example, and without limitation,

through AT&T Services, AT&T Inc. provides customer billing and collection services to customers in this district using the online billing and payment system at www.att.com administered and managed by AT&T Services.  In addition, AT&T Operations enters into billing and collection service contracts with various billing aggregation companies on behalf of AT&T Inc. in this district.

AT&T Inc. actively manages and controls its global enterprise comprising the business operations of all of its subsidiaries and affiliates, including AT&T Operations and AT&T Services, and markets these services as coming from a unified entity known as "AT&T."

According to AT&T Inc.'s 2010 Annual Report, AT&T Inc. owns and operates a network that "covers more than 300 million people," including people in this judicial district, and provides "the broadest international access of any U.S. mobile provider."  Its Annual Report also states that AT&T Inc.'s "global networking capabilities provide advanced connections for businesses to 182 countries" and that, "on an average business day, [AT&T Inc.'s] global backbone carries nearly 24 petabytes of data traffic — more than 100 times the digitized Library of Congress."

AT&T Inc.'s 2010 Annual Report states that AT&T Inc. has "the United States' fastest mobile broadband network, based on independent tests" and that AT&T Inc. has "expanded its reach through access to more than 24,000 Wi-Fi hotspots nationwide," including in this judicial district.

AT&T Services and AT&T Operations pass their earnings upstream to AT&T Inc., which reports those earnings as its own.  For example, in its 2010 Annual Report, AT&T Inc. reported the consolidated financial results of its subsidiaries, including AT&T Operations and AT&T Services, as the results of AT&T Inc.  In its 2010 Annual Report, AT&T Inc. used the terms

"we," "us," "AT&T" and "Company" to refer to both AT&T Inc. as well as its subsidiaries, including AT&T Operations and AT&T Services.

In its 2010 Annual Report, for 2010, AT&T Inc. reported operating revenues of $124.28 billion and 266,590 employees, which, on information and belief, includes numerous employees in New York.

AT&T Inc.'s officers and directors overlap with those of its subsidiaries, AT&T Operations and AT&T Services.   For example, and without limitation, AT&T Inc.'s 2010 Annual Report identifies Jim Cicconi, Senior Executive Vice President-External and Legislative Affairs, AT&T Services, Inc., as being on AT&T Inc.'s Executive Leadership Team and AT&T Inc.'s 2009 Annual Report identifies John Stankey, President and CEO, AT&T Operations, Inc., as being on AT&T Inc.'s Executive Leadership Team.

AT&T Inc. is listed on the New York Stock Exchange.   On information and belief, AT&T Inc. directly or indirectly owns significant real property in this district, including the lots and buildings located at 811 Tenth Avenue and at 33 Thomas Street, both in New York, NY. AT&T Inc. obtained these properties from AT&T Corp. in 2006.

AT&T Inc. has availed itself of the New York Courts by asserting counterclaims in at least the following actions in the Southern District of New York: *The Farmers' Telephone Company of Richville, Iowa, Inc. et al. v. AT&T Inc.*, Case No. 1:07-cv-00859; *All American Telephone Company, Inc. et al. v. AT&T, Inc.*, Case No. 1:07-cv-00861; and *Aventure Communication Technology, L.L.C. v. AT&T, Inc.*, Case No. 1:07-cv-01780.

Verizon's Position

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (and additionally 28 U.S.C. §§ 2201 and 2202 with respect to Verizon's counterclaims).

For purposes of this action, Verizon does not contest this Court's exercise of personal jurisdiction over it with respect to Plaintiff's claims for patent infringement, and Plaintiff does not contest this Court's exercise of personal jurisdiction over it with respect to Verizon's counterclaims, but Verizon does contest claims for patent infringement against Verizon Communications Inc. as Verizon Communications Inc. sells no products and services.

For purposes of this action, neither Verizon nor Plaintiff contest that venue is proper in this District pursuant to 28 U.S.C. § 1391.

Verizon does not admit any of the allegations set forth above by Plaintiff, except as expressed in its Answer (D.E. # 19).

<u>AT&T's Position</u>

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (and additionally 28 U.S.C. §§ 2201 and 2202 with respect to AT&T Services and AT&T Operations' counterclaims).

AT&T Inc. denies that this Court has personal jurisdiction over it with respect to Plaintiff's claims for patent infringement, for the reasons set forth in AT&T Inc.'s Memorandum In Support Of Its Motion To Dismiss (D.E. # 45).  AT&T Services and AT&T Operations do not contest this Court's exercise of personal jurisdiction over them with respect to Plaintiff's claims for patent infringement, and Plaintiff does not contest this Court's exercise of personal jurisdiction over it with respect to AT&T Services and AT&T Operations' counterclaims.

For purposes of this action, neither the AT&T Defendants nor Plaintiff contest that venue is proper in this District pursuant to 28 U.S.C. § 1391.

The AT&T Defendants do not admit any of the allegations set forth above by Plaintiff, except as expressed by AT&T Services and AT&T Operations in their Answer (D.E. # 43).

c.  **Material Uncontested Facts**

Between Plaintiff and Verizon

It is uncontested that Verizon New York Inc. currently offers for sale and/or sells FiOS TV services to customers in New York State.

d.  **Uncontested Legal Issues**

None.

e.  **Legal Issues to be Decided by the Court**

1.     Whether Defendants have infringed, directly or indirectly, the Asserted Patents.

2.     Whether the Asserted Patents are valid and enforceable.

3.     Determining the issues of infringement and invalidity of the Asserted Patents will include construing the patent claims to determine their legal scope.  The proper construction of the patent claims is a matter of law for the Court.

4.     Plaintiff has alleged that Defendants' infringement has been "willful."  Defendants deny any infringement, let alone willful infringement.  However, in the event of such a finding, the decision whether and to what extent, if any, to increase the amount of damages pursuant to 35 U.S.C. § 284 is a matter of law/discretion for the court, subject to applicable legal guidelines.

5.     Whether this case is an exceptional case justifying the award of attorney fees under 35 U.S.C. § 285.

6.     In the event of a finding of infringement, whether Plaintiff is entitled to any injunction or equitable relief.

f.  **Material Disputed Facts**

The issue of infringement ultimately is a question of fact after the claims of the patents have been properly construed as a matter of law by the Court.  The parties anticipate that

disputed questions of fact will arise as to whether the accused products and services are covered by the patent claims.

The Defendants allege that at least one of the Verizon defendants, Verizon Communications Inc., and one of the AT&T Defendants, AT&T Inc., are holding companies that provide no products and services, including the accused products and services, and are not proper defendants in this litigation.   Plaintiff presently disputes these alleged facts, subject to taking discovery.

Defendants have challenged the validity of the claims of the Patents-in-Suit.  Invalidity turns in part on a number of factual determinations, and the parties anticipate that there will be many disputed questions of fact on this issue.

The parties anticipate that disputed questions of fact will exist with respect to the question of whether Defendants' alleged infringement has been willful.

The parties anticipate that there will be disputed questions of fact about the amount of alleged damages that would be due if the alleged infringement of the Patents-in-Suit is proven by Plaintiff.

The parties anticipate that there may be disputed questions of fact about the propriety of and necessity for injunctive relief if Plaintiff prevails in this action.

**g.  Parties' Statements of the Legal Bases for Their Claims and Counterclaims**

Plaintiff's Statement

Plaintiff asserts causes of action for patent infringement arising under the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271(a)-(c), 284, and 285.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

Verizon's Statement

Verizon asserts counterclaims for declaratory judgment of: (1) non-infringement of any valid and enforceable claim of the Patents-in-Suit; and (2) invalidity of each and every claim of the Patents-in-Suit for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.  The Court has subject matter jurisdiction over Verizon's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

AT&T's Statement

AT&T Services and AT&T Operations assert counterclaims for declaratory judgment of: (1) non-infringement of any valid and enforceable claim of the Patents-in-Suit; and (2) invalidity of each and every claim of the Patents-in-Suit for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.  The Court has subject matter jurisdiction over AT&T Services and AT&T Operations' counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**h. Parties' Statements of the Legal Bases for Their Defenses**

Plaintiff's Statement

Plaintiff alleges that the Defendants have failed to state a claim for patent invalidity because their purported invalidity defenses and counterclaims contain only boilerplate and bare-bones allegations and fail to satisfy the pleading requirements of the Federal Rules of Civil Procedure.

Verizon's Statement

The statutory legal basis for Verizon's defense of non-infringement is 35 U.S.C. § 271, and the statutory legal bases for Verizon's defenses that the Patents-in-Suit are invalid and/or

void reside in the requirements of Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

The statutory legal basis for Verizon's defense of failure to state a claim is 35 U.S.C. § 271 and the Federal Rules of Civil Procedure 8 and 9(b).

The statutory basis for Verizon's defense of limitation on damages and costs is 35 U.S.C. §§ 287-288.

The statutory basis for Verizon's defense that Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Verizon is 35 U.S.C. § 285.

Verizon alleges that its defenses of lack of standing, laches, prosecution laches, waiver, estoppel, and unclean hands are proper defenses to a claim of patent infringement. *See, e.g.*, *Morrow et al. v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007); *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1029 (Fed. Cir. 1992) (*en banc*); *Symbol Technologies, Inc. et al. v. Lemelson Medical, Education & Research Foundation, LP*, 422 F.3d 1378, 1381 (Fed. Cir. 2005); and *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008).

AT&T's Statement

The statutory legal basis for AT&T Services and AT&T Operations' defense of non-infringement is 35 U.S.C. § 271, and the statutory legal bases for AT&T Services and AT&T Operations' defenses that the Patents-in-Suit are invalid and/or void reside in the requirements of Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

The statutory legal basis for AT&T Services and AT&T Operations' defense of failure to state a claim is 35 U.S.C. § 271 and the Federal Rules of Civil Procedure 8 and 9(b).

The statutory basis for AT&T Services and AT&T Operations' defense of limitation on damages and costs is 35 U.S.C. §§ 287-288.

The statutory basis for AT&T Services and AT&T Operations' defense that Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against AT&T Services and AT&T Operations is 35 U.S.C. § 285.

AT&T Services and AT&T Operations alleges that their defenses of laches, prosecution laches, waiver, estoppel and acquiescence are proper defenses to a claim of patent infringement. *See, e.g.*, *Morrow et al. v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007); *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1029 (Fed. Cir. 1992) (*en banc*); *Symbol Technologies, Inc. et al. v. Lemelson Medical, Education & Research Foundation, LP*, 422 F.3d 1378, 1381 (Fed. Cir. 2005); and *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008).

### i. Measure and Burden of Proof for Each Cause of Action and Defense

Plaintiff has the burden to prove each of its patent infringement causes of action, and the measure of proof is a preponderance of the evidence.

Plaintiff has the burden of proof on damages, and the measure of proof is a preponderance of the evidence.

Plaintiff has the burden of proof on establishing willful infringement, and the measure of proof is clear and convincing evidence.

Defendants bear the burden of proof to establish the invalidity of the claims of the Patents-in-Suit, and the measure of proof is clear and convincing evidence.

Plaintiff bears the burden of proving it has standing by a preponderance of the evidence.

Defendants bear the burden of proof to establish the defense of laches, and the measure of proof is a preponderance of the evidence.

Defendants bear the burden of proof to establish the defense of prosecution laches. Plaintiff believes that the measure of proof for this defense is clear and convincing evidence, and Defendants believe that the measure of proof is a preponderance of the evidence.

Defendants bear the burden of proof to establish the defense of waiver, and the measure of proof is clear and convincing evidence.

Defendants bear the burden of proof to establish the defense of estoppel, and the measure of proof is a preponderance of the evidence.

Defendants bear the burden of proof to establish the defense of unclean hands.  Plaintiff believes that the measure of proof for this defense is clear and convincing evidence, *see, e.g., Astra Aktiebolag v. Andrx Pharms., Inc. (In re Omeprazole Patent Litig.),* 483 F.3d 1364, 1373 (Fed. Cir. 2007), and Defendants believe that the measure of proof is a preponderance of the evidence.  *See* The Federal Circuit Bar Association Model Patent Jury Instructions (Last Edited: February 18, 2010) at 77.

### j.  Amendments of the Pleadings

The parties propose a deadline to amend pleadings by right of January 11, 2012.

### k.  Consent to Transfer Case to a Magistrate Judge for All Purposes

The parties have not consented to transfer the case to a magistrate judge for all purposes.

### l.  Timing, Form, or Requirements for Initial Disclosures

The parties propose that they exchange their Initial Disclosures under Fed. R. Civ. P. 26(a) on or before December 23, 2011.

**m.  Subjects of Disclosure and Discovery Cut-Off Date**

Plaintiff and Verizon propose August 3, 2012 as a cut-off date for fact discovery.  The AT&T Defendants propose that fact discovery close 90 days after the date on which the Court issues a claim construction ruling.

The anticipated subjects of discovery set forth below are described in broad categories, without prejudice to further subjects becoming necessary as discovery proceeds, and without concession of any party that the stated categories of the other necessarily are relevant:

Plaintiff

Plaintiff proposes March 9, 2012 as the deadline for substantial completion of document production.

The subjects on which Plaintiff will seek discovery include, *inter alia*:

1.      Details about the structure, design, methods of operation and function of the accused products and services.

2.      Details about the conception, development and decision to make, use, sell and offer for sale the accused products and services.

3.      Defendants' sales information, including revenue and profit information, relating to their manufacture, use, sale and offer for sale of the accused products and services.

4.      Defendants' prior knowledge of Plaintiff, the Patents-in-Suit and their named inventor, and Plaintiff's products and services.

5.      Any studies or analyses performed by or for Defendants, including any opinions prepared by or for Defendants, regarding the Patents-in-Suit.

6.      The bases for Defendants' defenses and counterclaims.

7.      Alleged prior art to the Patents-in-Suit.

<u>Defendants</u>

The Defendants propose that a deadline for substantial completion of document production is not necessary.  The AT&T Defendants further propose that they not be subject to discovery (other than any jurisdictional discovery that may be agree to by the parties or order by the Court), until after the Court's ruling on AT&T's Transfer Motion.

The subjects on which Defendants will seek discovery include, *inter alia*:

1.      The bases for Plaintiff's claims of patent infringement.

2.      The alleged conception and reduction to practice of the alleged invention(s) described in the Patents-in-Suit.

3.      The preparation and prosecution of the Patents-in-Suit, as well as any related U.S. and foreign patents and parent applications, if any.

4.      Prior art, as defined under 35 U.S.C. §§ 102 and 103, to the Patents-in-Suit, including all prior art cited to or by the USPTO or to or by any foreign patent office.

5.      Details about the source, structure, design, and operation of any products or services that Plaintiff asserts embody (or embodied) all or any part of any of the alleged invention(s) claimed in the Patents-in-Suit.

6.      Any attempts by Plaintiff, or any inventor or Assignee of the Patents-in-Suit, to commercialize, sell, or offer for sale products or services embodying all or any part of the alleged invention(s) claimed in the Patents-in-Suit.

7.      The bases for Plaintiff's claim for damages and/or injunctive relief.

8.      Details of any license(s) or offers to license the Patents-in-Suit, or any related technology.

9. The ownership of the Patents-in-Suit, including all issues of inventorship, assignment of rights in the patents, and Plaintiff's standing to sue.

10. The bases for Plaintiff's delay in asserting any Patent-in-Suit and in bringing suit against any Defendant.

**n. Expert Discovery**

The parties may require expert testimony and evidence, and discovery related thereto. The parties presently believe one or more experts may be required to opine on the following topics: (1) infringement/non-infringement of the Patents-in-Suit; (2) validity/invalidity/enforceability of the Patents-in-Suit; and (3) damages, if any. The parties propose the following procedures and deadlines for the exchange of Rule 26(a)(2) disclosures and expert discovery:

| Event | Deadline |
|---|---|
| Deadline for any party having the burden of proof on an issue to designate its expert(s) and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2): | 30 days after the Close of Fact Discovery. |
| Deadline for the parties to designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2): | 40 days after service of the expert disclosures discussed above. |
| Deadline for the completion of expert discovery: | 45 days after service of the rebuttal expert reports discussed above. |

**o. Limitations on Discovery**

The parties agree that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Court, with the following exceptions:

1.     The parties agree to a maximum of 25 interrogatories by Plaintiff to each Defendant party and 25 interrogatories by each Defendant party.  The parties also agree that an interrogatory served by Plaintiff on a Defendant party that requires a response from each company comprising that Defendant party shall constitute a single interrogatory.  For purposes of this Preliminary Pre-Trial Statement, defendants Verizon Communications Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, and Verizon New York Inc. shall jointly constitute a single Defendant party, and Defendants AT&T Inc.,[1] AT&T Operations, Inc., and AT&T Services, Inc. shall jointly constitute a single Defendant party.

2.     Defendants propose that they be permitted to take up to fourteen (14) hours of deposition of the named inventor of the Patents-in-Suit (Mr. Milo Medin).  Plaintiff believes that it is premature to determine the length of Mr. Medin's deposition at this time and that the parties should discuss this issue when they have more information concerning, among other things, the scope of his knowledge of relevant facts and his willingness to appear (he is not a current employee of the Plaintiff).

**p.  Settlement Discussions and Prospects**

The parties discussed settlement at the initial Rule 26(f) conference but believe that it is premature at this time to engage in any formal settlement procedures.  The parties believe that further meaningful settlement discussions can be conducted during the course of discovery and claim construction.

**q.  Jury Trial**

---

[1] For the reasons set forth in AT&T Inc.'s Memorandum In Support Of Its Motion To Dismiss (D.E. # 45), this case should be dismissed as against AT&T Inc.  In the event the case against AT&T Inc. is so dismissed, AT&T Operations, Inc., and AT&T Services, Inc. shall jointly constitute a single Defendant party.

Plaintiff's Statement

Plaintiff has requested a jury trial in this matter, and estimates that 5-7 days will be needed for presentation of its case.

Verizon's Statement

Verizon has requested trial by jury of all issues so triable.  Verizon estimates 3-4 days for the presentation of its case, in addition to the time estimated for Plaintiff's presentation of its case.

AT&T's Statement

AT&T Services and AT&T Operations have requested trial by jury of all issues so triable.  AT&T Services and AT&T Operations estimate 3-4 days for the presentation of their case, in addition to the time estimated for Plaintiff's presentation of its case.

**r. Additional Orders**

The parties anticipate that the Court will enter a stipulated protective order governing the exchange of confidential information in discovery pursuant to Fed. R. Civ. P. 26(c).

The parties propose that the Court enter the following schedule pertaining to disclosures and claim construction.

*Proposed Schedule for Completion of Discovery*

i. Deadline for plaintiff to disclose its asserted claims and preliminary infringement contentions – March 16, 2012

ii. Deadline for defendants to disclose their preliminary invalidity contentions – April 29, 2012

iii.  Markman or Claim Construction Deadlines and Procedures:  The parties propose the

following procedures and deadlines for determining the proper construction of each

claim term/phrase in dispute:

| Event | Deadline |
|---|---|
| Deadline for the parties to exchange lists of claim terms/phrases to be construed. | March 30, 2012 |
| Deadline for the parties to exchange proposed constructions for the exchanged claim terms/phrases. | April 19, 2012 |
| Deadline for the parties to confer in good faith and agree on (1) a list of claim terms/phrases to be construed by the Court, and (2) proposed procedures for the *Markman* hearing (e.g., the use of a tutorial and the need for expert testimony). | April 26, 2012 |
| Deadline for the parties to (1) simultaneously exchange and file claim construction briefs, and (2) file a joint proposal of procedures for the *Markman* hearing. | May 25, 2012 |
| Deadline for the parties to simultaneously exchange and file responsive claim construction briefs. | **Plaintiff's Position**: Plaintiff proposes that responsive claim construction briefs are not necessary and will be redundant of arguments made in the opening briefs.  However, in the event that the Court determines that responsive briefs are necessary, plaintiff proposes a deadline of June 1, 2012.<br><br>**Defendants' Position**: June 27, 2012.  Not only are responsive claim construction briefs standard in most patent litigations, Defendants believe they will assist the Court by permitting the parties to ensure that all arguments are thoroughly addressed. |

| | |
|---|---|
| *Markman* hearing to be held, including technology tutorial if the Court so desires. | At the Court's discretion after the above briefing |

iv.  Deadline for defendants to disclose whether they intend to rely on an opinion of

counsel as part of a defense to a claim of willful infringement –

July 6, 2012

v.  *Proposed Deadline for Filing Dispositive Motions*:  120 days after the Close of Fact

Discovery.

Date:  October 27, 2011

Respectfully submitted,


By:  _/s/ Joshua L. Raskin____

Chad Johnson (CJ-3395)

Joshua L. Raskin (JR-4613)

BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP

1285 Avenue of the Americas, 38th Floor

New York, NY 10019

Chad@blbglaw.com

Joshua@blbglaw.com

Phone: (212) 554-1400

Fax: (212) 554-1444


William C. Norvell, Jr. (admitted *pro hac vice*)

Scott D. Marrs (admitted *pro hac vice*)

BEIRNE, MAYNARD & PARSONS, LLP

1300 Post Oak Blvd., Suite 2500

Houston, Texas  77056-3000

Phone: (713) 623-0887

Fax:  (713) 960-1527


*Attorneys for Richard A. Williamson, on Behalf of and as Trustee for At Home Bondholders' Liquidating Trust*


By:  _/s/ David B. Bassett_____

David B. Bassett (DB-8727)

WILMER CUTLER PICKERING HALE AND
        DORR LLP

399 Park Avenue

New York, NY 10022

david.bassett@wilmerhale.com

Phone: (212) 230-8800

Fax: (212) 230-8888


William F. Lee (admitted *pro hac vice*)

WILMER CUTLER PICKERING HALE AND
        DORR LLP

60 State Street

Boston, MA 02109

Phone: (617) 526-6556

Fax: (617) 526-5000


Christine E. Duh (admitted *pro hac vice*)

WILMER CUTLER PICKERING HALE AND
        DORR LLP

950 Page Mill Road

Palo Alto, CA 94304

Phone: (650) 858-6000

Fax: (650) 858-6100


Leonard Charles Suchyta (*pro hac vice* application to be submitted)

Caren K. Khoo (CK-2972)

VERIZON CORPORATE RESOURCES GROUP LLC

One Verizon Way

Basking Ridge, NJ 07920

Phone: (908) 559-5623

Fax: (908) 766-6974


*Attorneys for Defendants Verizon Communications Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, and Verizon New York Inc.*

By:   /s/ Robert L. Maier
BAKER BOTTS LLP
Robert L. Maier
30 Rockefeller Plaza
New York, New York 10112
robert.maier@bakerbotts.com
Phone: (212) 408-2538
Fax: (212) 259-2538

Bryant C. Boren, Jr. (admitted *pro hac vice*)
Kevin E. Cadwell (admitted *pro hac vice*)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, California 94304
Phone: (650) 739-7501
Fax: (650) 739-7601

Kurt M. Pankratz (admitted *pro hac vice*)
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas 75201
Phone: (214) 953-6500
Fax: (214) 953-6503

*Attorneys for Defendants AT&T Inc., AT&T
Services, Inc., and AT&T Operations, Inc.*