IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,**<br><br>         **Plaintiff,**<br><br>vs.<br><br>**VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,**<br><br>         **Defendants.** | Civil Action No. 11-Civ-4948 (LTS) (KNF) |

### PLAINTIFF'S REPLY TO AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC.'S COUNTERCLAIMS

Plaintiff Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust ("Plaintiff"), hereby replies to the Counterclaims of Defendants AT&T Operations, Inc. and AT&T Services, Inc. (collectively, "AT&T"). The numbered paragraphs in the following Answer to Counterclaims correspond to the paragraph numbers of AT&T's Counterclaims.

## OBJECTIONS TO AT&T'S COUNTERCLAIMS (AND AFFIRMATIVE DEFENSES)

Plaintiff objects to AT&T's Fifth, Sixth, Seventh and Eighth Counterclaims (and AT&T's Second Affirmative Defense) in that each is insufficient as a matter of law and fails to comply with the pleading requirements of FRCP 8(a).

## AT&T'S COUNTERCLAIMS

1. There are no allegations contained in this paragraph that require either an admission or denial.

2. Plaintiff admits the allegations of this paragraph.

3. Plaintiff does not contest that this Court has personal jurisdiction over Plaintiff for the Counterclaims asserted herein and jurisdiction to hear the Counterclaims asserted herein, and Plaintiff does not contest venue in this Court. Plaintiff otherwise denies the remainder of the allegations of this paragraph.

4. Plaintiff admits that AT&T Operations, Inc. and AT&T Services, Inc. are Delaware corporations. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of this paragraph.

5. Plaintiff admits the allegations of this paragraph.

6. Plaintiff admits that it has asserted claims for infringement of U.S. Patent Nos. 6,370,571 ("the '571 Patent"), 7,225,275 ("the '275 Patent"), 7,529,856 ("the '856 Patent") and 7,873,749 ("the '749 Patent") against the AT&T Defendants.

7. Plaintiff admits that an actual controversy exists between the parties regarding infringement of the '571, '275, '856 and '749 Patents. Plaintiff denies the remainder of the allegations of this paragraph.

**COUNT ONE:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 6,370,571**

8. There are no allegations contained in this paragraph that require either an admission or denial.

9. Plaintiff admits the allegations of this paragraph.

10. Plaintiff admits the allegations of this paragraph.

11. Plaintiff denies the allegations of this paragraph.

**COUNT TWO:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 7,225,275**

12. There are no allegations contained in this paragraph that require either an admission or denial.

13. Plaintiff admits the allegations of this paragraph.

14. Plaintiff admits the allegations of this paragraph.

15. Plaintiff denies the allegations of this paragraph.

**COUNT THREE:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 7,529,856**

16. There are no allegations contained in this paragraph that require either an admission or denial.

17. Plaintiff admits the allegations of this paragraph.

18. Plaintiff admits the allegations of this paragraph.

19. Plaintiff denies the allegations of this paragraph.

**COUNT FOUR:**
**DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF**
**U.S. PATENT NO. 7,873,749**

20. There are no allegations contained in this paragraph that require either an admission or denial.

21. Plaintiff admits the allegations of this paragraph.

22. Plaintiff admits the allegations of this paragraph.

23. Plaintiff denies the allegations of this paragraph.

## COUNT FIVE:
## DECLARATORY RELIEF REGARDING INVALIDITY OF
## U.S. PATENT NO. 6,370,571

24. There are no allegations contained in this paragraph that require either an admission or denial.

25. Plaintiff objects to the allegations of this paragraph in that they are insufficient as a matter of law, fail to state a claim for relief, and fail to comply with the pleading requirements of FRCP 8(a). Plaintiff otherwise denies the allegations of this paragraph.

## COUNT SIX:
## DECLARATORY RELIEF REGARDING INVALIDITY OF
## U.S. PATENT NO. 7,225,275

26. There are no allegations contained in this paragraph that require either an admission or denial.

27. Plaintiff objects to the allegations of this paragraph in that they are insufficient as a matter of law, fail to state a claim for relief, and fail to comply with the pleading requirements of FRCP 8(a). Plaintiff otherwise denies the allegations of this paragraph.

## COUNT SEVEN:
## DECLARATORY RELIEF REGARDING INVALIDITY OF
## U.S. PATENT NO. 7,529,856

28. There are no allegations contained in this paragraph that require either an admission or denial.

29. Plaintiff objects to the allegations of this paragraph in that they are insufficient as a matter of law, fail to state a claim for relief, and fail to comply with the pleading requirements of FRCP 8(a). Plaintiff otherwise denies the allegations of this paragraph.

## COUNT EIGHT:
## DECLARATORY RELIEF REGARDING INVALIDITY OF
## U.S. PATENT NO. 7,873,749

30. There are no allegations contained in this paragraph that require either an admission or denial.

31. Plaintiff objects to the allegations of this paragraph in that they are insufficient as a matter of law, fail to state a claim for relief, and fail to comply with the pleading requirements of FRCP 8(a). Plaintiff otherwise denies the allegations of this paragraph.

**WHEREFORE**, Plaintiff respectfully requests that the Court dismiss AT&T's Counterclaims with prejudice and declare that this is not an exceptional case justifying an award of fees and/or costs against Plaintiff.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues related to AT&T's Counterclaims.

Respectfully submitted,

Date: October 28, 2011

By: /s/ Joshua L. Raskin
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Chad Johnson (CJ-3395)
Joshua L. Raskin (JR-4613)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Chad@blbglaw.com
Joshua@blbglaw.com
Phone: (212) 554-1400
Fax: (212) 554-1444

BEIRNE, MAYNARD & PARSONS, LLP
William C. Norvell, Jr. (*pro hac vice* to be filed)
Scott D. Marrs (*pro hac vice* to be filed)

                                              1300 Post Oak Blvd., Suite 2500
                                              Houston, Texas  77056-3000
                                              Phone: (713) 623-0887
                                              Fax:  (713) 960-1527

COUNSEL FOR PLAINTIFF **RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR** AT HOME BONDHOLDERS' LIQUIDATING TRUST