UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST<br><br>     Plaintiffs,<br><br>    v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>     Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Civil Action No. 1:11-cv-04948 (LTS)<br><br>**AT&T DEFENDANTS'**<br>**MEMORANDUM IN SUPPORT**<br>**OF THEIR MOTION TO REINSTATE**<br>**(1) THE MOTION TO DISMISS AND (2)**<br>**MOTION TO SEVER AND TRANSFER** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants AT&T, Inc., AT&T Operations, Inc., and AT&T Services, Inc. (collectively, "the AT&T Defendants") respectfully submit this memorandum in support of their motion to reinstate the Motion to Dismiss AT&T, Inc. filed on October 7, 2011 (the "Motion to Dismiss") (Dkt. No. 44) and the Motion to Sever and Transfer AT&T Operations and AT&T Services to the Northern District of Texas, Dallas Division, filed October 18th, 2011 (the "Motion to Sever and Transfer") (Dkt. No. 47). Plaintiff Williamson opposes and would seek to continue unbounded and irrelevant discovery. The AT&T Defendants complied with Williamson's reasonable discovery requests and seek reinstatement to avoid additional delays in the Court's consideration of AT&T's motions, which were filed well more than three months ago.

On October 12, 2011, after AT&T, Inc. filed its Motion to Dismiss and while the parties thereafter met and conferred on the proposed Motion to Sever and Transfer, plaintiff Williamson first raised its intention to seek discovery related to the issues of dismissal and transfer. *See* Exhibit A (10/19/11 e-mail of Raskin). Williamson then requested postponement of briefing on the two motions while it conducted jurisdictional discovery. *Id*. AT&T expressed its interest in quickly and efficiently completing that discovery, and the parties began negotiating deadlines. Prior to the November 3, 2011 Initial Pre-trial Conference, the parties were in virtual agreement on a schedule for jurisdictional discovery and briefing with an agreed deadline of November 1 for Williamson to serve its discovery requests. *See, e.g.,* Exhibit B (10/26/11 e-mail of Raskin and attached proposed stipulation).

In connection with the Initial Pre-trial Conference, this Court issued an order terminating the AT&T Defendants' motions without prejudice. Dkt. No. 56. That order requested that the parties apply for reinstatement of the AT&T Defendants' motions after the completion of jurisdictional discovery, but did not set any deadlines for the completion of that discovery. *Id*.

On November 1, 2011, the date that Williamson had proposed to serve its jurisdictional discovery, and then multiple times thereafter, the AT&T Defendants requested that Williamson serve its requests. *See, e.g.,* Exhibit C (11/10/11 e-mail of Maier to Raskin). It was not until

-2-

November 14, 2011, more than one month after Williamson first raised its desire for jurisdictional discovery and two weeks after its proposed deadline, that Williamson served the AT&T Defendants with interrogatories regarding jurisdictional issues. Exhibit D (11/14/11 e-mail of Hyun and attached interrogatories). The AT&T Defendants served their responses on December 19, 2011.[1] The AT&T Defendants' forty-two-page interrogatory responses provide, in complete and fully-responsive detail, the information reasonably bearing on AT&T's motions. *See* Exhibit E (AT&T's Responses To Williamson's Jurisdictional Interrogatories). These answers make clear that the vast majority of relevant evidence and personnel all reside in or around Dallas, and that no truly relevant evidence or witnesses are in or near New York. In fact, AT&T's answers make clear that the Federal Communications Commission does not even authorize AT&T to provide the accused U-verse service in New York. On the day following service of those answers, AT&T proposed resuming briefing on a schedule substantially similar in timing to the schedule that Williamson had previously indicated was agreeable. *See* Exhibit F (12/20/11 e-mail of Maier to Raskin).

In response, Williamson declined to discuss a briefing schedule and proposed instead that the parties meet-and-confer on January 5, 2012, almost three weeks after service of the AT&T Defendants' discovery responses, to discuss whether Williamson believed that additional discovery was warranted and whether it would agree that briefing on the AT&T Defendants' motions could resume. When the AT&T Defendants countered with a proposed two-week deadline for Williamson to respond just on the issue of whether it believed additional discovery was warranted, Williamson's lead lawyer made clear that he and his colleagues were unavailable for those weeks due to holiday vacation plans. Exhibit G (12/21/11 e-mail of Raskin to Maier). In light of the holidays and the Williamson trial team's existing vacation plans, the AT&T

---

[1] In light of the Thanksgiving holiday and to allow sufficient time for the AT&T Defendants to fully and completely respond to Williamson's wide-ranging interrogatories, the AT&T Defendants requested and received a two-week extension of time to respond. Notwithstanding the two-week extension, however, the AT&T Defendants served their forty-two-page responses to Williamson's interrogatories on December 19, 2011, just three business days after the original due date.

Defendants agreed to have the January 5, 2012 meet-and-confer as proposed by Williamson, but stressed again AT&T's desire to quickly complete briefing and proposed a schedule setting a January 12, 2012 deadline for Williamson's responsive pleadings (nearly three months after the AT&T Defendants first filed their motions). *See* Exhibit H (12/23/11 e-mail exchange).

On the night before the scheduled January 5, 2012 meet-and-confer (two and a half weeks after receiving the AT&T Defendants' discovery responses), Williamson sent a letter alleging deficiencies in the AT&T Defendants' answers. *See* Exhibit I (1/4/12 letter of Raskin to Maier). As detailed in AT&T's responsive letter sent the next day, the supposed deficiencies raised by Williamson appear designed merely to delay the process rather than seek relevant information for the briefing. Exhibit J (1/5/12 letter of Maier to Raskin). For example, Williamson seeks the name, address, title, and other biographic information for every officer and director of every AT&T subsidiary, a request that is wildly overbroad and inappropriate in that it seeks information implicating personal information for hundreds of individuals with no connection to this case, let alone AT&T's motions. As other examples, Williamson seeks information on the location of *all* witnesses and documents related to the accused U-verse services, regardless of whether they have any connection to New York, and also seeks the location of any office or mailing address of AT&T Inc., including whether AT&T Inc. owns leases manages, or maintains any place of business, *anywhere in the United States*. *See id.* The information that Williamson claims to need has no real bearing on whether personal jurisdiction is proper in New York or whether the Southern District of New York is a convenient forum for this action.

On the parties' January 5, 2012 call to discuss these issues, Williamson maintained its position that discovery should continue without any deadlines and refused to agree to a briefing schedule. As yet another attempt at compromise, AT&T proposed that if Williamson would provide written 30(b)(6) topics of reasonable scope targeted to the information it believed was still required, AT&T would make a Rule 30(b)(6) witness available for deposition.

The following week, after receiving nothing from Williamson, AT&T reached out to request the deposition topics. Exhibit K (1/11/12 e-mail of Maier to Raskin). Williamson insisted that AT&T should not need to review any 30(b)(6) topics in order to determine whether to make a witness available, but then did provide a draft set of 30(b)(6) topics the following day for AT&T's consideration. Although a week had passed since AT&T's offer and request for proposed topics, Williamson's "topics" were merely a near-verbatim parroting of its interrogatories, which AT&T had already answered. Exhibit L (Williamson's 1/12/12 Draft Rule 30(b)(6) Deposition Notice). The topics did not evidence any genuine effort to resolve the issues or seek discovery of a scope commensurate with the subject matter of AT&T's motions. In response, AT&T offered to present a corporate representative to speak to specific, more narrowly-tailored topics. Exhibit M (1/20/12 e-mail of Maier to Raskin). While Williamson has to date refused to narrow its requests, AT&T has kept open its offer to present an AT&T corporate witness for a deposition of reasonable scope, to be scheduled prior to the due date of Williamson's opposition papers.

Ultimately, Williamson has refused to compromise and has demonstrated a desire to conduct discovery unbounded in time and scope. The net result, whether intentional or not, is significant and unnecessary delay. Additional discovery is not warranted in view of the jurisdictional discovery already sought by Williamson and provided by the AT&T Defendants. Williamson has the relevant discovery and has had AT&T's motions for over three months, and major substantive case milestones are looming. As these motions relate to whether the case should properly proceed in this venue, additional delay will prejudice AT&T.

In light of the foregoing, and pursuant to the Court's November 3, 2011 Order, the AT&T Defendants hereby apply for reinstatement of the Motion to Dismiss (Dkt. No. 44) and the Motion to Sever and Transfer (Dkt. No. 47). The AT&T Defendants propose the following briefing schedule:

- February 14, 2012: Deadline for Williamson to respond in opposition to the Motion to Dismiss and the Motion to Sever and Transfer;

-5-

- February 24, 2012: Deadline for the AT&T Defendants to reply to Williamson's opposition briefs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: January 31, 2012 | BAKER BOTTS L.L.P. |

By: /s/ Robert L. Maier
Robert L. Maier
30 Rockefeller Plaza
New York, New York 10112
Tele: (212) 408-2538
Fax: (212) 259-2538
robert.maier@bakerbotts.com

Bryant C. Boren, Jr.,
(Admitted *pro hac vice*)
Kevin E. Cadwell
(Admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
620 Hansen Way
Palo Alto, California 94304
Tele: (650) 739-7501
Fax:(650)739-7601
kevin.cadwell@bakerbotts.com
bryant.c.boren@bakerbotts.com

Kurt M. Pankratz
(Admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Tele: (214) 953-6500
Fax: (214) 953-6503
kurt.pankratz@bakerbotts.com

*Attorneys for Defendants
AT&T Inc., AT&T Operations, Inc. and
AT&T Services, Inc.*