UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Civil Action No. 1:11-cv-04948 (LTS)(KNF)<br><br>**AT&T DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO REINSTATE THE MOTION TO DISMISS AND MOTION TO SEVER AND TRANSFER** |

I.      **Introduction**

The AT&T Defendants respectfully submit this Reply memorandum in support of their motion to reinstate the Motion to Dismiss AT&T, Inc. (the "Motion to Dismiss") (Dkt. No. 44) and the Motion to Sever and Transfer AT&T Operations and AT&T Services to the Northern District of Texas (the "Motion to Sever and Transfer") (Dkt. No. 47).

As the parties agreed, and as detailed in AT&T's opening brief, AT&T provided extensive jurisdictional discovery regarding the motions.  That discovery demonstrated that AT&T Inc. is a holding company with no employees and no connection to the accused services – services not offered anywhere in the State of New York.  Plaintiff has not raised any issue of fact as to any ground for personal jurisdiction over AT&T Inc. in connection with accused services. Furthermore, the discovery and affidavit supporting AT&T's Motion to Sever and Transfer reveal no connection between the accused services and this venue – all of the relevant AT&T documents and witnesses are centered in and around Dallas, Texas, the proposed transferee forum.

Despite the extensive discovery AT&T has provided, Plaintiff Williamson continues to oppose AT&T's motion to reinstate as "not yet ripe" because, so Plaintiff argues, it requires more discovery to respond to AT&T's underlying motions.  But AT&T already provided detailed business information responsive to Plaintiff's interrogatories and commensurate with the scope of the agreed-upon jurisdictional discovery.  Plaintiff identifies no additional legitimate area of discovery likely to be relevant to, or bear fruit in connection with, AT&T's motions.  *See, e.g., Molchatsky v. U.S.,* No. 09 Civ. 8697, 2012 WL209122 at *4 (S.D.N.Y. January 24, 2012) (denying plaintiff's request for jurisdictional discovery where plaintiff made no showing that it would likely result in relevant facts); *see also Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, No. 10–CV–1777, 2011 WL381612 at *10 (E.D.N.Y. February 2, 2011) (denying request for jurisdictional discovery, and granting motion to dismiss for lack of personal jurisdiction, where defendant was a foreign corporation and the alleged injury occurred outside New York).

Accordingly, Plaintiff's request for further jurisdictional discovery should be denied and the motions reinstated with an expedited briefing schedule.

II.   **The Additional Discovery Plaintiff Seeks Is Not Relevant to AT&T's Motions**

The jurisdictional discovery sought by Plaintiff includes categories of information that are irrelevant, are already in Plaintiff's possession, are unduly burdensome, or to which Plaintiff is not entitled as part of jurisdictional discovery.  None of the discovery sought justifies further delay.

A.   **Plaintiff Seeks Unnecessary And Irrelevant Discovery**

Plaintiff's opposition brief demonstrates that the discovery Plaintiff seeks is wholly unnecessary.  For example, Plaintiff refers to allegations in its Complaint, and argues that AT&T has not responded to Plaintiff's requests to admit or deny certain of those allegations, including whether:

- o   "AT&T Inc. is listed on the New York Stock Exchange"

- o   "AT&T Inc. has availed itself of the New York Courts by asserting counterclaims in at least the following actions in the Southern District of New York: *The Farmers' Telephone Company of Richville, Iowa, Inc. et al. v. AT&T Inc.*, Case No 1:07-cv-00859 [and others]"

Plaintiff's Opp. Br. at 2.  Setting aside the fact that these requests, served in the guise of Fed. R. Civ. P. 33 interrogatories, are more properly requests for admissions under Fed. R. Civ. P. 36, the primary problem is that the requests are directed to public information.  Plaintiff is capable of ascertaining whether AT&T Inc. is listed on the New York Stock Exchange, or whether AT&T Inc. has filed counterclaims in the various cases cited by Plaintiff.[1]  The fact that Plaintiff sought

---

[1]  Plaintiff likewise demanded that AT&T admit or deny whether "AT&T Inc. directly or indirectly owns significant real property in this district, including the lots and buildings located at 811 Tenth Avenue and at 33 Thomas Street" – information likewise publicly available. Despite the public availability of this information, AT&T responded to Plaintiff's Interrogatory 1(d) with detailed information about all AT&T entities that pay property tax and other taxes in New York State, and described AT&T Inc's role in connection with those taxes.  *See* Exh. E to AT&T's Opening Br. at 11-12.  Moreover, the fact of whether AT&T Inc. owns real property in New York is entirely irrelevant, because that is only a basis for personal jurisdiction where there is "a relationship between the property and the cause of action sued upon" – and, because U-verse is not offered in New York, and AT&T Inc. is merely a holding company, any AT&T Inc.-

such information in the first place as part of this limited jurisdictional discovery, and now complains about not receiving it, demonstrates precisely why this discovery is improper. Beyond that, Plaintiff now seeks to stonewall resolution of the motions until AT&T makes a witness available to be deposed on these same issues, even though the answers are readily available to Plaintiff.  *See, e.g.,* Plaintiff's Opp. Br. at 3 ("It is these types of non-responses about which Plaintiff intends to depose an AT&T corporate representative during a 30(b)(6) deposition").[2]

Plaintiff also complains in its opposition that AT&T did not provide a sufficient answer as to whether AT&T has plans to offer U-verse in New York in the future.  Plaintiff's Opp. Br. at 4.[3]  But the discovery Plaintiff seeks regarding Defendants' future plans, if any, is completely irrelevant to the motion to dismiss AT&T Inc. in the first place.  Personal jurisdiction is assessed *as of the filing date of the complaint*.  Future, speculative conduct and contacts are irrelevant.  *See, e.g., Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 937 F.2d 44, 52 (2nd Cir., 1991), *citing* 4 C. Wright & A. Miller, Federal Practice and Procedure, § 1051, at 160-62 (1987).  *Even if* AT&T were to release plans to bring a service to New York some years down the road, the personal jurisdiction calculus would remain unchanged.

---

owned property located in New York are necessarily unrelated to the patent infringement allegations in this case.  *See, e.g., Nationwide Mut. Ins. Co.*, 2011 WL381612 at *10.

[2] Beyond that, Plaintiff argues as another supposed deficiency in the discovery provided that the AT&T entities who answered the Complaint in this action responded that they did not have responsive information about another AT&T entity, AT&T Inc., a holding company which moved to dismiss the complaint against it in lieu of answering.  Plaintiff's Opp. Br. at 2-3.

[3] Plaintiff's request for information about AT&T's potential future business plans presents a challenging burden, which would require conversations with all high level employees of the AT&T companies to ascertain whether AT&T has considered plans to introduce U-verse in an expanded market that includes New York State.  Under the circumstances, AT&T's interrogatory response is both appropriate and commensurate with Plaintiff's needs in responding to the motions.  Plaintiff has shown nothing to the contrary that would otherwise suggest a New York release of U-verse is imminent – or that such a release would even bear on the issues.

AT&T DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO REINSTATE

Case No. 11-CV-4948

**B.    Plaintiff Dislikes the Facts AT&T Provided and Improperly Seeks to Use Jurisdictional Discovery to Dispute Substantive Technical Issues**

Plaintiff in its opposition expresses what has become apparent throughout this jurisdictional discovery process: Plaintiff is simply unhappy with the truth borne out by the answers to its interrogatories.  As a result, Plaintiff seeks to use this discovery process as a mechanism to fish for additional facts and to address the technical merits of the case.

For example, Plaintiff argues that AT&T made "materially false statements in certain of its responses" and cites AT&T's statement in an interrogatory response that "Researchers at the AT&T Labs in New Jersey are engaged in research regarding future products and technologies that are not related to any past or current implementation of U-verse or other issues in this case." *See* Plaintiff's Opp. Br. at 3.  Plaintiff argues the statement is "materially false" because "research papers regarding IPTV have been published by AT&T Labs in New Jersey, some of which identify AT&T U-verse by name."  As a result, Plaintiff argues, the response "requires further clarification through a 30(b)(6) deposition."  *Id*.

Though Plaintiff does not cite any particular AT&T Labs document in support, it does reference at least one such document in its infringement contentions served in this matter.  That document, purportedly a 2007 AT&T Labs document by K.K. Ramakrishnan and entitled "Using the Internet Protocol suite to build an end-end IPTV service," includes a large-print disclaimer on the very first page that states "The information provided here is not meant to describe specific AT&T's products or services," and which further goes on to describe that the document does not include AT&T proprietary information, is based on "publicly available information or well-studied networking extrapolations and modeling formulations of public information."  *See* Exh. N hereto.  The other documents supposedly sourced from AT&T Labs are likewise hypothetical and theoretical discussions that do not reflect the AT&T U-verse network as it is implemented in the real world.  The documents are entirely consistent with AT&T's stated and sworn position that the research and development conducted at AT&T Labs is experimental and forward-looking, and does not bear on AT&T's commercial services at issue in this case.

In any event, this jurisdictional discovery is not the proper mechanism for addressing the technical merits and operation of the accused service, and Plaintiff's focus on these issues further demonstrates that the proper jurisdictional discovery has already run its course. "Discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F.Supp. 1323, 1328 (S.D.N.Y. 1986).

### C. Plaintiff Seeks Overly Broad Discovery Not Commensurate with What Is Needed in Connection with AT&T's Motions

Plaintiff suggests that AT&T "severely exaggerates" the overbroad discovery sought by Plaintiff, but its argument rings hollow in the face of interrogatories posed that request volumes of information, including the following:

- o   Interrogatory 1(c) – Plaintiff's request for the addresses of every single office/residence/place of business that AT&T Inc. has in the *entire* United States;

- o   Interrogatory 2(a) – Plaintiff's request for the total number of *all* people who have *ever* worked on U-verse, and the locations of each;

- o   Interrogatory 2(b) – Plaintiff's request for locations of *all* witnesses and *all* documents related to U-verse (outside of Texas);

- o   Interrogatory 5 – Plaintiff's request for the name, address, title, and other biographic information for every officer and director of the identified AT&T subsidiaries.

*See generally* Exh. D to AT&T's Opening Br.

### III. Conclusion

Plaintiff's refusal to allow AT&T's motions to be heard is a product of Plaintiff's dogged insistence on pursuing the case in this forum in spite of the facts elicited through the jurisdictional discovery: that AT&T Inc. is merely a holding company with no employees; that the accused U-verse service is not offered in New York State, and in any event is not offered by AT&T Inc.; and that the major AT&T facilities and personnel connected to the U-verse services are centered in and around Dallas – the far more appropriate venue for resolving this dispute.

Accordingly, AT&T respectfully requests that its motions be reinstated, and that an expedited schedule for opposition and reply briefs be entered.

Respectfully submitted,

DATED:  February 27, 2012                    BAKER BOTTS L.L.P.


By:   /s/ Robert L. Maier
      Richard B. Harper
      Robert L. Maier
      **BAKER BOTTS L.L.P.**
      30 Rockefeller Plaza
      New York, New York 10112
      Tele:  (212) 408-2500
      Fax:   (212) 259-2538
      richard.harper@bakerbotts.com
      robert.maier@bakerbotts.com

      Bryant C. Boren, Jr.,
      (Admitted *pro hac vice*)
      Kevin E. Cadwell
      (Admitted *pro hac vice*)
      **BAKER BOTTS L.L.P.**
      620 Hansen Way
      Palo Alto, California 94304
      Tele:  (650) 739-7501
      Fax:(650)739-7601
      kevin.cadwell@bakerbotts.com
      bryant.c.boren@bakerbotts.com

      Kurt M. Pankratz
      (Admitted *pro hac vice*)
      **BAKER BOTTS L.L.P.**
      2001 Ross Avenue
      Dallas, Texas 75201
      Tele:  (214) 953-6500
      Fax:   (214) 953-6503
      kurt.pankratz@bakerbotts.com


      *Attorneys for Defendants*
      *AT&T Inc., AT&T Operations, Inc. and*
      *AT&T Services, Inc.*

AT&T DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO REINSTATE                                    Case No. 11-CV-4948

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of February, 2012, a copy of the foregoing AT&T DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO REINSTATE THE MOTION TO DISMISS AND MOTION TO SEVER AND TRANSFER was filed with the Clerk of the Court of the United States District Court for the Southern District of New York and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ Robert L. Maier
Robert L. Maier