UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>Defendants. | No. 11 Civ. 4948 (LTS) (KNF) |



[PROPOSED] ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. Either party may seek to modify this order upon a showing of good cause.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6.  Subject to paragraphs 7 and 8 below, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, including any such existing or pending production requests, shall not include email or other forms of electronic correspondence (collectively "email").

7.  Email production shall only be for specific issues, rather than general discovery of a product or business.

8.  The parties shall continue to meet and confer to identify the scope of email production. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. No email production shall occur prior to the conclusion of the parties' email production meet and confer.

9.  Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The patent numbers of all the asserted patents shall count as a single search term. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14.

DATED: 3/30/12

/s/ Kevin Nathaniel Fox
The Honorable Kevin N. Fox
United States Magistrate Judge

To the extent that any inconsistency might exist between this order and the Patent Local Rules of the United States District Court for the Northern District of California, adopted by the assigned district judge's November 3, 2011 pretrial scheduling order, the parties shall bring such an issue to the Court's attention promptly for resolution. KNF U.S.M.J.