UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Civil Action No. 1:11-cv-04948 (LTS)(KNF)<br><br>**DEFENDANT AT&T INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS <u>MOTION TO DISMISS</u>** |

AT&T Inc. respectfully submits this Reply memorandum in support of its motion to dismiss (Dkt. No. 45).

## I.      INTRODUCTION

Plaintiff tells the Court that AT&T Inc. is a holding company, and on the basis of this fact alone, blithely asserts that AT&T Inc. is subject to personal jurisdiction in the Southern District of New York.  Plaintiff is correct on the first point:  AT&T Inc. is a holding company.  It is a Delaware corporation with its principal place of business in Dallas, Texas, and it has no contacts in the State of New York.  The controlling authority universally establishes that AT&T Inc. cannot be haled into this Court on that basis.

Plaintiff does not claim that AT&T Inc. is subject to the general jurisdiction of this Court pursuant to New York's long arm statute based on direct contacts with the state of New York. N.Y. C.P.L.R. § 301 (McKinney 2008).  Indeed, it cannot do so, since AT&T Inc. has no connections to New York.  AT&T Inc. is incorporated and organized in the State of Delaware, and its principal place of business is Dallas, Texas.  Decl. of Threlkeld to AT&T's Opening Br., at ¶ 2.  AT&T Inc. has no presence in New York.  It does not maintain a place of business in New York, is not licensed to do business in New York, and does not own, lease, manage, or maintain any real property in New York.  *Id.* at ¶ 7.  AT&T Inc. does not make, market, use or sell any goods or services in New York.  *Id.* at ¶ 10.  AT&T Inc. directs none of its activities towards residents of New York.  *Id.* at ¶ 4, 6.  AT&T Inc. conducts no business directly with the public in New York or anywhere else.  *Id.* at ¶ 4, 6.

Plaintiff seeks to hale AT&T Inc. into this foreign jurisdiction because of its ownership of subsidiaries AT&T Services, Inc. and AT&T Operations, Inc.  Plaintiff argues that AT&T Services, Inc. and AT&T Operations, Inc. are "mere departments" of parent company AT&T Inc. But Plaintiff's theory finds no support in the case law, as under the controlling *Beech Aircraft* test, three of the four factors required to find subsidiaries to be "mere departments" are missing. Indeed, Plaintiff does not cite a single case to support a finding of jurisdiction under "mere

department" theory on the facts present here.[1]

AT&T Inc. respectfully reasserts its request that this Court dismiss all claims against AT&T Inc. for lack of personal jurisdiction.

## II.   ARGUMENT

### A. Plaintiff Must Establish by a Preponderance of the Evidence That Personal Jurisdiction Exists

When jurisdiction related discovery has taken place, the plaintiff must demonstrate by a preponderance of the evidence that personal jurisdiction exists. *Volkswagenwerk Aktiengesellscaft v. Beech Aircraft Corp.*, 751 F. 2d 117, 120 (2d Cir. 1984); *See also, Audiovisual Publishers, Inc. v. Manor Care, Inc.,* No. 04-CV-98, 2006 WL 3511345, *5 (W.D.N.Y. Dec. 6, 2006). AT&T Inc. provided more than sufficient jurisdictional discovery to Plaintiff, but Plaintiff attempts to lessen its burden of proof by rehashing issues already decided by the Court in connection with AT&T's motion to reinstate. *See* Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 7-10. AT&T Inc. served 42 pages of detailed and complete responses to Plaintiff's interrogatories. *See* Ex. 1 to Plaintiff's Op., Dkt. No. 83. Particularly troubling are Plaintiff's accusations that AT&T made "materially false statements" in response to Plaintiff's jurisdictional interrogatories. For the reasons explained more fully in AT&T Services, Inc. and AT&T Operations, Inc.'s Reply brief on their motion to sever and transfer (submitted concurrently herewith), which AT&T Inc. will not repeat in this reply, Plaintiff's allegations are baseless. AT&T Inc. provided more than sufficient jurisdictional discovery to Plaintiff. Plaintiff attempts to create a side-show by focusing on discovery in *this* briefing because it cannot carry its burden of proof on the issue of personal jurisdiction.

---

[1]   The *only* case that Plaintiff alleges supports a finding that AT&T Services, Inc. and AT&T Operations, Inc are "mere departments" of AT&T, Inc.—based on the use of common counsel—is *Knapp v. Consol. Rail Corp.* 89-cv-1034S, 1992 WL 170891, *5 (W.D.N.Y. July 7, 1992). In *Knapp*, the court found the use of the same general counsel by two entities to be an example of common personnel within the corporations. Plaintiff seems to argue that this is somehow analogous to the AT&T Defendants' retention of the same outside counsel in this litigation. But the companies' selection of outside counsel's trial team is wholly irrelevant to a client's observance of corporate formalities.

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS                                                                              Case No. 11-CV-4948

**B. Plaintiff Failed to Allege Facts Sufficient to Establish That AT&T Services, Inc, and AT&T Operations, Inc. Are "Mere Departments" of ATT Inc.**

The presence of a local corporation does not create jurisdiction over a related, but independently managed, foreign corporation. *Beech Aircraft*, 751 F. 2d at 120. New York courts only assert jurisdiction when a parent's control of the subsidiary "extends far beyond mere ownership . . . on the grounds that [the subsidiary] is a "mere department" of [the parent] . . . ." *Id*. Under the "mere department" theory, a simple business relationship is insufficient to impute jurisdiction. *Beech Aircraft*, 751 F. 2d at 120. Only where "the activities of the parent show a disregard for the separate corporate existence of the subsidiary" may jurisdiction be asserted over the foreign corporation. *Id.* Courts in the Second Circuit apply a four factor test to determine whether a subsidiary is a "mere department" of a parent: (1) common ownership, which is essential; (2) financial dependency of the subsidiary on the parent; (3) the degree to which the parent interferes in the selection and assignment of the subsidiary's personnel and fails to observe corporate formalities; ***and*** (4) the degree of control that the parent exercises over the subsidiary's marketing and operational policies. *Id.* at 120-122.

AT&T Inc. does not dispute that AT&T Services, Inc. and AT&T Operations, Inc. are wholly owned subsidiaries of AT&T Inc. However, that fact alone is not nearly enough to establish jurisdiction over AT&T Inc.; the Court must also consider each of the remaining three factors, none of which supports jurisdiction. *Ginsberg v. Govt. Props. Trust, Inc.,* 2007 WL 2981683 *8 (S.D.N.Y. 2007); *See generally, Philip Morris, Inc. v. Ontamadiai,* 02 CV 7575, 2004 WL 1348987 (S.D.N.Y. Jun 14, 2004)(finding no jurisdiction when common ownership was present but no other factor was established).

Plaintiff does not allege legally sufficient facts for any of the second, third, and fourth *Beech Aircraft* factors to support a finding of "mere department" by a preponderance of the evidence.[2] Accordingly, there is an insufficient basis upon which to assert jurisdiction over

---

[2]   In addition to its failure to allege sufficient facts in its opposition brief, Plaintiff's regurgitation of allegations from the Complaint as purported facts is utterly insufficient. Plaintiff also argues that AT&T has "waived its right" to dispute certain facts alleged by Plaintiff in its Complaint. *See* Plaintiff's Opp. at n.2. AT&T Inc. has not answered the Complaint and is not required to, because it properly moved to dismiss the Complaint for lack of personal jurisdiction

foreign corporation AT&T Inc.

### 1.  Plaintiff Did Not Establish that AT&T Services, Inc. and AT&T Operations, Inc. are Financially Dependent on AT&T Inc.

The second *Beech Aircraft* factor requires the plaintiff to establish that the subsidiary "is financially dependent on its parent, *i.e.*, that [AT&T Services, Inc and AT&T Operations, Inc.] cannot run [their] business[es] without the financial backing of [the] parent." *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 410 (S.D.N.Y. 2002);  *See also, Jerge v. Potter,* No. 99-CV-0312E(F), 2000 WL 1160459, *3 (W.D.N.Y. Aug. 11, 2000)(no evidence of financial dependency where parent did not provide day-to-day or annual financing to subsidiary); *Linde v. Arab Bank, PLC,* 262 F.R.D. 136, 143 (E.D.N.Y. 2009)(Second factor not established where subsidiary had significant assets of its own, paid its own business expenses (including the salaries of all of its personnel), and did not borrow money or receive funds from the parent.).

The Second Circuit held that common income reporting is not dispositive of this inquiry. *Jazini v. Nissan Motor Co., LTD*, 148 F.3d 181, 186 (2d Cir. 1998); *See also, Jerg*, 2000 WL 1160459 at *3; *Linde v. Arab Bank, PLC*, 262 F.R.D. at 143.  Moreover, the Western District of New York recognized that by virtue of its organizational structure, a holding company is dependent on its subsidiaries, rather than the other way around. *Audiovisual,* 2006 WL 3511345 at *7 (stating that "the parent, as a holding company is in the business of acquiring other entities for investment purposes, is financially dependent on its subsidiaries such that the second factor does not favor finding the parent present where the subsidiary conducts business" (internal citation omitted)).

Plaintiff does not claim that AT&T Services, Inc. and AT&T Operations, Inc. could not run their businesses without AT&T Inc.'s financial backing.  Instead, Plaintiff states only that AT&T Inc. "holds the cash for all subsidiaries" and "reports the earnings of its subsidiaries . . . as its own."  Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 12.   Those statements, if true,

---

in lieu of answering.  There has been no "waiver."

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS

make AT&T Inc. nothing more than a garden variety public holding company, which is never sufficient to establish personal jurisdiction.  Neither allegation establishes that AT&T Services, Inc. and AT&T Operations, Inc. could not run their businesses without AT&T Inc.'s financial backing.  Indeed, the Second Circuit expressly disclaimed common income reporting as an indication of financial dependency.  *See Jazini*, 148 F.3d at 186.  Moreover, AT&T Inc.'s holding of cash for all its subsidiaries does more to support the *Audiovisual* court's position that a holding company is financially dependent on its subsidiaries than the inverse.

Plaintiff has not established and cannot establish relevant evidence of financial dependency and cannot support a finding of "mere department."  Accordingly, there is an insufficient basis upon which to assert jurisdiction over foreign corporation AT&T Inc.

> **2.  Plaintiff Did Not Establish that AT&T Inc. Interferes in the Selection and Assignment of its Subsidiaries' Personnel and Fails to Observe Corporate Formalities**

In evaluating the third *Beech Aircraft* factor, courts consider "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities."  *Beech Aircraft Corp.*, 751 F. 2d at 121.  Courts throughout this circuit have held that it is not enough for a plaintiff to establish that some corporate officers are shared by the parent and subsidiary.  *Jazini*, 148 F.3d at 185; *See also, Jerg*, 2000 WL 1160459 at *3 (stating that "[h]aving common directors and officers is a normal business practice of a multinational corporation and absent complete control there is no justification for labeling a subsidiary a 'mere department' of the parent."); *In re Ski Train,* 230 F. Supp. 2d at 412 (plaintiff failed to establish a prima facie case for the third *Beach Aircraft* factor where only two directors were affiliated with both the parent and subsidiary and the plaintiff did not allege common management); *J.L.B. Equities v. Ocwen Fin. Corp.,* 131 F. Supp. 2d 544, 550 (S.D.N.Y. 2001)("It has been established that overlapping officers and directors are intrinsic to the parent-subsidiary relationship, and that they are not determinative as to whether the subsidiary is a 'mere department' of the parent.")  Rather, the plaintiff must specifically establish

that the parent "interferes in the selection and assignment" of corporate officers.  *See generally, Stone, v. Ranbaxy Pharm*, No. JFM-10-CV-08816, 2011 WL 2462654, \*3 (S.D.N.Y. June 16, 2011).

Here, Plaintiff relies on nothing more than the fact that John Stankey and Jim Cicconi are concurrently officers of AT&T Inc. and employed by its subsidiaries and the conclusory statement that these common officers "demonstrate AT&T's active involvement in the selection and assignment of the executive personnel of its subsidiaries."  Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 13.  As discussed above, the mere existence of shared officers does not establish that a subsidiary is a "mere department" of its parent.  *See, Jazini*, 148 F.3d at 185; *Jerg*, 2000 WL 1160459 at \*3; *In re Ski Train,* 230 F. Supp. 2d at 412; *J.L.B. Equities v. Ocwen Fin. Corp.,* 131 F. Supp. 2d at 550.  Plaintiff offers no facts (because none exist) to support the allegation that AT&T Inc. interfered in the selection and assignment of Stankey or Cicconi.  Like the allegations that were found deficient in *Stone,* this naked allegation of interference is insufficient to establish the third *Beach Aircraft* factor.  *Stone,* 2011 WL 2462654, \*3; *In re Ski Train,* 230 F. Supp. 2d at 410 (stating that "[l]egal conclusions couched as factual allegations are not factual allegations and cannot substitute for them." (internal citation omitted)).

Moreover, Plaintiff completely failed to allege any facts to show that the AT&T defendants do not observe corporate formalities, hardly a surprise given the facts in AT&T Inc.'s sworn affidavit.  Indeed, it would be shocking if it could.  Accordingly, Plaintiff failed to establish the facts required under the third *Beech Aircraft* factor sufficient to justify the exercise of jurisdiction over AT&T Inc.   *See e.g., In re Ski Train,,* 230 F. Supp. 2d at 411 (plaintiff's failure to allege any facts to support one of the *Beech Aircraft* factors was insufficient to establish a *prima facie* case that a subsidiary was a "mere department" of its parent).

### 3.  Plaintiff Did Not Establish that AT&T Inc. Exercises Control Over its Subsidiaries' Marketing and Operational Policies

The fourth *Beech Aircraft* factor to be evaluated by the Court is the "degree of control over the marketing and operation policies of the subsidiary exercised by the parent."  *Beech*

*Aircraft,* 751 F.2d at 122.  This standard requires the plaintiff to establish "pervasive control over the subsidiary." *Jazini*, 148 F.3d at 185 (holding that statements by a foreign corporation to the effect that the company "needs to become a truly global company" and requests for "worldwide cooperation" from its subsidiaries did not show the pervasive control required to establish a *prima facie* showing under the "mere department" theory).  A multinational parent may make broad policy decisions for a subsidiary without the subsidiary being found to be a mere department.  *Saraceno v. S.C. Johnson and Sons, Inc.,* 83 F.R.D. 65, 71 (S.D.N.Y. 1979).  Moreover, "it is perfectly appropriate for a parent corporation to urge companies it owns to achieve its strategic and financial goals; that is, in fact, the purpose behind owning a portfolio of companies." *In re Ski Train,* 230 F. Supp. 2d at 411.

Additionally, the "use of a common trade name on a communication intended to be read by the consuming public cannot create a single entity structure given the sophistication and complexity of today's corporate world." *Id.* (citing *Aerotel Ltd. v. Sprint Corp*., 100 F. Supp. 2d 189, 191 (S.D.N.Y. 2000); *Bellomo v. Penn. Life Co.,* 488 F. Supp. 744, 745 (S.D.N.Y. 1980)(holding that a parent does not subject itself to jurisdiction merely by portraying an affiliate as part of a unitary enterprise); *Indemnity Ins. Co. of N. Am. v. K-Line Am. Inc.*, No. 06 Civ 0615 (BSJ), 2007 WL 1732435, *10 (S.D.N.Y. June 14, 2007)(finding evidence that "show[ed] that [Defendant corporations were] an affiliation of related companies that cooperate in the marketing, sale, and production of products" insufficient to support jurisdiction under the "mere department" theory.)

Here, Plaintiff glibly asserts that AT&T Inc. should be subject to personal jurisdiction because it presents itself along with its subsidiaries as a unitary enterprise under the trade name "AT&T."  Plaintiff points to nothing more than public statements—submitted to the FCC and SEC—in which AT&T Inc. and its subsidiaries are referred to collectively as "AT&T" and in which the global policy and strategic goals and accomplishments of the "AT&T" entities are discussed.[3]  Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 6-7 & 15.  These allegations are

---

[3]     In fact, the only evidence that Plaintiff points to in alleging direct involvement or control

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS                                                          Case No. 11-CV-4948

insufficient, as courts in this district roundly reject the use of a common trade name as a basis for finding "mere department." *See In re Ski Train,* 230 F. Supp. 2d at 411; *Aerotel Ltd.*, 100 F. Supp. 2d at 191; *Bellomo.,* 488 F. Supp. at 745; *Indemnity Ins.*, 2007 WL 1732435 at \*10.

Additionally, Plaintiff argues that AT&T Inc. was "responsible for announcing, launching, and deploying the U-verse system for which AT&T Operations and AT&T Services provide services." Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, at 14. To support this allegation, Plaintiff cites only a public statement in which AT&T Inc. sought approval from the FCC to acquire BellSouth Corporation. Ex. 5 to Pl.'s Op. As part of that acquisition AT&T Inc., as the holding company and representative of the AT&T family of companies, was required to affirm commitments to the FCC that would be implemented *by its subsidiaries* after the acquisition. As discussed above, this kind of public portrayal of a subsidiary as part of a unitary enterprise is insufficient for the imposition of jurisdiction. *Bellomo.,* 488 F. Supp. at 745. Moreover, even if true, these allegations would be insufficient to support a finding of "mere department" as the parent's announcement of a joint undertaking is precisely the kind of activity that is not only accepted but expected by courts in this district. *Jazini*, 148 F.3d at 185; *In re Ski Train,* 230 F. Supp. 2d at 411. Accordingly, it is well established that these kinds of representations are insufficient to support the imposition of personal jurisdiction based on the "mere department" theory.

Plaintiff makes the unsupported allegation that "central control over the investment, decision-making, coordinating, and oversight from . . . AT&T itself, was necessary to AT&T and its subsidiaries to create and market its large-scale systems such as U-verse . . . ." Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 15. Couching legal conclusions as factual allegations is not a substitute for facts. *In re Ski Train,* 230 F. Supp. 2d at 410.

---

in the day-to-day operations of its subsidiaries is the declaration of Matthew Wallace to the FCC. Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 5. However, in that declaration Mr. Wallace *mistakenly* listed his employer as AT&T Inc. when his true employer at the time was AT&T Services, Inc., *See,* Ex. A, Wallace Decl. at ¶ 5. Accordingly, it is employees of AT&T Services, Inc. that are responsible for the U-verse network integration, including technical requirements, architecture, testing, and first office applications to which Mr. Wallace testified. *See generally, id.*

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS

Plaintiff has not established that AT&T Inc. exercises control over the marketing and operations of its subsidiaries sufficient for the imposition of jurisdiction under the "mere department" theory.

### 4. Plaintiff Attempts to Cloud the Issue by Referencing Irrelevant and Inapposite Opinions from Unrelated Litigation

In an effort to bolster its otherwise unsupported argument, Plaintiff references the *pleadings* in an unrelated litigation, *Two-Way Media LLC v. Akamai Technologies, Inc.* No. cc-8-116, slip op. (S.D. Tex. Jan 24, 2009). Those citations are at best misleading — all of the language Plaintiff cites is merely the *Two-Way Media* court recounting arguments made by the Plaintiff—not AT&T Inc.—in its opposition to summary judgment. In denying summary judgment, the *Two-Way Media* court did not issue findings of fact but merely held that a fact issue remained. Plaintiff's citations to *Two-Way Media* are of no value in establishing jurisdiction over AT&T Inc. under New York law, as the *Two-Way Media* court was considering different law and applying a different legal standard.

Plaintiff also attempts to distort the record by citing to dicta from an unrelated decision in *Tivo, Inc. v. AT&T Inc.* Plaintiff's Opp. at 4. That decision addressed a motion to transfer and had nothing to do with questions of personal jurisdiction. Yet here again, Plaintiff relies on misleading quotes – the court in that case made no finding as to whether or not AT&T Inc. is a holding company and held only that there were fact issues as to all the relevant positions in dispute. Neither of these cases supports Plaintiff's arguments.

### C. Jurisdiction is Not Proper Under the Due Process Clause of the 14th Amendment

Plaintiff cannot and does not aver that AT&T Inc. has direct contacts with New York sufficient for the imposition of personal jurisdiction under the Due Process Clause of the 14th Amendment.[4] Instead, Plaintiff relies on the same "management of, control over, and close ties

---

[4] Plaintiff alleges that AT&T Inc. owns real property "in New York City at 811 Tenth Avenue and at 33 Thomas Street," but this is simply incorrect. Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 14. AT&T Inc. neither owns nor pays taxes on real property at 811 Tenth Avenue or 33 Thomas Street. Ex. B, Decl. of Threlkeld at ¶ 4; Ex. C, Decl. of Sinton at ¶¶ 4-5.

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS                                                    Case No. 11-CV-4948

with its subsidiaries" arguments that it asserted in attempting to support the imposition of control under the New York long arm statute.   For the reasons discussed above, these facts are insufficient for the imposition of personal jurisdiction.

As briefed more thoroughly in Defendant's Memoranda in Support of Their Motion to Sever and Transfer, exercising personal jurisdiction over AT&T Inc. would impose a significant burden on AT&T Inc: AT&T's accused U-verse service is not even offered anywhere in New York State; and AT&T's major hubs, and the employees and documents most directly related to U-verse, are all centered in and around Dallas, Texas.  Moreover, despite Plaintiff's assertions to the contrary, its suits against AT&T and Verizon are not "related cases."   Plaintiff's Op. to AT&T Inc.'s Motion to Dismiss, 18.  AT&T and Verizon are independent companies accused of independent acts of infringement.[5]  Accordingly, there is no risk of "inconsistent rulings."   *Id.*

Personal jurisdiction is not reasonable under the Due Process Clause of the 14th Amendment, therefore, this Court should dismiss all claims against AT&T Inc.

### III.    CONCLUSION

Plaintiff has not established that jurisdiction over AT&T Inc. is proper under New York's long arm statute or the Due Process Clause of the 14th Amendment.  Accordingly, AT&T Inc. respectfully requests that its motion to dismiss be granted.

---

As discussed in Defendant AT&T Inc.'s Memorandum in Support of its Motion to Dismiss, AT&T Inc. has no connections to New York at all.  It does not maintain a place of business in New York, is not licensed to do business in New York, and does not own, lease, manage, or maintain any real property in New York.  Decl. of AT&T's Opening Br., Threlkeld at ¶ 7.

[5]     Courts in the Southern District of New York have uniformly held that the fact that two parties may sell similar products, and that these products are accused of infringing the same patent owned by the plaintiff, is *not sufficient* to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a). *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 127-28 (S.D.N.Y. 2003); *see also Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404 (S.D.N.Y. 2010) ("Joinder of unrelated parties into one action is generally inappropriate where . . . the infringement of the same patent is alleged, but the products are different.").

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS                                                                    Case No. 11-CV-4948

Respectfully submitted,

DATED:  May 10, 2012                        BAKER BOTTS L.L.P.


By:    /s/ Robert L. Maier
       Richard B. Harper
       Robert L. Maier
       **BAKER BOTTS L.L.P.**
       30 Rockefeller Plaza
       New York, New York 10112
       Tele:  (212) 408-2500
       Fax:   (212) 259-2538
       richard.harper@bakerbotts.com
       robert.maier@bakerbotts.com

       Bryant C. Boren, Jr.,
       (Admitted *pro hac vice*)
       Kevin E. Cadwell
       (Admitted *pro hac vice*)
       **BAKER BOTTS L.L.P.**
       620 Hansen Way
       Palo Alto, California 94304
       Tele:  (650) 739-7501
       Fax:(650)739-7601
       kevin.cadwell@bakerbotts.com
       bryant.c.boren@bakerbotts.com

       Kurt M. Pankratz
       (Admitted *pro hac vice*)
       **BAKER BOTTS L.L.P.**
       2001 Ross Avenue
       Dallas, Texas 75201
       Tele:  (214) 953-6500
       Fax:   (214) 953-6503
       kurt.pankratz@bakerbotts.com


       *Attorneys for Defendants*
       *AT&T Inc., AT&T Operations, Inc. and*
       *AT&T Services, Inc.*

-11-

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS                                    Case No. 11-CV-4948

-12-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of May, 2012, a copy of the foregoing AT&T

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO SEVER

AND TRANSFER was filed with the Clerk of the Court of the United States District Court for

the Southern District of New York and will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF).


/s/ Robert L. Maier
Robert L. Maier

AT&T INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS                                         Case No. 11-CV-4948