# Exhibit 2

**BAKER BOTTS** L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL  +1 212.408.2500
FAX  +1 212.408.2501
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
PALO ALTO
RIYADH
WASHINGTON

April 17, 2012

<u>VIA E-MAIL</u>

Joshua Raskin, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019-6028

Robert L. Maier
212.408.2538
FAX 212.259.2538
robert.maier@bakerbotts.com

    Re:    *Williamson v. Verizon et al.,*
             <u>Civil Action No. 11-CV-4948-LTS-KNF (S.D.N.Y.)</u>

Dear Josh,

    We write to follow-up on an issue raised during our meet-and-confer on discovery issues on Friday, April 13. [1]

    During that call, we were alarmed to learn that the vast majority of Williamson's documents – including the documents of Milo Medin, the inventor on all asserted patents in this case – have been destroyed. Below is an account of the details you shared with us during that conversation – please let us know if the below is in any way inaccurate:

- @Home went bankrupt in 2002. At that time, the company moved to a smaller location, at which a small team of administrative personnel assisted in connection with the winding down of the @Home business;

- Around that same time, in the Spring/Summer of 2002, all of @Home's documents were shipped to a vendor, Iron Mountain, for storage;

- The documents remained with Iron Mountain until late 2007/early 2008;

- At that time, Iron Mountain notified @Home that it had begun destroying/had destroyed many of the documents. @Home requested that Iron Mountain cease the destruction process;

- Only <u>five boxes</u> of documents, of the hundreds or thousands sent to storage, now remain;

- @Home was involved in earlier litigation relating to one of the asserted patents in this case. During that case, Weil Gotshal, who was then representing @Home, retrieved and made copies of certain @Home documents. These documents remain in Weil Gotshal's possession, and plaintiff has been actively working to retrieve the documents for production in this case;

---

[1] We have discussed this matter with the Verizon defendants as well, and they join in this letter.

NY02:741412.1

**BAKER BOTTS** LLP

Joshua Raskin, Esq.                                            2                                           April 17, 2012

- Most or all of inventor Milo Medin's documents generated in connection with the claimed inventions and during his time with @Home were destroyed;

- Most or all documents pertaining to the @Home business, and @Home's building and implementation of the systems purportedly covered by the asserted patents, were destroyed;

- Williamson does have a modest collection of ESI documents kept on a series of hard drives, approximating ~300GB of total data. These are the hard drives that include documents taken from the computers of the administrative team responsible for winding down the @Home business. Accordingly, these do not include documents generated (1) contemporaneous with the inventions of the patents-in-suit, or (2) contemporaneous with the relevant @Home business and systems.

As you must know, this destruction of highly relevant evidence presents a serious issue, and defendants reserve their rights to all relief to which they may be entitled (including in the form of sanctions, adverse inference instructions, or otherwise). *See, e.g., Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003).

For the time being, we seek information about the circumstances surrounding this destruction of documents. In particular, please confirm that Williamson will agree to produce: (1) all documents relating to the destroyed documents, (2) all documents, including all communications, relating to the destruction of the destroyed documents; (3) all documents, including all communications, relating to any effort to preserve the destroyed documents; (4) the identities of the contacts at Iron Mountain with whom Williamson or Williamson's counsel has corresponded on this issue; and (5) the identities of the attorneys/support staff at the Weil Gotshal law firm with whom Williamson or Williamson's counsel has corresponded on this issue. Additionally, to the extent you have any additional information regarding the documents that were destroyed (including whether they were only paper documents, or paper documents in addition to ESI), please provide that information. At a minimum, please let us know the precise dates the documents and data were moved, stored, and destroyed. Finally, please identify the source of the @Home documents produced in connection with Williamson's N.D. Cal. L.R. 3-2 production to the defendants in this case.

Frankly, we were surprised that this is the very first time either defendant has learned of these serious spoliation issues. Williamson failed to raise this issue in responses to the defendants' formal requests for production, in letters to the Court regarding the discovery schedule and the entry of an order governing electronic discovery, or during the November 3, 2011 and March 7, 2012 status conferences where the parties discussed issues relating to document discovery with Judge Swain and Chief Magistrate Judge Fox.

Furthermore, Defendants in this case raised the issue of electronic discovery in January, and since that time have met and conferred at length with Williamson on the issue of e-mail discovery and other ESI. On several occasions, we asked Williamson about the volume of e-

NY02:741412.1

**BAKER BOTTS** LLP

Joshua Raskin, Esq. 3 April 17, 2012

mail it had in its possession, as that could be an important factor in connection with the parties' negotiations regarding entry of a suitable ESI order. Williamson never answered the question, and instead fought at length to try and leave electronic discovery unbounded by any such order.

Ultimately the defendants were forced to bring a motion to Judge Fox. Even at that time, Williamson did not notify the defendants of the fact that the most critical e-mails – those generated during operation of the @Home business, and those relating to/generated by Mr. Medin – have all been destroyed. Only after Defendants' letter to Judge Fox asking for entry of an ESI order did Williamson finally relent and stipulate to entry of a version of the model ESI order.

Of course, all along it was to plaintiff's advantage not to restrict e-mail discovery in any way – plaintiff all the while knew that it has no important e-mail discovery to give to defendants, while the AT&T and Verizon operating company defendants have potentially massive volumes of e-mail to search. However, plaintiff never revealed that fact until now, well after defendants were forced to raise the issue with the Court. Given the nature and severity of these issues, Williamson's litigation tactics surrounding these discovery matters are at least highly suspect.

This spoliation of evidence by Williamson/@Home and/or their agents, whether a result of negligence, recklessness, or with culpable intent, poses a significant issue for the defendants in this case. Of course, without knowing what documents were included in the collection, it is impossible for the defendants to assess the full impact of the prejudice to their ability to defend this case. However, given that only five boxes of documents, out of hundreds or thousands, are all that remain from the operation of the @Home business and network (including from the documents of the sole named inventor on all asserted patents in this case), the weight of the prejudice appears at first glance to be substantial. Even to the extent that @Home's attorneys saved some relevant documents through prior litigation efforts, Williamson/@Home as a result have had a chance to cherry pick the documents they selected to produce in the earlier case. All the rest have been destroyed.

We look forward to hearing from you as soon as possible in connection with these issues.

Very truly yours,

*/s/  Robert L. Maier*

Robert L. Maier

cc:   Eric Bitzegaio, Esq.
      David Basset, Esq.
      Omar Khan, Esq.
      Christine Duh, Esq.
      B.C. Boren, Esq.
      Kurt Pankratz, Esq.
      Kevin Cadwell, Esq.

NY02:741412.1