



# WILMERHALE

**David B. Bassett**

June 14, 2012

+1 212 230 8858(t)
+1 212 230 8888(f)
david.bassett@wilmerhale.com

**Via Facsimile**

MEMO ENDORSED

Honorable Kevin N. Fox
Chief Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
F: (212) 805-6712

Re: *Williamson v. Verizon Communications Inc., et al.*, Case No. 1:11-cv-04948-LTS-KNF

Dear Chief Magistrate Judge Fox:

We represent Verizon Communications Inc., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, Verizon New York Inc., and Verizon Services Corp. (collectively "the Verizon Defendants") in the above-referenced patent infringement action. I write on behalf of all parties to request an extension of the August 3, 2012 deadline for fact discovery set forth in the Court's November 3, 2011 Pre-Trial Scheduling Order (D.I. 58 at ¶ 2(a)).

As noted in AT&T's June 11, 2012 letter to the Court and Plaintiff's June 14, 2012 response, the parties agree that expert discovery should be postponed but they disagree as to the nature and extent of the postponement. Extending the fact discovery period would give the parties the flexibility to take advantage of additional time in the schedule created by any postponement of expert discovery. As set forth in the enclosed Stipulation and Proposed Order, the parties respectfully request that the time to conduct fact discovery be extended from August 3, 2012 to November 6, 2012.

There have been no previous requests for extension of the fact discovery deadlines, and the parties do not expect that the requested extension will affect other scheduled dates. Accordingly, on behalf of all parties, I respectfully ask the Court to grant this application and to enter the enclosed Stipulation and Proposed Order.

Respectfully submitted,

David B. Bassett

Enclosure
cc: Counsel of Record

*Handwritten endorsement:* 6/18/12 Paragraph 10 of the November 3, 2011 scheduling order makes clear that the deadlines set forth in that order can be adjourned only "upon good cause as shown in a written application signed by both counsel and counsel's client." "Good cause," as used in paragraph 10 of the scheduling order, "does not include circumstances within the control of counsel or the client." "Flexibility to take advantage of additional time," is not good cause to modify the schedule for a circumstance which is beyond the control of counsel or their clients. Therefore, the instant application is denied. SO ORDERED: Kevin Nathaniel Fox, U.S.M.J.

Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington