UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD A WILLIAMSON, ON
BEHALF OF AND AS TRUSTEE FOR
AT HOME BONDHOLDERS'
LIQUIDATING TRUST,

                Plaintiff,

                -against-                :      **ORDER**

VERIZON COMMUNICATIONS INC.,          :      11 Civ. 4948 (LTS)(KNF)
VERIZON SERVICES CORP., VERIZON
CORPORATE RESOURCES GROUP LLC,
VERIZON DATA SERVICES LLC, VERIZON
NEW YORK, INC., AT&T INC., AT&T
OPERATIONS, INC., AT&T SERVICES, INC.,

                Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       By a letter, dated June 14, 2012, the parties made a joint request for "an extension of the August 3, 2012 deadline for fact discovery set forth in the Court's November 3, 2011 Pre-Trial Scheduling Order," contending that "[e]xtending the fact discovery period would give the parties the flexibility to take advantage of additional time in the schedule created by any postponement of expert discovery." On June 18, 2012, the Court denied the parties' request because the "'flexibility to take advantage of additional time' is not good cause to modify the schedule for a circumstance which is beyond the control of counsel or their clients." By a letter, dated June 26, 2012, the parties sought "reconsideration of that ruling in light of the . . . circumstances, which they believe constitute good cause." The following are the circumstances to which the parties refer, in pertinent part:

> Plaintiff is the Trustee of the At Home Bondholders' Liquidating Trust, which was one of three liquidating trusts formed in 2002 as part of the liquidation plan

for the then-and now-defunct At Home Corporation. . . . During a meet and confer on April 13, 2012, Plaintiff informed the defendants that almost all of the records of At Home Corporation, which Plaintiff has been informed initially comprised approximately two thousand boxes of documents and servers, were destroyed sometime in 2007 by Iron Mountain. Iron Mountain was the third party storage vendor of the At Home Liquidating Trust (another of the three liquidating trusts formed in 2002 in connection with the bankruptcy of At Home Corporation). The only presently known potential source of some of At Home Corporation's possibly relevant records may be the Weil Gotshal law firm (in addition to the records of patent prosecution counsel which have already been produced), as Weil Gotshal previously represented Plaintiff in one patent lawsuit and two corporate fiduciary duty lawsuits, and in connection with those representations copied portions of the files that Plaintiff later learned were destroyed by Iron Mountain. Plaintiff has been attempting to retrieve, review, and produce those documents as expeditiously as possible, but that process has been slowed by the speed of Weil's response. . . . Although Plaintiff has started producing these documents on a rolling basis as they become available, the parties expect this rolling production to continue for approximately two or three months.
. . . For this reason, the parties request an extension of the fact discovery deadline from August 3 to November 6, so that these discovery issues, which are outside the parties' control, can be fully vetted.

Local Civil Rule 6.3 of this court provides a vehicle for a party to make a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The circumstances described in the parties' June 26, 2012 letter were presented to the Court for the first time on that date. Since the parties do not contend that the Court overlooked any matters or law, their request for reconsideration is without basis.

Moreover, even assuming that reconsideration is warranted, which it is not, the parties' contentions lack merit, and the reasons underlying their request to extend fact discovery do not constitute good cause. That is so because the plaintiff knew, but failed to inform the defendants before April 13, 2012, and the Court before June 26, 2012, that "almost all of the records of At Home Corporation . . . were destroyed sometime in 2007." The plaintiff failed to explain why: (a) he waited until April 13 and June 26, 2012, to inform the defendants and the Court, respectively, about the unavailability of the plaintiff's documents; and (b) knowing that the

plaintiff's documents "were destroyed sometime in 2007," and being aware of the November 3, 2011 Pre-Trial Scheduling Order setting the August 3, 2012 fact discovery deadline, the plaintiff did not undertake efforts to obtain any relevant documents from Weil Gotshal timely. Furthermore, the parties' contention that At Home Corporation's documents which were or might be retrieved from Weil Gotshal are "possibly relevant," because Weil Gotshal represented the plaintiff in prior unrelated lawsuits and might have "copied portions of the files that Plaintiff later learned were destroyed by Iron Mountain," is highly speculative. Curiously, the parties do not specify, when they contend that the "Plaintiff later learned" that At Home Corporation's documents were destroyed, the exact time when the plaintiff learned that the documents were destroyed sometime in 2007 or to what moment in time "later" refers in the phrase "Plaintiff later learned."

For the foregoing reasons, the parties' June 26, 2012 request, that the Court reconsider its June 18, 2012 denial of their request that the November 3, 2011 Pre-Trial Scheduling Order be modified to extend the fact discovery deadline from August 3 to November 6, 2012, is denied.

Dated: New York, New York
June 29, 2012

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3