UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Civil Action No. 1:11-cv-04948 (LTS)<br><br>**AT&T DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE FOX'S JUNE 29, 2012 ORDER DENYING THE PARTIES' MOTION TO EXTEND THE FACT DISCOVERY DEADLINE** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants AT&T Operations, Inc., and AT&T Services, Inc. (collectively, "the AT&T Defendants" or "Defendants") hereby object pursuant to Fed. R. Civ. P. 72(a) and respectfully request that this Court set aside Magistrate Judge Fox's June 29, 2012 Order denying the parties' joint motion to modify the Pre-Trial Scheduling Order to extend the fact discovery deadline from August 3, 2012 to November 6, 2012. (*See* Dkts. 98, 100).

## I.  INTRODUCTION

This is a patent infringement action brought by the Trustee of the At Home Bondholders' Liquidating Trust (a trust for the defunct At Home Corporation) ("Plaintiff").

The Defendants are unable to conduct routine merits discovery in the time remaining in this case, because Defendants are just now—three weeks before the fact discovery cutoff—receiving the bulk of the Plaintiff's documents in the form of a new production (which Defendants are told will include more than 620,000 documents, or millions of pages).[1] Defendants cannot yet ascertain what will be in these documents, or whether the documents include all of the discovery required to defend this suit. Even if the documents are produced over this coming weekend, there will not be enough time in the less than three weeks remaining before the August 3 fact discovery cutoff for the Defendants to adequately review the documents, and then prepare for and take the depositions noticed in this case.

This timing problem is a direct result of the fact that all of Plaintiff's records were destroyed some time in 2007. Plaintiff's documents were expected to be some of the most critical documents in the case, and likely touch on all major issues, including at least invalidity of the patents, non-infringement, damages, and laches. Plaintiff only first notified the parties of this

---

[1] The documents still have not been produced by Plaintiff as of this filing.

issue in April, and has now made a last-minute effort to reconstruct a subset of the destroyed records from a third party source. But Defendants are left still waiting for the bulk of Plaintiff's reconstructed document production, and will be unable to review the expected millions of pages of documents, and prepare for and conduct the noticed depositions required under these circumstances, before the current August 3 discovery cutoff.

More time is required in order to conduct any kind of meaningful discovery, and in order for Defendants to prepare the case for trial. Defendants therefore respectfully request that Magistrate Judge Fox's Order be reversed and that the fact discovery deadline be extended for Defendants.[2]

## II.  FACTUAL BACKGROUND

On June 14, 2012, the parties jointly submitted a letter to Magistrate Judge Fox requesting that the fact discovery deadline be extended. (*See* Dkt. 98). This request was denied. (Dkt. 98). The parties subsequently moved for reconsideration, explaining that:

> During a meet and confer on April 13, 2012, Plaintiff informed the defendants that almost all of the records of At Home Corporation, which Plaintiff has been informed initially comprised approximately two thousand boxes of documents and servers, were destroyed sometime in 2007 by Iron Mountain [a storage vendor]. . . . The only presently known potential source of some of At Home Corporation's possibly relevant records may be the Weil Gotshal law firm (in addition to the records of patent prosecution counsel which have already been produced), as Weil Gotshal previously represented Plaintiff . . . Plaintiff has been attempting to retrieve, review, and produce those documents as expeditiously as possible, but that process has been slowed by the speed of Weil's response. . . .

---

[2] In the spirit of cooperation and to gain the time needed without the need for detailed Court attention to the spoliation issue before it had been fully explored, the AT&T Defendants joined in the letter submitted to Magistrate Judge Fox by Verizon and Plaintiff. But the AT&T Defendants do not urge this Court to extend discovery for Plaintiff. Plaintiff, not hobbled by its own document destruction, has had ample time to conduct discovery as to its claims.

(*See* Dkt. 100 at 1-2).  Magistrate Judge Fox denied the parties' request for reconsideration and determined that the reasons underlying the parties' request to extend fact discovery:

> do not constitute good cause . . . because the plaintiff knew, but failed to inform the defendants before April 13, 2012, and the Court before June 26, 2012, that "almost all of the records of At Home Corporation . . . were destroyed sometime in 2007." The plaintiff failed to explain why: (a) he waited until April 13 and June 26, 2012 to inform the defendants, and the Court, respectively, about the unavailability of plaintiff's documents; and (b) knowing that the plaintiff's documents "were destroyed sometime in 2007," and being aware of the November 3, 2011 Pre-Trial Scheduling Order setting the August 3, 2012 fact discovery deadline, the plaintiff did not undertake efforts to obtain any relevant documents from Weil Gotshal timely.

(*Id*. at 2-3).

Defendants have not yet received the entirety of Weil Gotshal's production, and were informed as recently as yesterday afternoon that Plaintiff now intends to supplement the approximately 75,000 pages of documents it previously produced in this case with a new production of over 620,000 documents, which will surely span several millions of pages.  Within the confines of the current August 3 fact discovery cutoff, the mountain of documents that are expected in the coming days, and the depositions and other written discovery required in the coming weeks, Defendants will be unable to sufficiently prepare this case for trial.

### III.   ARGUMENT

**A.   Legal Standard**

Non-dispositive orders objected to under Fed. R. Civ. P. 72(a) are reviewed to determine if they are "clearly erroneous or contrary to law."  *Norex Petroleum Ltd. v. Access Indus., Inc.*, No. 02-1499-LTS-KNF, 2003 WL 21872389, at *2 (S.D.N.Y. Aug. 7, 2003).  Rule 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  A finding is clearly

erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Norex*, 2003 WL 21872389, at *2 (citation omitted).

## B.     The Discovery Deadline Should Be Extended

Despite Plaintiff's wholesale destruction of its documents, Defendants have been and are diligently conducting discovery in this case in connection with several issues.  Thus, there is good cause to extend the fact discovery deadline.  *See, e.g., Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (In determining whether a scheduling order should be modified for good cause, "the primary consideration is whether the moving party can demonstrate diligence.").

Defendants are in the process of reviewing documents that are finally being provided by Plaintiff's former law firm, Weil Gotshal, on a rolling basis.  In view of the destruction of documents and the not-yet-complete attempt to recreate some subset of those documents from other sources, this discovery cannot possibly be completed by the current August 3, 2012 discovery deadline.  The millions of pages of additional Weil Gotshal documents promised by Plaintiff over this coming weekend may or may not resolve some issues, but in any event Defendants will not have the time to sufficiently review the documents and conduct the remaining discovery, including the depositions of the parties and of third parties.

Magistrate Judge Fox acknowledged in his Order that it was *plaintiff* who had prior undisclosed knowledge that its documents were destroyed, and the Defendants should not therefore be penalized by the late raising of this issue and the late production of documents that resulted:

- "the *plaintiff* knew, but failed to inform the defendants before April 13, 2012, and the Court before June 26, 2012, that

–4–

> – "almost all of the records of At Home Corporation . . . were destroyed sometime in 2007." (Dkt. 100 at 2).
>
> – "The *plaintiff* failed to explain why: (a) he waited until April 13 and June 26, 2012 to inform the defendants, and the Court, respectively, about the unavailability of plaintiff's documents; and (b) knowing that the plaintiff's documents 'were destroyed sometime in 2007,' and being aware of the November 3, 2011 Pre-Trial Scheduling Order setting the August 3, 2012 fact discovery deadline, the plaintiff did not undertake efforts to obtain any relevant documents from Weil Gotshal timely." (*Id.* at 2-3).

It is Plaintiff who was not forthcoming with respect to these issues, and likewise the Plaintiff who waited until the end of the discovery period to finally make the effort to gather whatever documents remained and produce those to Defendants. Defendants have diligently pursued discovery from the Plaintiff, and should not be precluded from fully and fairly conducting discovery on the merits of this case based on Plaintiff's last-minute attempt at reconstruction. An extension of the discovery deadline will permit the Defendants to complete discovery as to the merits, to the extent possible based on the reconstructed document collection.[3]

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reverse Magistrate Judge Fox's Order (Dkt. 100), and extend the fact discovery deadline to November 6, 2012, at least for the Defendants.

Defendants further request that the Court grant any further and other relief as the Court deems just and proper.

---

[3] Notably, no other case deadlines will be affected by such an extension.

–6–

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  July 13, 2012 | BAKER BOTTS L.L.P. |

By: /s/ Robert L. Maier
    Robert L. Maier
    30 Rockefeller Plaza
    New York, New York 10112
    Tele:  (212) 408-2538
    Fax:   (212) 259-2538
    robert.maier@bakerbotts.com

    Bryant C. Boren, Jr.,
    (Admitted *pro hac vice*)
    Kevin E. Cadwell
    (Admitted *pro hac vice*)
    **BAKER BOTTS L.L.P.**
    620 Hansen Way
    Palo Alto, California 94304
    Tele:  (650) 739-7501
    Fax:(650)739-7601
    kevin.cadwell@bakerbotts.com
    bryant.c.boren@bakerbotts.com

    Kurt M. Pankratz
    (Admitted *pro hac vice*)
    **BAKER BOTTS L.L.P.**
    2001 Ross Avenue
    Dallas, Texas 75201
    Tele:  (214) 953-6500
    Fax:   (214) 953-6503
    kurt.pankratz@bakerbotts.com

    *Attorneys for Defendants*
    *AT&T Inc., AT&T Operations, Inc. and*
    *AT&T Services, Inc.*