UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard A. Williamson, on Behalf of and as Trustee for At Home Bondholders' Liquidating Trust,<br><br>                              Plaintiff,<br><br>            v.<br><br>Verizon Communications, Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, Verizon New York, Inc., AT&T, Inc., AT&T Operations, Inc., and AT&T Services, Inc.,<br><br>                              Defendants. | N<small>O</small>. 11 C<small>IV</small>. 4948 (LTS) (HBP) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO AT&T, INC.'S MOTION TO DISMISS AND AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC.'S <u>MOTION TO SEVER AND TRANSFER</u>**

Plaintiff Richard A. Williamson, on Behalf of and as Trustee for At Home Bondholders' Liquidating Trust ("Plaintiff"), respectfully submits this supplemental brief in opposition to AT&T, Inc.'s motion to dismiss and AT&T Operations, Inc.'s ("AT&T Operations'") and AT&T Services, Inc.'s ("AT&T Services'") motion to sever and transfer Plaintiff's claims to Texas (AT&T, Inc., AT&T Operations and AT&T Services are collectively referred to herein as "AT&T"). The purpose of this supplemental brief is to apprise the Court of new information that recently came to light and that is relevant to both motions. Specifically, AT&T recently made statements to the Court in this case that undermine AT&T, Inc.'s position that AT&T Operations and AT&T Services are not mere departments of AT&T, Inc. and that it is more convenient to adjudicate Plaintiff's claims against AT&T Operations and AT&T Services in Texas than here in New York.

On August 30, 2012, Plaintiff and AT&T submitted a joint letter to Magistrate Judge Pitman (the "August 30 Letter") requesting an informal conference to resolve a dispute relating to the parties' draft stipulated protective order. A copy of the August 30 Letter is attached hereto as Exhibit A. In the letter, AT&T informed Judge Pitman that it seeks to preclude Mr. Williamson, as Trustee, from receiving AT&T's financial information (that has been provided to Plaintiff's counsel). In support of its request, AT&T asserted that, since Plaintiff brought litigations against another AT&T entity in the past, *i.e.*, AT&T Corp., a subsidiary of AT&T, Inc. that is not a defendant in the present case, there is a risk that Plaintiff will bring additional litigations against AT&T in the future (for infringement of other patents) so that permitting Mr. Williamson, as Trustee, access to AT&T's financial information in this case will allegedly harm AT&T. Specifically, AT&T made the following statements in the August 30 Letter:

> Williamson is a decision maker for a litigation enterprise, as he advises the Trust regarding its primary goal: monetizing the Trust

1

> assets, including its patents. ***AT&T entities have now three times been the target of Mr. Williamson***. While Plaintiff has characterized as "remote" the possibility that Mr. Williamson might target AT&T in other suits, that characterization is belied by Mr. Williamson's history of ***repeat litigation against AT&T entities***. The receipt of this highly sensitive information by Mr. Williamson may impact decisions he makes about future assertion of the patent portfolio controlled by the Trust, as he would then have learned—and could not unlearn—the details of AT&T's profits and revenues, thus aiding him in determining whether and when ***AT&T might again be a target***. Ex. A at 2-3 (internal footnotes omitted).
>
> Mr. Williamson is in effect making competitive decisions in his assessments of repeat litigation ***against AT&T entities***. *Id.* at 3-4.
>
> As a direct beneficiary of his own litigation efforts, Mr. Williamson's receipt of AT&T's highly sensitive financials can elevate the risk ***to AT&T that it will again be the subject of Mr. Williamson's litigation efforts, then for the fourth time***. *Id.* at 4.

The AT&T entity that was a defendant in the two prior litigations brought by the Plaintiff and to which AT&T refers in the August 30 Letter is ***AT&T Corp.***, which is presently a wholly-owned subsidiary of AT&T, Inc. -- just like defendants AT&T Operations and AT&T Services – and which is not a party to the present litigation. By (a) grouping AT&T Corp. together with defendants AT&T, Inc., AT&T Operations and AT&T Services and collectively calling them "AT&T entities," (b) arguing that prior litigations against AT&T Corp. are relevant to the present litigation and to any possible future litigations against other AT&T entities, and (c) arguing that the disclosure of financial information of the AT&T defendants in this case to Mr. Williamson, as Trustee, could be damaging to other AT&T entities, defendant AT&T, Inc. has demonstrated that AT&T, Inc. views all of the defendants in this action as well as AT&T Corp. as a united family of companies. AT&T's arguments in the August 30 Letter evince a complete disregard for the separate corporate existence of its subsidiaries and for its claim that its subsidiaries are truly separate companies. *See Volkswagenwerk Aktiengesellscaft v. Beech*

*Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984) (jurisdiction may be asserted over a foreign corporation where "the activities of the parent show a disregard for the separate corporate existence of the subsidiary."). These statements by AT&T lend further support to the fact that this Court has personal jurisdiction over AT&T, Inc.

In addition, AT&T's heavy reliance in the August 30 Letter on Plaintiff's prior litigations against AT&T Corp. belie its assertion that Plaintiff's claims in this case should be transferred out of New York because of convenience. This is because, in the prior litigation between Plaintiff and AT&T Corp. in the United States District Court for the Northern District of California, in which Plaintiff asserted claims against that entity for infringement of one of the same patents-in-suit in this case, AT&T Corp. sought to transfer the case ***to the Southern District of New York***, representing to the Court that it would be more convenient to litigate the suit here. *See* Ex. B. AT&T cannot, on the one hand, argue to this Court that Plaintiff's prior litigation against AT&T Corp. is relevant to its motion for a protective order but then, on the other hand, argue that the same litigation is not relevant to its motion to transfer. If the Southern District of New York was more convenient then, it is certainly a proper forum now.

Accordingly, for these reasons, along with the other reasons set forth in Plaintiff's prior opposition briefs, it is respectfully submitted that AT&T, Inc.'s motion to dismiss and AT&T Operations' and AT&T Services' motion to sever and transfer should be denied.

| | |
|---|---|
| Dated: August 31, 2012 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP |
| | /s/ Joshua L. Raskin |
| | Joshua L. Raskin (JR-4613) |
| | Paul Hyun (PH-9277) |
| | Eric Bitzegaio (EB-1024) |
| | 1285 Avenue of the Americas, 38th Floor |
| | New York, NY 10019 |
| | Joshua@blbglaw.com |
| | Eric@blbglaw.com |
| | Phone: (212) 554-1400 |
| | Fax: (212) 554-1444 |
| | |
| | BEIRNE, MAYNARD & PARSONS, LLP |
| | |
| | William C. Norvell, Jr. (admitted *pro hac vice*) |
| | Scott D. Marrs (admitted *pro hac vice*) |
| | 1300 Post Oak Blvd., Suite 2500 |
| | Houston, Texas  77056-3000 |
| | Phone: (713) 623-0887 |
| | Fax:  (713) 960-1527 |
| | |
| | *Attorneys for Plaintiff Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust* |