UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST<br><br>       Plaintiffs,<br><br>  v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>       Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Civil Action No. 1:11-cv-04948 (LTS)(HBP)<br><br>**AT&T DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO AT&T INC.'S MOTION TO DISMISS AND AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC'S MOTION TO <u>SEVER AND TRANSFER</u>** |

The AT&T Defendants[1] respectfully submit this response to Plaintiff's supplemental opposition to AT&T Inc.'s motion to dismiss and AT&T Operations, Inc. and AT&T Services, Inc.'s motion to sever and transfer. Dkt. 134.

## I.  INTRODUCTION

Plaintiff has filed what he calls a "supplemental brief" in opposition to the AT&T Defendants' motion to transfer on the pretext that the AT&T Defendants' opposition to disclosing information to Plaintiff rather than to his counsel establishes that AT&T Operations, Inc. and AT&T Services, Inc. are "mere departments" of AT&T Inc.  There is no provision for such a filing under the rules of this Court, and the so-called supplemental brief should be stricken.

On the merits, Plaintiff's supplemental brief offers nothing new.  Plaintiff continues to assert that AT&T Operations, Inc. and AT&T Services, Inc. are "mere departments" of AT&T Inc. without presenting any evidence that this case meets the well-established *Beech Aircraft* test.

## II.  ARGUMENT

### A.  Plaintiff's Supplemental Brief Should Be Stricken

As a threshold matter, Plaintiff's "supplemental" brief is not permitted by the local rules.  It should therefore be stricken.  The parties fully briefed both AT&T Inc.'s motion to dismiss and AT&T Operations, Inc. and AT&T Services, Inc's motion to sever and transfer between October 2011 and May 2012.  *See, e.g.,* Dkts. 44, 47, 61, 81.  Those motions have been fully briefed since May 2012 and are ripe for decision.

---

[1] This motion is filed on behalf of Defendants AT&T Operations, Inc. and AT&T Services, Inc. Defendant AT&T Inc. joins this motion only to the extent that it touches upon its pending motion to dismiss, and hereby reasserts its objection to the imposition of personal jurisdiction over it by this Court.

### B. Plaintiff Cannot Establish That Jurisdiction over AT&T Inc. Is Proper Under the Laws of New York

As fully discussed in AT&T Inc.'s briefing in support of its motion to dismiss, courts in the Second Circuit apply a four factor test to determine whether a subsidiary is a "mere department" of a parent: (1) common ownership, which is essential; (2) financial dependency of the subsidiary on the parent; (3) the degree to which the parent interferes in the selection and assignment of the subsidiary's personnel and fails to observe corporate formalities; and (4) the degree of control that the parent exercises over the subsidiary's marketing and operational policies. *Volkswagenwerk Aktiengesellscaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-22 (2d Cir. 1984).

AT&T Inc. does not dispute that AT&T Services, Inc., AT&T Operations, Inc., and AT&T Corp. are now wholly-owned subsidiaries of AT&T Inc. However, that fact alone is not nearly enough to establish jurisdiction over AT&T Inc.; the Court must also consider each of the remaining three factors, none of which supports jurisdiction. *See, e.g., Ginsberg v. Govt. Props. Trust, Inc.,* No. 07-365, 2007 WL 2981683, at *8 (S.D.N.Y. Oct. 10, 2007); *Philip Morris, Inc. v. Otamedia,* No. 02-7575, 2004 WL 1348987, at *3-4 (S.D.N.Y. Jun 14, 2004) (finding no jurisdiction when common ownership was present but no other factor was established).

Now seizing upon the dispute between the parties with regard to the proper scope of the protective order in this case, Plaintiff attempts to confuse the issue by characterizing *Plaintiff's own history of litigation against AT&T affiliates* as establishing jurisdiction over AT&T Inc. in this case. Plaintiff relies on AT&T's counsel's short hand reference in a joint letter to Magistrate Judge Pitman ("August 30 Letter") wherein AT&T Corp., AT&T Inc., AT&T Operations, Inc., and AT&T Services, Inc. are collectively referred to as "AT&T entities," as constituting evidence that they are "mere departments" of AT&T Inc. How Plaintiff makes that leap is not

-2-

clear. Defendants do not claim that they are unrelated. Rather, they rely on the well-established rule that such a relationship is insufficient to establish personal jurisdiction. Indeed, Plaintiff's attempt to argue otherwise is simply insufficient under the case law, which is replete with courts declining to find a "mere department" on these and similar facts. *See Bellomo v. Penn. Life Co.*, 488 F.Supp. 744, 745 (S.D.N.Y. 1980) (a parent does not subject itself to jurisdiction merely by portraying an affiliate as part of a unitary enterprise); *see also In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 411 (S.D.N.Y. 2002); *Indemnity Ins. Co. of N. Am. v. K-Line Am., Inc.*, No. 06-0615, 2007 WL 1732435, at *10 (S.D.N.Y. June 14, 2007).

There is nothing new here. Jurisdiction over AT&T Inc. is improper under the laws of New York.

### C. AT&T Corp.'s Statements Made in Connection with Earlier Litigation Brought by Plaintiff Are Irrelevant Here

Plaintiff's assertion that statements by a company not a party to this lawsuit—AT&T *Corp.*—in prior litigation weighs in favor of denying AT&T Operations, Inc. and AT&T Services, Inc.'s motion to transfer venue is meritless.

First, statements made by AT&T *Corp.* in the 2003 litigation are irrelevant to this litigation. Although AT&T Corp., AT&T Operations, Inc., and AT&T Services Inc. are subsidiaries of the same holding company, they are separate and distinct entities. Under the circumstances presented here, statements of one corporate entity are imputable to distinct entities in the same corporate constellation. *See In re Arbitration Between Keystone Shipping Co. and Texport Oil Co.*, 782 F. Supp. 28, 30–31 (S.D.N.Y. 1992); *Crown Cent. Petroleum v. Cosmopolitan Shipping Co.,* 602 F.2d 474, 476 (2d Cir. 1979) (stating that "a corporation ... is entitled to a presumption of separateness from a sister corporation even though both are owned and controlled by the same persons."). In the August 30 Letter to the Court, the AT&T

-3-

Defendants raised the 2003 litigation only to show that, as a serial litigant, there is a very real risk of Plaintiff leveraging AT&T's confidential financial information into yet another lawsuit against an AT&T entity.

Second, the factors that may have weighed in favor of transferring the 2003 litigation to the Southern District of New York are nonexistent in this litigation. That case involved entirely different parties, products, issues, witnesses and evidence. Most important, unlike AT&T Operations, Inc. and AT&T Services, Inc., AT&T Corp. *was organized under the laws of New York when sued by Plaintiff in 2003*. Witnesses involved in the development and deployment of the accused products in the 2003 litigation *were* located within the subpoena power of the courts of the Southern District of New York, and at the time of the filing in 2003, a related lawsuit *was* pending in this district. Moreover, it was *after* the resolution of the prior litigation that what was then AT&T Corp. became an affiliate of what is now AT&T Inc.[2]

Conversely, New York is in no way a convenient forum for the adjudication of this dispute between Plaintiff and the AT&T Defendants. As briefed more thoroughly in Defendant's Memoranda in Support of Their Motion to Sever and Transfer, Dkts. 48, 92, litigating this case in New York would impose a significant burden on the AT&T Defendants: AT&T's accused U-verse service is not even offered anywhere in New York State; and AT&T's major hubs—and the employees and documents most directly related to U-verse—are all centered in and around Dallas, Texas.

---

[2] Plaintiff is attempting to impute the statements of a *non-party* to this litigation to a party with which it had *no relationship* at the time the statements were made. The entity now known as AT&T Inc. is and always has been Texas-based SBC Communications Inc. And AT&T Corp. — the party to the first action — was not acquired by SBC Communications Inc. until November 2005, long after resolution of the prior litigation. SBC Communications Inc. changed its named to AT&T Inc. after SBC Communications Inc. acquired AT&T Corp. (and the rights to use the AT&T trademarks and trade names.)

## III. CONCLUSION

Accordingly, for these and the reasons more fully laid out in the AT&T Defendant's earlier briefing on these issues, AT&T Inc.'s motion to dismiss and AT&T Operations, Inc. and AT&T Services, Inc.'s motion to sever and transfer should be granted.

-5-

AT&T DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL
BRIEF IN OPPOSITION TO AT&T INC.'S MOTION TO DISMISS
AND AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC'S
MOTION TO SEVER AND TRANSFER                               Case No. 11-CV-4948

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  September 14, 2012 | BAKER BOTTS L.L.P. |
|  | By:  /s/ Robert L. Maier<br>Richard B. Harper<br>Robert L. Maier<br>**BAKER BOTTS L.L.P.**<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Tele:  (212) 408-2500<br>Fax:   (212) 259-2538<br>richard.harper@bakerbotts.com<br>robert.maier@bakerbotts.com<br><br>Bryant C. Boren, Jr.,<br>(Admitted *pro hac vice*)<br>Kevin E. Cadwell<br>(Admitted *pro hac vice*)<br>**BAKER BOTTS L.L.P.**<br>620 Hansen Way<br>Palo Alto, California 94304<br>Tele:  (650) 739-7501<br>Fax:(650)739-7601<br>kevin.cadwell@bakerbotts.com<br>bryant.c.boren@bakerbotts.com<br><br>Kurt M. Pankratz<br>(Admitted *pro hac vice*)<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>Tele:  (214) 953-6500<br>Fax:   (214) 953-6503<br>kurt.pankratz@bakerbotts.com<br><br>*Attorneys for Defendants*<br>*AT&T Inc., AT&T Operations, Inc. and*<br>*AT&T Services, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, a copy of the foregoing AT&T DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO AT&T INC.'S MOTION TO DISMISS AND AT&T OPERATIONS, INC.'S AND AT&T SERVICES, INC'S MOTION TO SEVER AND TRANSFER was filed with the Clerk of the Court of the United States District Court for the Southern District of New York and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Robert L. Maier
Robert L. Maier