**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,<br><br>   Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK INC., AT&T INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC.,<br><br>   Defendants. | CIVIL ACTION<br><br>ECF CASE<br><br>Civil Action No. 1:11-cv-04948 (LTS)(HP)<br><br>**AT&T DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS** |

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................................ 1

II.     FACTUAL BACKGROUND .......................................................................................... 2

III.    LEGAL STANDARD ..................................................................................................... 3

IV.     ARGUMENT ................................................................................................................... 4

        A.      Plaintiff Has Failed to Demonstrate Diligence in Seeking to Accuse U-verse's
                Local Ad Insertion of Infringement ................................................................... 4

        B.      Although No Prejudice Inquiry Is Justified, AT&T Would Be Prejudiced by
                Amendment of Plaintiff's Infringement Contentions with Respect to U-
                verse's Local Ad Insertion System .................................................................. 11

V.      CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

## CASES

*Acer, Inc. v. Tech. Prop. Ltd.*,
   No. 08-cv-00877, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010)........................ 4, 10, 12

*Apple, Inc. v. Samsung Elec. Co., Ltd.*,
   No. 11-cv-01846, 2012 WL 1067548 (N.D. Cal. Mar. 27, 2012)........................ 4, 10, 11

*Atmel Corp. v. Info. Storage Devices, Inc.*,
   No. 95-1987, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998) ................................................ 4

*CBS Interactive, Inc. v. Etilize, Inc.*,
   257 F.R.D. 195 (N.D. Cal. 2009)......................................................................................... 4

*Integrated Cir. Sys. Inc. v. Realtek Semiconductor Co., Ltd.*,
   308 F. Supp. 2d 1106 (N.D. Cal. 2004) ............................................................................ 4

*Jazz Pharms., Inc. v. Roxane Labs., Inc.*,
   No. 2:10-cv-6108, 2012 WL 3133943 (D.N.J. July 30, 2012) ...................................... 10

*Johnson v. Mammoth Recreations*,
   975 F.2d 604 (9th Cir. 1992).............................................................................................. 12

*MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*,
   No. 01-4925, 2004 WL 5363616 (N.D. Cal. Apr. 25, 2006) ........................................... 6

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
   417 F. Supp. 2d 1121 (N.D. Cal. 2006) .......................................................................... 10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ............................................................................... 3, 9, 11

*Renesas Tech. Corp. v. Nanya Tech. Corp.*,
   No. 03–05709, 2004 WL 2600466 (N.D. Cal. Nov. 10, 2004)...................................... 13

*Shared Memory Graphics LLC v. Apple, Inc.*,
   812 F. Supp. 2d 1022 (N.D. Cal. 2010) ......................................................................... 13

*Trans Video Elec. v. Sony Elec., Inc.*,
   278 F.R.D. 505 (N.D. Cal. 2011) ..................................................................................... 10

*Volumetrics Med. Imaging L.L.C. v. Toshiba Am. Med. Sys., Inc.*,
   No. 105-cv-955, 2011 WL 2359061 (M.D.N.C. Jun. 9, 2011) ...................................... 10

*West v. Jewelry Innovations, Inc.*,
   No. 07-cv-1812, 2008 WL 4532558 (N.D. Cal. Oct. 8, 2008) .................................. 4, 5, 6

**RULES**

**N.D. Cal. Patent L.R. 3-1** ................................................................................................ **13**

**N.D. Cal. Patent L.R. 3-6** ......................................................................... **1, 3, 6, 11, 12, 14**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants AT&T Operations, Inc. and AT&T Services, Inc. (collectively, "AT&T") respectfully submit this memorandum in opposition to Plaintiff's motion to amend his infringement contentions.

## I.   <u>INTRODUCTION</u>

AT&T opposes Plaintiff's motion to amend his infringement contentions to add accusations against local advertisement ("ad") insertion features of AT&T's U-verse service.  In this case, the Court has adopted the local patent rules of the Northern District of California (the "NDCal Patent Rules") to govern disclosure of infringement contentions.  Those rules allow amendment to infringement contentions only upon a timely showing of good cause, which Plaintiff has not established and cannot establish here.  In order to show good cause, Plaintiff would have to demonstrate to the Court that he was unable, despite diligence, to accuse the product or system he seeks to add to his contentions by amendment.  N.D. Cal. Patent L.R. 3-6.  But information sufficient to accuse the U-verse local ad insertion capabilities and equipment was publicly available well before Plaintiff served his infringement contentions.  Under those circumstances, the Court need look no further:  Leave to amend should be denied.

Because Plaintiff cannot show the diligence and good cause required for amendment, the Court need not consider the undue prejudice that AT&T would suffer should Plaintiff be permitted this late amendment.  But the prejudice to AT&T in the event of amendment would be profound.  Discovery is closed, and claim construction briefing is complete.  Should the Court grant Plaintiff's motion, both will need to be revisited, and AT&T (and potentially the Court)

will be saddled with new discovery and new claim construction issues.  The Court should deny

Plaintiff's motion to amend his infringement contentions with respect to local ad insertion.[1]


## II.   FACTUAL BACKGROUND

As early as January 2010 and through the spring and summer of 2011, media outlets

publicized and discussed local ad insertion features of U-verse.  *See, e.g.*, Exh. 1, David Goetzel,

*AT&T Sells Local Ads for U-verse*, MediaDailyNews (Jan. 6, 2010), *available at*

http://www.mediapost.com/publications/article/120098/; Exh. 2, Diego Vasquez, *All that's new*

*in local ad insertion*, Media Life Magazine (Apr. 1, 2011), *available at*

http://www.medialifemagazine.com/all-thats-new-in-local-ad-insertion/; Exh. 3, *U-verse TV*

*Deploys Big Band Ad Insertion*, Broadband Technology Report (hereinafter "BigBand") (Jul. 20,

2011), *available at* http://btreport.net/2011/07/u-verse-tv-deploys-bigband-ad-insertion/.  These

public disclosures detail the features and the specific equipment used for U-verse local ad

insertion.

In July 2011, after more than a year of these public disclosures about U-verse local ad

insertion, Plaintiff filed this suit broadly accusing "AT&T's U-verse product and/or service" of

infringement.  Dkt. 1, Complaint for Patent Infringement, at ¶ 75.  AT&T sells a range of

services under the umbrella of U-verse, including Internet, telephone, television, and video-on-

demand services, and thus Plaintiff's bare allegation did nothing to show what was actually

targeted.  On November 3, 2011, this Court ordered that the parties provide discovery, including

---

[1] AT&T objects only to those aspects of Plaintiff's proposed amendments that attempt to
introduce local ad insertion technology that was not previously accused.  AT&T does not object
to Plaintiff's supplementation of its existing infringement contentions with nonpublic
information it received after serving its contentions that relate to the systems properly accused in
Plaintiff's February 2012 infringement contentions.

infringement contentions, under the NDCal Patent Rules governing patent cases.  Dkt. 58, Pre-Trial Scheduling Order, at ¶ 12.  On February 1, 2012, in response to that order and pursuant to the NDCal Patent Rules, Plaintiff served infringement contentions on both Verizon and AT&T. The contentions directed to Verizon's FiOS service accused local ad insertion.  Exh. 4, Infringement Contentions, Appendix A, at 2.  The contentions directed to AT&T's U-verse did not mention local ad insertion at all.  Infringement Contentions, Appendix B.

In June 2012, Plaintiff served a Rule 30(b)(6) notice on AT&T that included a topic on "[t]he method and systems used to insert local advertisements into Video Content that is delivered over the U-verse network."  Exh. 5, 30(b)(6) Notice.  AT&T objected and then moved for protection on the ground that the topic called for irrelevant information on systems that Plaintiff had not accused of infringement.  The issue came before the Court in July 2012, and Magistrate Judge Pitman sustained AT&T's objection.  Dkt. 138, Order, at ¶ 3.  Magistrate Judge Pitman subsequently denied Plaintiff's request for reconsideration.  *Id*. at ¶ 4.

### III.    LEGAL STANDARD

The NDCal Patent Rules, which govern disclosure of contentions in this case, allow a party to amend its infringement contentions "only by order of the Court upon a timely showing of good cause."  N.D. Cal. Patent L.R. 3-6.  The rule identifies "examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause," which include "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id*.

"Good cause requires [first] a showing of diligence," and "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence."  *O2*

*Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366 (Fed. Cir. 2006) (applying N.D. Cal. patent local rules).  In considering a party's diligence, a court "must address whether the party was diligent in discovering the basis for the proposed amendment."  *West v. Jewelry Innovations, Inc.,* No. 07-cv-1812, 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008).  Only if the moving party shows diligence may a court consider the second inquiry, whether the non-moving party would suffer prejudice, of a good cause analysis.  *Apple, Inc. v. Samsung Elec. Co., Ltd.,* No. 11-cv-01846, 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012) (citing *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) and *Acer, Inc. v. Tech. Prop. Ltd.*, No. 08-cv-00877, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010)).

"'Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to . . . ensure that litigants put all their cards on the table up front.'"  *Integrated Cir. Sys. Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. 95-1987, 1998 WL 775115, at *2-3 (N.D. Cal. Nov. 5, 1998)).

## IV.   ARGUMENT

### A.   Plaintiff Has Failed to Demonstrate Diligence in Seeking to Accuse U-verse's Local Ad Insertion of Infringement

Plaintiff seeks to establish diligence by characterizing information on the U-verse local ad insertion system as "recently discovered non-public information."  Dkt. 142, Plaintiff's Memorandum in Support of Its Motion to Amend Its Preliminary Infringement Contentions (hereinafter "Memorandum"), at 4.  Plaintiff claims that his Infringement Contentions[2] "were as

---

[2] While Plaintiff repeatedly refers to its Infringement Contentions as "preliminary," including in the title of its Memorandum, the N.D. Cal. Local Patent Rules in effect here permit no such thing.  In fact, the Northern District of California modified its rules in 2008 to remove "preliminary" contentions to preclude the implication that the first contentions are merely preliminary, subject to revision later on.  *See* Edward Reines, *Northern District of California's*

detailed and thorough as possible in light of the information then available to Plaintiff." *Id.* at 1. But that is not the case. Information sufficient for Plaintiff to accuse that system had long been publicly disclosed and was easily available to Plaintiff—had he chosen to look for it.

The fact and architecture of U-verse's local ad insertion system was publicly available months before Plaintiff served his complaint and more than a year before Plaintiff served his February 2012 Infringement Contentions. *See* Goetzel. In fact, a simple Internet search for "local ad insertion U-verse" produces a number of industry and press descriptions—dated prior to February 2012—of U-verse's local ad insertion capability. Exh. 6, Google search results, last accessed Oct. 24, 2012 (including first seven pages of results). Moreover, Plaintiff could have learned about U-verse's local ad insertion systems simply by turning on a television and watching U-verse.[3]

Plaintiff's failure to identify this pre-existing information on the U-verse local ad insertion system—*i.e., his failure simply to Google "local ad insertion U-verse"*—manifestly demonstrates that he was not "diligent in discovering the basis for the proposed amendment." *See West v. Jewelry Innovations, Inc.*, No. 07-cv-1812, 2008 WL 4532558 at *2 (N.D. Cal. Oct. 8, 2008). Plaintiff has not demonstrated that he made any effort with regard to accusing this

---

*New Patent Rules*, Patently-O (Feb. 3, 2008), http://www.patentlyo.com/patent/2008/02/northern-distri.html (explaining "the new rules eliminate the concept of 'preliminary' contentions in favor of a single round of contentions which can be modified only for good cause").

[3] Magistrate Judge Pitman noted this fact during a July 27, 2012 conference. He stated that "someone could have just turned on a TV set that . . . subscribed to the AT&T Network" to learn about local ad insertion. Dkt. 123, Transcript of Proceedings Final Pretrial Conference 7/27/2012, at 30. He also stated and Plaintiff agreed that "the fact that AT&T was inserting local advertisements into the content it was broadcasting or delivering was effectively open and notorious to anybody who turned on a TV connected to the AT&T network." *Id.* at 34. Although U-verse is not available in New York, several of Plaintiff's lawyers are based in Texas, where the U-verse service is available.

system, much less a "diligent effort[], before the service of the Infringement Contentions." *See* N.D. Cal. Patent L.R. 3-6.

Plaintiff did, however, identify and rely on publicly-available information to accuse Verizon's local ad insertion system.  Infringement Contentions, Appendix A, at 2 (accusing Verizon's FiOS service of including "VHOs [that] customize content received from the Super Headend, e.g. insert local advertising on national channels").  He chose not to do the same with respect to U-verse.[4]  That fact fatally undermines Plaintiff's argument that his contentions for AT&T "were as detailed and thorough as possible in light of the information available to [him] at the time."  Memorandum, at 1.  The U-verse information was available to Plaintiff.  He either chose not to discover it, or, once discovered, chose not to rely on it.

Plaintiff does not say when he first became aware of the AT&T local ad insertion implementation at issue, and, indeed, it is extremely unlikely that he was completely unaware of it at the time he submitted his infringement contentions.  Instead, Plaintiff suggests that he could not have provided more detailed infringement contentions and accused local ad insertion without at least the benefit of thirty-two facts that Plaintiff claims are "confidential" and were "not previously available to Plaintiff."  Memorandum, at 2-4.  But that list, with the exception of one point about local ad insertion, includes points about the operation of U-verse systems and components that were so well-known to Plaintiff prior to the time he submitted his infringement contentions that he had included those systems and components in his accusations.  For example,

---

[4] Plaintiff does not argue mistake or inadvertence, and of course doing so would have availed him nothing.  *See West v. Jewelry Innovations, Inc.*, No. 07-cv-1812, 2008 WL 4532558 at *4 (N.D. Cal. Oct. 8, 2008) ("While [the] omission . . . may have been inadvertent, inadvertence is hardly the same as diligence.  As this District has explained, 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" (quoting *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. 01-4925, 2004 WL 5363616 at *5 (N.D. Cal. Apr. 25, 2006)).

many of the so-called "confidential" points that he claims were "not previously available" address video-on-demand operations, which Plaintiff had already accused in his original infringement contentions. *Compare* Memorandum, at 2 ("VoD content is received from content providers or content aggregators into the SHO"; "VoD content is copied to servers in the VHO that receive the content from the SHO") *with* Infringement Contentions, Appendix B, at 3 ("The VHOs receive Video-on-Demand ("VoD") content from the Super Headends"). Other points in this list simply state general network principles. Memorandum at 3 ("IP packets that pass through routers are necessarily stored for some period inside that router"; "Latency affects the quality of the picture and can be perceived by users").

Buried at the end of Plaintiff's thirty-two point laundry list is a single-line, fleeting mention of local ad insertion occurring at the VHOs. Plaintiff incorrectly characterizes this detail (along with all others on the laundry list) as "confidential," "not previously available to Plaintiff," and "recently discovered non-public information." This is not true. ***At the time of Plaintiff's infringement contentions, Plaintiff could have easily accessed public information on inserting local advertising at a VHO sufficient to accuse the technology***. A number of sources showing that U-verse utilized local ad insertion were available to Plaintiff. *See, e.g.*, Goetzel; Vasquez; Google search results. In addition, Plaintiff could have accessed publicly available information identifying the vendor—BigBand Networks—whose architectural components insert the local advertisements. *See*, *U-verse TV Deploys Big Band Ad Insertion*, Broadband Technology Report (Jul. 20, 2011), *available at* http://btreport.net/2011/07/u-verse-tv-deploys-bigband-ad-insertion/. At the time of Plaintiff's contentions it was generally understood that local ad insertion occurs within a VHO in an IPTV system. *See, e.g.*, Exh. 7, Cha et al., Case Study: Resilient Backbone Design for IPTV Services (Nov. 16, 2006)

(manuscript submission to IEEE Communications Magazine), *available at* http://www.research.att.com/export/sites/att_labs/techdocs/TD-6VRUW2.pdf ("Video streams transmitted from the SHOs are received at the *Video Hub Offices (VHOs)*, where the video streams may be further processed (e.g., advertisement insertion, local programming) and then transmitted out towards customers." (emphasis in original)).  Moreover, several years before Plaintiff's infringement contentions, AT&T's vendor, BigBand Networks, publicly disclosed that local ad insertion occurs at the regional headend in its video networking platform.  S*ee* Exh. 8, Fabrice Beer-Gabel, *Video Backbone Network Architecture* (June 2005), http://www.bigbandnetworks.com/index.php/tech_whitepaper_backbone.html (illustrating "content localization" occurring at the "VHO" and stating that "[t]he key roles of the RHE [i.e. VHO] are content localization" and "[a] video networking platform at the RHE splices commercials into live content"); *see also generally* Exh. 9, News Release, BigBand Networks, Inc., BigBand Announces AT&T Deployment of Local Advertising Solution (July 20, 2011), *available at* http://www.bigbandnetworks.com/index.php/news-releases/release_id/215.html (announcing AT&T's deployment of BigBand's local ad insertion product).  Just a short amount of internet research easily provides the information necessary to accuse U-verse of inserting local advertisements in the VHOs.

The use of the VHO in the local ad insertion process was well-known to U-verse users, as well.  The system architecture was widely discussed in user forums months before Plaintiff served his original infringement contentions.  *See* Exh. 10, AT&T Forums, *U-verse TV Features and How To: Commercials Overrunning Programs* (Jul. 13, 2011, 6:41 PM), http://forums.att.com/t5/Features-and-How-To/Commercials-Overrunning-Programs/td-p/2804457 ("Commercials are inserted into the programming at 3 different points . . . . AT&T

can insert commercials in the local VHO, these are local commercials provided by the local affiliate . . . .") (emphasis added); *see also*, Exh. 11, AT&T Forums, *U-verse TV Features and How To: Weather Channel needs to include "Local on the 8's"* (Nov. 27, 2011, 5:42 PM), http://forums.att.com/t5/Features-and-How-To/Weather-Channel-needs-to-include-quot-Local-on-the-8-s-quot/td-p/2976105 ("Local ads I've seen here are metro wide like on local TV, not local to my area like LOT8 would have to be.  They all come out of the Livonia, MI VHO for all of metro Detroit.").

Plaintiff seeks to excuse his failure diligently to obtain and use publicly available information that was readily available on U-verse local ad insertion technology by citing cumulative information he acquired in discovery.  None of the information in that list was necessary for Plaintiff to provide his infringement contentions.  Indeed, Plaintiff does not even attempt to argue that it was.  Rather, Plaintiff blithely states that the information in that list "further supports Plaintiff's infringement positions."  Memorandum, at 4.  This striking admission belies Plaintiff's implicit claim that he could not have supported that position without the later-acquired information.   Regardless of what is on Plaintiff's list of purportedly late-breaking, "confidential" information, the fact remains that ***information on U-verse local ad insertion technology sufficient to accuse the system was publicly and readily available***.

Based on his failure timely to include the U-verse local ad insertion functionality in his contentions, Plaintiff cannot meet the good cause standard.  The Court should reject Plaintiff's attempt to amend his contentions to add this new system not previously accused in accordance with the local patent rules and the substantial body of case law interpreting and enforcing those rules.  *See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006) ("'The [local patent] rules are designed to require parties to crystallize their

theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

Courts deny motions for leave to amend contentions where, as here, the movant does not demonstrate that he exercised diligence in accusing the product or service in question.  Once a party fails to make a showing of diligence, a further inquiry into prejudice is unnecessary and improper.  *See, e.g., Jazz Pharms., Inc. v. Roxane Labs., Inc.*, No. 2:10-cv-6108, 2012 WL 3133943, at \*7-8 (D.N.J. July 30, 2012) (denying motion for leave to amend contentions where there was not good cause for the amendment, and finding that movant "had an obligation to conduct a public search" and "a thorough review [ ] should have been conducted when [movant's contentions] were first due"); *Apple, Inc. v. Samsung Elec. Co., Ltd*., No. 11-cv-1846, 2012 WL 1067548, at \*2 (N.D. Cal. March 27, 2012) (finding that "Samsung cannot establish good cause to amend . . . because it has not established diligence in seeking to amend its invalidity contentions" and denying motion to amend contentions); *Volumetrics Med. Imaging L.L.C. v. Toshiba Am. Med. Sys., Inc.*, No. 105-cv-955, 2011 WL 2359061 (M.D.N.C. Jun. 9, 2011) (denying a motion to amend under the N.D. Cal. local patent rules when the moving party failed to seek to add infringement allegations on "the first date on which it could do so"); *Trans Video Elec. v. Sony Elec., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011) (denying a motion to amend infringement contentions to add a new claim when the moving party could have added the claim at the outset of the litigation); *Acer, Inc. v. Tech. Props. Ltd*, No. 5:08-cv-877, 2010 WL 3618687, at \*5 (N.D. Cal. Sept. 10, 2010) (stating that "[b]ecause TPL has not demonstrated diligence, the inquiry should end" and denying motion to amend infringement contentions).

**B.** **Although No Prejudice Inquiry Is Justified, AT&T Would Be Prejudiced by Amendment of Plaintiff's Infringement Contentions with Respect to U-verse's Local Ad Insertion System**

Because Plaintiff failed to demonstrate diligence in pursuing the publicly available information on local ad insertion, the inquiry into the existence of good cause must end. *See* N.D. Cal. Patent L.R. 3-6; *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006) (concluding that without a finding of diligence there is "no need to consider the question of prejudice"); *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 11-cv-01846, 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012) ("Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party." (citations omitted)).

But even if the Court were to determine that Plaintiff diligently pursued the publicly available local ad insertion information, the Court should nevertheless find a lack of good cause, because permitting the amendment would result in undue prejudice to AT&T. AT&T would be unduly prejudiced by this untimely addition of the local ad insertion system for a variety of reasons, including at least the following:

- *Fact discovery closed prior to Plaintiff's motion to amend.* AT&T, therefore, did not focus discovery efforts on information relating to U-verse's local ad insertion technology and will be forced to revisit these issues.

- *Prior art searching and invalidity contentions were due.* The NDCal Patent Rules in place in this case trigger Defendants' invalidity contentions after Plaintiff's infringement contentions are served. This makes sense, as the scope of what Plaintiff accuses can drive what may be considered prior art. AT&T conducted prior art searches and presented invalidity contentions based on the AT&T systems that were accused. To the extent that Plaintiff asserts that

additional technologies are sufficient to satisfy limitations of the patents-in-suit, AT&T will need to revisit prior art issues and potentially conduct new searches and supplement its invalidity contentions.

- **_Briefing on claim construction is complete._**   AT&T proposed terms and constructions based on the issues raised by the accused technologies.   The introduction of AT&T's local ad insertion technologies will raise issues that may warrant additional claim construction, such as for issues related to customization as claimed in the patents-in-suit.

Allowing Plaintiff to amend his infringement contentions at this late date—after fact discovery has closed and less than a month before the November 5, 2012 _Markman_ hearing— would cause significant undue prejudice to AT&T.   AT&T relied on Plaintiff's infringement contentions to develop its case, conduct discovery, and address claim construction issues. Permitting Plaintiff to add new accused systems would essentially require AT&T to restart many discovery efforts.   Where there is undue prejudice, as here, diligence alone is insufficient.   *See* N.D. Cal. L.R. 3-6 (providing for a finding of good cause "absent undue prejudice to the non-moving party"); *see also Acer, Inc. v. Tech. Props. Ltd.*, No. 08-cv-00877, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) for the proposition that although the initial focus of the inquiry should be a party's diligence, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion").

Oddly, to support his claim that AT&T will suffer no prejudice from an amendment to include local ad insertion, Plaintiff cites his November 4, 2011 document requests and an AT&T

interrogatory served on Plaintiff seeking the details of Plaintiff's positions on certain infringement issues.

Plaintiff's November 4, 2011 document requests predate his February 2012 infringement contentions.  In an apparent attempt to argue that these broad discovery requests mitigate prejudice, Plaintiff incorrectly states that "AT&T did not object on the ground that they exceed the scope of [Plaintiff's] infringement contentions . . . ."  Memorandum, at 6.  While a failure to make that objection would hardly show lack of prejudice to AT&T in adding local ad insertion now, AT&T did in fact object to the breadth of Plaintiff's requests.  AT&T made clear in its response to the request relating to local ad insertion that AT&T would only provide documents to the extent such documents concern accused products and services.  In any event, there is a more fundamental reason why AT&T did not specifically refer to Plaintiff's infringement contentions in its objections:  The infringement contentions did not yet exist.

Under the rules, Plaintiff had an obligation to identify in his infringement contentions as specifically as possible "each accused apparatus, product, device, [or] process . . . of each opposing party of which the party is aware."  N.D. Cal. Patent L.R. 3-1.  Further, "a plaintiff is required to include in its infringement contentions all facts known to it, including those discovered in its pre-filing inquiry."  *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. Dec. 30, 2010) (discussing patent local rule 3-1 (citing *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. 03–05709, 2004 WL 2600466 (N.D. Cal. Nov. 10, 2004))).  Plaintiff failed to accuse local ad insertion in his infringement contentions.  Thus, regardless of any document requests, AT&T proceeded to develop the case with respect to the products accused in Plaintiff's infringement contentions as dictated by the requirements of Patent Local Rule 3-1.

Plaintiff's attempt to minimize prejudice by pointing to AT&T's Interrogatory No. 6 is also flawed. AT&T's Interrogatory No. 6 seeks specific information regarding "*accused* products or services," and does not seek the details of Plaintiff's positions with respect to local ad insertion or any other systems not accused in this case. Plaintiff appears to argue that AT&T's interrogatory somehow opened the door for a new set of infringement contentions. That is nonsense. AT&T's request for the details of Plaintiff's positions on *existing* issues in the case does not support the untimely introduction of *new* infringement theories and does not negate the prejudice that will result to AT&T. The rule addressing amendments to the contentions makes clear that the duty to respond to and supplement discovery under Federal Rule of Civil Procedure 26 "does not excuse the need to obtain leave of court to amend contentions." *See* N.D. Cal. Patent L.R. 3-6.

## V.   CONCLUSION

Plaintiff either failed to look for the easily and widely available public information about U-verse local ad insertion technology or was aware of that technology and chose not to accuse it. Either way, Plaintiff cannot show the requisite good cause to amend his infringement contentions and introduce that technology to this case. Therefore, AT&T respectfully requests that this Court deny Plaintiff's motion to amend his Infringement Contentions with regard to local ad insertion.

Defendants further request that the Court grant any further and other relief as the Court deems just and proper.

Respectfully submitted,

DATED:  October 24, 2012                    BAKER BOTTS L.L.P.

By:    /s/ Robert L. Maier
       Robert L. Maier
       30 Rockefeller Plaza
       New York, New York 10112
       Tele:  (212) 408-2538
       Fax:   (212) 259-2538
       robert.maier@bakerbotts.com

       Bryant C. Boren, Jr.,
       (Admitted *pro hac vice*)
       Kevin E. Cadwell
       (Admitted *pro hac vice*)
       **BAKER BOTTS L.L.P.**
       620 Hansen Way
       Palo Alto, California 94304
       Tele:  (650) 739-7501
       Fax:(650)739-7601
       kevin.cadwell@bakerbotts.com
       bryant.c.boren@bakerbotts.com

       Kurt M. Pankratz
       (Admitted *pro hac vice*)
       **BAKER BOTTS L.L.P.**
       2001 Ross Avenue
       Dallas, Texas 75201
       Tele:  (214) 953-6500
       Fax:   (214) 953-6503
       kurt.pankratz@bakerbotts.com

       *Attorneys for Defendants*
       *AT&T Inc., AT&T Operations, Inc. and*
       *AT&T Services, Inc.*

15