UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

RICHARD A. WILLIAMSON, on behalf of
and as trustee for At Home Bondholders'
Liquidating Trust,

        Plaintiff,

-v-                                              No. 11 Civ. 4948 (LTS)(HBP)

VERIZON COMMUNICATIONS INC., et al.,

        Defendants.

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 07 2012

## MEMORANDUM ORDER

Plaintiff Richard A. Williamson ("Plaintiff" or "Williamson") brings this patent infringement action against Verizon Communications, Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, Verizon New York Inc. (collectively, the "Verizon Defendants"), AT&T Inc., AT&T Operations, Inc., and AT&T Services, Inc. (collectively, the AT&T Defendants) (together with the Verizon Defendants, "Defendants"). Before the Court is Defendants' motion to strike the declaration and preclude testimony of Plaintiff's proffered claim construction expert, Dr. William Cooper. The Court has reviewed carefully all of the parties' submissions and, for the following reasons, Defendants' motion is granted.

## DISCUSSION

District courts serve a "gatekeeping" role with respect to admitting expert opinion testimony, and the admission or exclusion of expert evidence is committed to the trial judge's

broad discretion. Arista Records LLC v. Lime Group LLC, No. 06 CV 5936(KMW), 2011 WL 1674796, at *11 (S.D.N.Y. May 2, 2011). Rule 702 of the Federal Rules of Evidence provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts.

Fed. R. Evid. 702. Accordingly, when determining whether to admit expert testimony, the court focuses on the following issues: "(1) whether the witness is qualified to be an expert; (2) whether the opinion is based upon reliable data and methodology; and (3) whether the expert's testimony on a particular issue will assist the trier of fact." Arista Records, 2011 WL 1674796, at *1. The party seeking to introduce the expert testimony must show, by a preponderance of the evidence, that all three requirements have been met. Id. Here, Defendants seek to preclude Dr. Cooper's testimony, on the grounds that Dr. Cooper is not qualified as an expert in the relevant field, and that Dr. Cooper's claim construction testimony is unreliable.

Rule 702 contemplates the use of expert testimony where technical or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue. The questions currently before the Court are ones of claim construction, turning on the interpretation of the language of the claims themselves and other intrinsic evidence; Plaintiff proffers Dr. Cooper's testimony as additional extrinsic evidence. Whether a purported expert witness is appropriately qualified is a "threshold question to be resolved prior to the other inquiries." Id., at *2. The Federal Circuit has held that, in patent infringement cases:

> Testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702. Indeed, where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art.

Sundance, Inc. v. DeMonte Fabricating Ltd., 550 F.3d 1356, 1363 (Fed. Cir. 2008). In this case, the patents-in-suit describe the invention as "a scalable, hierarchical, distributed network architecture and processes for replicating, caching, and multicasting." (Decl. of Robert Maier in Support of Defendants' Motion to Preclude, Exh. 1, '571 Patent at 1:10-13.) The relevant technical fields are thus network architecture and processes for performing the referenced functions. Defendants argue that Dr. Cooper has no relevant academic training, and no equivalent practical experience that would qualify him as an expert in these fields.

Dr. Cooper holds no technical degree, has never completed coursework in any technical field, and has never actually designed computer networks. Although Dr. Cooper represents that he is currently a consultant on the design of computer network architectures, he was unable, at his deposition, to describe basic networking principles. (Decl. of Robert Maier in Support of Defendants' Motion to Preclude, Exh. 4, Cooper Deposition (hereinafter "Cooper Dep.") at pp. 42 – 45.)[1] Dr. Cooper was also unable to explain the components of a network, and struggled to distinguish and describe switches and routers. (Cooper Dep. at pp. 83 – 84.)

The Court agrees that Plaintiff has failed to establish Dr. Cooper's qualification as a technical expert in network architecture or any of the relevant processes. While Plaintiff has proffered evidence of Dr. Cooper's extensive experience in communications, multimedia and broadcast journalism, Plaintiff has failed to show that Dr. Cooper has any experience in actually

---

[1] Dr. Cooper admitted that, while a technical expert in computer networking would likely not need a reference in order to describe the layers of a basic networking model, he probably would need such a reference. (Cooper Dep., 51: 8-15.)

designing or otherwise working with the technical aspects of computer networks. See, e.g., Arista Records, 2011 WL 1674796, at *5-6 (finding proffered expert unqualified to offer opinion about statistics when expert lacked degree in statistics, was unable to provide specifics about particular statistical methodologies, and could not answer basic questions about statistical principles at his deposition). Indeed, Dr. Cooper states that an individual "seeking to address this area of art at the time of the invention" would "typically be an engineer, systems architect or technical architect with some background in similar technologies, generally coming from a television, telephony, or information technology background," but then asserts that a person having ordinary skill in the art would "not necessarily" have at least a bachelor's degree and that such degree would "not necessarily [be] in a technical discipline." He also asserts that "the standards and protocols that relate to the Internet have generally been openly documented and would have been easily accessible to anyone with an interest and access to the Internet." (Decl. of Robert Maier in Support re: Motion to Strike, Exh. 2, Declaration and Expert Report of Dr. William Cooper (hereinafter "Cooper Report") ¶ 21, 22.) Dr. Cooper is not an engineer and, while he admittedly has extensive experience as a network *user* and multimedia systems manager, his candid admission that the literature he considers pertinent does not require a technical background for comprehension demonstrates that he does not possess technical or specialized knowledge sufficient to qualify him as a technical expert in the relevant fields for purposes of Rule 702.

In Flex-Rest, LLC v. Steelcase, Inc., 455 F.3d 1351, 1360 (Fed Cir. 2006), the Federal Circuit held that the district court correctly excluded proffered expert testimony, when one skilled in the art of the invention was a keyboard designer and the proposed testimony was from an expert in ergonomics, rather than keyboard design support systems. Similarly, in

Proveris Scientific Corp. v. Innovasystems, Inc., 536 F.3d 1256, 1268 (Fed Cir. 2008), the Federal Circuit held that the district court did not abuse its discretion in finding a proffered expert unqualified to testify about lab equipment used in the development of drug delivery devices when, though the witness was a mechanical engineer by training, his technical experience was limited to satellite design. Like the proffered experts in Flex-Rest and Proveris, Dr. Cooper, although possibly qualified as an expert in other fields, is not qualified as an expert in computer network architecture and, therefore, may not testify as an expert in this proceeding, where claims concerning such architecture and related processes are at issue. See, e.g., Extreme Networks, Inc. v. Enterasys Networks, Inc., 395 Fed. Appx 709, 715 (Fed. Cir. 2010) ("General experience in a related field may not suffice when experience and skill in specific product design are necessary to resolve patent issues"). Because the Court finds that Plaintiff has failed to sustain its burden of establishing that Dr. Cooper is qualified as an expert in the relevant technical fields, the Court need not address the reliability of his proffered testimony.

## CONCLUSION

For the foregoing reasons, Defendants' motion to preclude Dr. Cooper's declaration and testimony in connection with the claim construction proceeding is granted. This Memorandum Opinion and Order resolves docket entry no. 110.

Dated: New York, New York
November 7, 2012

LAURA TAYLOR SWAIN
United States District Judge