UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST, | Civil Action No. 1:11-cv-4948-LTS-HBP |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO AT&T'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS** |
| VERIZON COMMUNICATIONS, INC., VERIZON SERVICES CORP., VERIZON CORPORATE RESOURCES GROUP LLC, VERIZON DATA SERVICES LLC, VERIZON NEW YORK, INC., AT&T, INC., AT&T OPERATIONS, INC., AND AT&T SERVICES, INC., | |
| Defendants. | |

Plaintiff Richard A. Williamson, on behalf of and as trustee for At Home Bondholders' Liquidating Trust ("Plaintiff"), respectfully submits this Opposition to the Motion for Leave to file a Sur-Reply in opposition to Plaintiff's motion to amend its preliminary contentions concerning infringement of the Patents-in-Suit by AT&T Inc., AT&T Services, Inc., and AT&T Operations, Inc. (collectively, "AT&T").

## I. NO NEW ARGUMENTS

AT&T's Motion for Leave to File a Sur-Reply is premised on the incorrect allegation that Plaintiff has raised two new arguments in his Reply. AT&T argues that Plaintiff raised the following "new" arguments: 1) that no amount of due diligence would have discovered information sufficient to accuse AT&T's local ad insertion because it was not publicly available; and 2) that infringement contentions against Verizon put AT&T on notice of accusations against AT&T's local ad insertion technology. These are not new arguments, and AT&T is simply attempting to use its Sur-Reply to get the "last word" and improperly introduce additional evidence.

### A. Due Diligence

Plaintiff argued in its initial Motion that it expended "diligent efforts to obtain information about the accused U-verse product." *See* Plaintiff's Memorandum in Support of its Motion to Amend its Preliminary Infringement Contentions (the "Initial Motion") (Docket No. 142), Sect. II(B) at p. 4. Plaintiff further argued that it made its infringement contentions "…as detailed and thorough as possible in light of the information then available to Plaintiff…" *See* Initial Motion (Docket No. 142), Sect. II(A) at p. 1. When AT&T further challenged Plaintiff's diligence in AT&T's Opposition, Plaintiff further explained the extent of its diligent efforts in support of its initial argument, pointing out the fact that none of the examples of publicly available information cited by AT&T form a sufficient basis (in and of themselves) to accuse

AT&T's local ad insertion. This leads to the logical conclusion that if AT&T could not point to sufficient sources of publicly available information, that not only were Plaintiff's efforts diligent, but no amount of due diligence would have discovered sufficient information.

### B. Contentions Against Verizon

AT&T misconstrues Plaintiff's argument. Plaintiff does not contend that notice to Verizon is notice to AT&T. Instead, Plaintiff points to numerous examples of why AT&T cannot be *surprised* by an infringement contention related to its local ad insertion, and can thus not be prejudiced. This is not a new argument. In its Initial Motion, Plaintiff pointed to several examples of notice to AT&T. *See* Initial Motion (Docket No. 142), Sect. II(B) at pp. 6-7. One example, in addition to Plaintiff's discovery requests and responses on the subject, is the fact that Plaintiff accused Verizon's local ad insertion and that AT&T and Verizon worked together to draft and serve *joint* claim construction briefing and invalidity contentions with the accusation of local ad insertion in mind. Thus, there can be no surprise and no prejudice to AT&T.

## II. CONCLUSION

For the foregoing reasons, AT&T's Motion for Leave to File a Sur-Reply should be denied, and AT&T's accompanying exhibits should not be considered by the Court in determining Plaintiff's Motion to Amend its Preliminary Infringement Contentions.

Dated: November 9, 2012                                BEIRNE, MAYNARD & PARSONS, LLP

/s/ Andrew B. McGill_____
William C. Norvell, Jr. (admitted *pro hac vice*)
Scott D. Marrs (admitted *pro hac vice*)
Andrew B. McGill (admitted *pro hac vice*)
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056-3000
Phone: (713) 623-0887
Fax:  (713) 960-1527

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Joshua L. Raskin
Paul Hyun
Eric Bitzegaio
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Joshua@blbglaw.com
Eric@blbglaw.com
Phone: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Plaintiff Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard A. Williamson, on Behalf of and as Trustee for At Home Bondholder's Liquidating Trust,<br><br>                Plaintiff,<br>v.<br>Verizon Communications, Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, Verizon New York, Inc., AT&T Inc., AT&T Operations, Inc., and AT&T Services, Inc.,<br>                Defendants. | No. 11 Civ. 4948 (LTS) (KNF)<br><br>**CERTIFICATE OF SERVICE** |

      I, Andrew B. McGill, hereby certify that on November 9, 2012, true and accurate copies of:

- Plaintiff's Opposition to AT&T's Motion for Leave to file a Sur-Reply in Opposition to Plaintiff's Motion to Amend its Preliminary Infringement Contentions,

were served upon Counsel for Defendants AT&T Inc., AT&T Operations, Inc., and AT&T Services, Inc., and upon Counsel for Defendants Verizon Communications, Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, and Verizon New York Inc. via the Court's ECF system.


                                                    /s/ Andrew B. McGill

                                                      Andrew B. McGill