UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RICHARD A. WILLIAMSON,

        Plaintiff,

-v-                                          No. 11 Civ. 4948 (LTS)(HBP)

VERIZON COMMUNICATIONS INC., et al.,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 14 2012

## ORDER

The <u>Markman</u> hearing previously scheduled for Monday, November 5, 2012, is adjourned to **Monday, December 10, 2012 at 9:30 a.m.** Each side (i.e. Plaintiff's counsel, on the one hand, and counsel for the AT&T and Verizon parties, on the other) will be allotted one hour and fifteen minutes in total for opening and closing statements and any tutorial. Each side will be allotted up to fifteen minutes of argument on each disputed term. In the course of their term-related arguments, the parties are invited to address the following alternative constructions, which seem to the Court warranted on the basis of the intrinsic evidence.

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Proposed Alternative Construction |
|---|---|---|---|
| **Provide a first level of caching [of the/for/of/of general] content** | Providing a first storage location for content located between the second storage location and the end-user system | Providing storage for content pulled from a regional server in response to a request by an end-user system | Providing a storage location for content associated with a sub-region or local area |
| **Provide a second level of caching [of the/for/of/of** | Providing a second storage location for content located | Providing storage for content pulled from a remote server in | Providing a storage location for content associated with the |

| general] content | between the high-speed backbone and the first storage location | response to a request by a caching server | regional server |
|---|---|---|---|
| **Multicasting** | The delivery of information from a single source to multiple destinations | Transmitting a single copy of data from a source to multiple destinations that requested the data | The delivery of content from a single source to multiple destinations, where only a single copy of the particular content passes over any network link |
| **Destination Address** | An identifier for an intended recipient to which data are to be delivered | Address identifying requesting end-user systems | Address identifying network location from which multicast content is delivered to end-users |
| **Content is replicated amongst the regional servers** | Content is copied to the regional servers | Content is copied from one regional server to another regional server | Content is copied onto multiple regional servers |
| **Group of [the] end[-] user systems** | Set of recipients intended to receive specified content | End-user systems that requested the content | End-user systems that requested or otherwise subscribed to the content |
| **Content** | Information, such as text, audio and video | Public network-accessible files | Information, such as text, audio and video, in the form of files or in other forms |

The Court will not require further live expert testimony.

The Court will approve a technology order permitting up to three attorneys for Plaintiff and up to two attorneys for each defendant group to bring in a laptop each, and the peripheral equipment specified in the proposed order previously submitted by Plaintiff's counsel. Good cause must be shown in writing for any request for approval of additional equipment. If

projectors, screens, or any other audiovisual equipment are required, the Courtroom Deputy must be notified of the need no later than November 30, 2012.

       SO ORDERED.

Dated: New York, New York
       November 13, 2012

                                      LAURA TAYLOR SWAIN
                                      United States District Judge