UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RICHARD A. WILLIAMSON, ON BEHALF
OF AND AS A TRUSTEE FOR AT HOME
BONDHOLDERS' LIQUIDATING TRUST,

         Plaintiff,

-v-                                 No. 11 Civ. 4948 (LTS)(HBP)

VERIZON COMMUNICATIONS INC., et al.,

         Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 2 2013

## MEMORANDUM ORDER

      Plaintiff Richard A. Williamson ("Plaintiff" or "Williamson") brings this patent infringement action against Verizon Communications, Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, Verizon New York Inc. (collectively, the "Verizon Defendants"), AT&T Inc., AT&T Operations, Inc., and AT&T Services, Inc. (collectively, the AT&T Defendants) (all together, "Defendants"). Now before the Court is AT&T Operations' and AT&T Services' Motion to Sever and Transfer the case against them to the Northern District of Texas. The Court has reviewed carefully all of the parties' submissions and, for the following reasons, the motion is granted in part and denied in part.

## DISCUSSION

      Federal Rule of Civil Procedure 20(a)(2) provides for the joinder of multiple defendants if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts in this District have held that, in patent infringement cases, "the fact that two parties may manufacture or sell similar products, and these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003).[1, 2] Here, the Verizon and AT&T Defendants offer distinct and competing products, and are alleged to have infringed the patents-in-suit based on their own respective actions. Plaintiff does not allege that the Verizon and AT&T Defendants are related to each other in any way, that they conspired or acted in concert to infringe the patents-in-suit, or that they are jointly or severally liable. Accordingly, Plaintiff's allegations that both sets of defendants have infringed the same patents are insufficient to support joinder under Rule 20(a), and the claims against the AT&T Defendants must be severed from those against the Verizon Defendants.

---

[1] The majority of district courts follow this principle. See, e.g., Body Science, LLC v. Boston Scientific Corporation, No. 11 C 03619, 2012 WL 718495, at *3 (N.D. Ill. Mar. 6, 2012) ("the prevailing view in this District, and indeed in the majority of district courts, is that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent"). Additionally, this principle was recently codified at 35 U.S.C. § 299(b), which, though enacted after this case was filed, reaffirms that "accused infringers may not be joined in one action as defendants . . . or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b) (West 2011).

[2] Plaintiff's reliance on Lodsys v. Brother Int'l Corp., No. 2:11-cv-90-JRG, 2012 U.S. Dist. LEXIS 31456 (E.D. Tex. Mar 8, 2012), is misplaced. The Eastern District of Texas's minority view as to joinder in patent infringement cases has never been the law in this District and, furthermore, has been criticized by the Federal Circuit. See In re EMC Corp., 677 F.3d 1351, 1357 (Fed. Cir. 2012) (noting that district courts outside the Eastern District of Texas have generally agreed that, in patent cases, "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder").

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." (West 2006 & Supp. 2012). A motion to transfer is committed to the discretion of the district court, which, in determining whether to transfer a case, should consider the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. Anadigics, Inc. v. Raytheon Co., 903 F. Supp. 615, 617 (S.D.N.Y. 1995).

The AT&T Defendants argue that the severed case against them should be transferred to the Northern District of Texas, where AT&T is headquartered, as several § 1404(a) factors weigh in favor of transfer, while the other factors are neutral. The AT&T Defendants have proffered that over 500 employees who work on the allegedly infringing U-verse product, including several key witnesses, are located in or near Dallas, Texas. Similarly, key physical and documentary evidence, as well as the AT&T Defendants' document custodians, are located near Dallas. Finally, the Northern District of Texas, where the U-verse product was designed, developed and produced, is the locus of operative facts. See, e.g., Lighting World v. Birchwood Lighting, 01 Civ. 4751, 2001 U.S. Dist. LEXIS 16981, at *11 (S.D.N.Y. Oct. 12, 2001). The Court has considered carefully all of the § 1404(a) factors and finds that, while the AT&T Defendants have demonstrated that a *trial* in the Northern District of Texas would be more convenient for parties and witnesses, they have not demonstrated that transfer to Texas is

appropriate at the current stage of litigation. The AT&T and Verizon Defendants' joint litigation of their claim construction issues to date has been more efficient than separate litigation, and consolidated summary judgment motion practice in this District would similarly better serve the interest of judicial economy. Thus, insofar as it seeks the immediate transfer of this case to the Northern District of Texas, the AT&T Defendants' motion is denied, without prejudice to renewal in connection with trial.

## CONCLUSION

For the foregoing reasons, the AT&T Defendants' motion is granted as to severance, and denied as to transfer. The Clerk of Court is requested to open a new case as to the AT&T Defendants. The two cases will be coordinated for pre-trial proceedings. This Memorandum Order resolves docket entry no. 47.

SO ORDERED.

Dated: New York, New York
       January 18, 2013

LAURA TAYLOR SWAIN
United States District Judge