UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RICHARD A. WILLIAMSON, on behalf of
and as trustee for At Home Bondholders'
Liquidating Trust,

   Plaintiff,         No.  11 Civ. 4948 (LTS)(HBP)

 -v-

VERIZON COMMUNICATIONS INC., et al.,

   Defendants.
----------------------------------------------------------x
RICHARD A. WILLIAMSON, on behalf of
and as trustee for At Home Bondholders'
Liquidating Trust,

   Plaintiff,

 -v-            No.  13 Civ. 0645 (LTS)(HBP)

AT&T OPERATIONS, INC., et al.,

   Defendants.
----------------------------------------------------------x

### MEMORANDUM ORDER

   Plaintiff Richard A. Williamson ("Plaintiff" or "Williamson"), on behalf of and as trustee for At Home Bondholders' Liquidating Trust ("BHLT"), brings this patent infringement action against Verizon Communications, Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Data Services LLC, Verizon New York Inc. (collectively, the "Verizon Defendants"), AT&T Operations, Inc., and AT&T Services, Inc. (collectively, the AT&T Defendants) (together with the Verizon Defendants, "Defendants")[1].  BHLT is the

---

[1]  On January 22, 2013, the Court granted the AT&T Defendants' severance motion, and a new case, 13 civ. 0645, was opened as to the AT&T Defendants.  This Memorandum Order applies to, and will be filed in, both cases.

beneficial owner of the former At Home Corporation's ("At Home") patents concerning Internet Protocol television.  Plaintiff alleges that Verizon's FiOS and AT&T's U-verse products and services infringe these patents.  Defendants have moved for spoliation sanctions against Plaintiff, arguing that Plaintiff permitted the destruction of nearly all of the documents relating to At Home.  On July 23, 2013, Magistrate Judge Henry B. Pitman issued a Report and Recommendation (the "Report"), recommending that Defendants' motion for sanctions be denied.[2]

In their objections to the Report, the AT&T Defendants argue that Judge Pitman incorrectly concluded that the destruction was conducted by a third party over which Plaintiff had no control, and that his analysis did not properly account for the fact that At Home *did* control the acts of Iron Mountain, its document storage vendor.  Neither the Verizon Defendants nor Plaintiff have filed objections to the Report.[3]

When reviewing a Report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 1993).  In order to accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Carlson v. Dep't of Justice, No. 10 Civ. 5149(PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted).  Where specific objections are made, the Court must make a de novo determination as to those aspects of the report. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997).  "When a party makes only conclusory or general

---

[2]   Familiarity with the Report and the parties' briefings is presumed.

[3]   Plaintiff filed a response to the AT&T Defendants' Objections on August 20, 2013. The Court has reviewed carefully all of the parties' relevant submissions.

objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error." Kozlow v. Horn, No. 09 Civ. 6597(LTS)(RLE), 2012 WL 2914338, at *1 (S.D.N.Y. July 17, 2012) (citing Camardo v. General Motors HourlyRate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings)).  Any objections must be both specific and clearly aimed at particular findings by the magistrate judge so that no party is allowed a "second bite at the apple" by simply relitigating a prior argument.  Camardo, 806 F.Supp. at 382 (citation omitted).

      While the AT&T Defendants' objections largely repeat arguments already made before Judge Pitman, the Court has, in an abundance of caution, reviewed the Report de novo and finds the objections unavailing.  The AT&T Defendants' principal argument is that Plaintiff entered into a contract with Iron Mountain (a document storage vendor), whereby Iron Mountain would store At Home's materials for three years and then automatically destroy them (the "Document Storage Agreement"), and that Plaintiff failed to subsequently contact Iron Mountain to ensure that the documents would be preserved.  As is clear from the record, however, this characterization of the Document Storage Agreement is incorrect.  Review of the Document Storage Agreement shows that the Agreement expressly provides for an initial storage term of three years with a provision for automatic renewal for successive one-year terms unless written notice of cancellation was provided.  (Harper Decl., Ex. 5 at AHT_0002089.)[4]  Furthermore, in a

---

[4]    The AT&T Defendants also argue that Plaintiff should have been aware that Iron Mountain would automatically destroy documents after three years because, when At Home and Iron Mountain entered into the Document Storage Agreement, At Home pre-paid estimated destruction costs.  Again, this contention is contradicted by the record, which shows that the pre-payment was required only because At Home was, at the time, the debtor in a bankruptcy proceeding, and Iron Mountain wanted to ensure its remuneration.  (Bagley Decl., Ex. E at 48:22-49:13.)

letter dated April 17, 2002 (the same day that the Document Storage Agreement was entered into), At Home authorized destruction of the documents only "as directed" and specifically requested that Iron Mountain confirm any such direction in writing with O'Melveny and Meyers prior to any destruction.[5]  (Harper Decl., Ex. 5 at AHT_0002083.)  After the documents were inadvertently destroyed, the Iron Mountain team responsible was reprimanded, and Iron Mountain revised its internal procedures.  (See Bagley Decl., Ex. H at 192:6-15; 193:6-13; see also Bagley Decl., Ex. J (letter from Mark Mizuhara of Iron Mountain acknowledging that At Home had "requested that Iron Mountain contact . . . O'Melveny & Meyers LLP prior to destruction" and that this request was not followed).)  Accordingly, the Court agrees with Judge Pitman that "[t]here is no basis for [spoliation sanctions] here because the documents were destroyed solely as a result of Iron Mountain's mistake for which [P]laintiff bears no responsibility."  (Report at 15.)

The Court finds no error in Judge Pitman's thorough and thoughtful Report and, therefore, adopts the Report in its entirety.  This Memorandum Order resolves docket entry no. 144 in 11 civ. 4948.

SO ORDERED.

Dated: New York, New York
       August 26, 2013

                                                            /S
                                              LAURA TAYLOR SWAIN
                                              United States District Judge

---

[5]   O'Melveny & Meyers served as bankruptcy counsel to At Home at the time.